**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.:** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE:** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CITY OF CLEVELAND,** | ) | |
| | ) | |
| **Defendant.** | ) | **COMPLAINT** |

## I.    INTRODUCTION

1. The United States of America, by its undersigned attorneys, brings this civil action against the City of Cleveland for declaratory and injunctive relief under the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141.

2. The United States brings this action to remedy a pattern or practice of conduct by law enforcement officers of the Cleveland Division of Police ("CDP"), an agent of the City of Cleveland, that deprives persons of rights, privileges, and immunities secured and protected by the Constitution and laws of the United States.

## II.    JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 2201.

4. The United States is authorized to initiate this action under the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141.  Under Section 14141, the United

States is authorized to bring suit against a state or local government for equitable and declaratory relief in order to remedy a pattern or practice of conduct by law enforcement officers that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

5. Declaratory and injunctive relief is sought as authorized by 42 U.S.C. § 14141(b).

6. Venue is proper in the Northern District of Ohio under 28 U.S.C. § 1391(b).  Defendant is located in the Northern District of Ohio, and a substantial part of the events or omissions giving rise to this claim occurred in Cleveland, within the Northern District of Ohio.

## III.  PARTIES

7. Plaintiff is the United States of America.

8. Defendant City of Cleveland is a municipal corporation located in Cuyahoga County, in the Northern District of Ohio.  Defendant is a local government within the meaning of Section 14141, controls and operates CDP, and is liable for the acts or omissions of CDP.

## IV.  FACTUAL ALLEGATIONS

### A.  Nature of the Action

9. As set out more fully below, for at least the last five years, CDP has been engaging in a pattern or practice of the use of excessive force and of unreasonable searches and seizures.

### B.  The United States' Investigation

10. Approximately a decade ago, the United States Department of Justice ("DOJ") investigated CDP for engaging in pattern or practice of unconstitutional and unlawful conduct.  That investigation identified deficiencies in CDP's practice of use of force

and accountability systems and resulted in a 2004 memorandum agreement in which CDP agreed to make changes to address the identified deficiencies.  The memorandum agreement was not enforced by a court, did not involve an independent monitor to assess CDP's changes, and CDP's efforts to implement changes did not result in sustained reform.  This lack of sustained reform left many of the same structural deficiencies in place and contributes to CDP's current unreasonable uses of force, unreasonable stops, searches, and seizures, and problematic accountability systems that persist today.

11. Because of these continued deficiencies, in March 2013, DOJ began another investigation of CDP.   That extensive investigation included a comprehensive assessment of officers' use of force, and CDP's policies, procedures, training, systems of accountability, and community engagement.  DOJ representatives and retained police experts conducted multi-day onsite tours of CDP's facilities and District command stations; observed police activity and participated in ride-alongs with officers and supervisors in every police District; interviewed Cleveland officials, CDP's command staff, members of CDP's specialized units, supervisors, and police officers; and held multiple town hall meetings and individual meetings with residents, community groups, members of religious communities, CDP's patrol officer and management unions, the City's Office of Professional Standards and Civilian Police Review Board, and other stakeholders.   DOJ representatives also interviewed individuals who had either witnessed or been subjected to force, or other stops, searches, and seizures by CDP officers.   The investigation further involved an extensive review and analysis of thousands of pages of CDP's documents by DOJ representatives and retained police

experts.  Included among these documents were incident reports, force reports, internal investigations, CDP policies, procedures, and training materials, and civilian complaints.

12. The investigation found that CDP, through its acts or omissions, engages in a pattern or practice of the use of excessive force.  DOJ also identified that CDP's stops, searches, and seizures often violate the Fourth Amendment.  DOJ found that Defendant's systemic deficiencies and acts or omissions caused this pattern or practice of unconstitutional and unlawful conduct.

13. On December 4, 2014, DOJ issued a summary of the findings of the investigation in a 58-page report ("Report"), which is attached hereto and incorporated herein by reference.

### C. Defendant's Pattern or Practice of Unreasonable Uses of Force, Stops, Searches, and Seizures

14. Plaintiff re-alleges and incorporates by reference all the allegations set forth above.

15. Defendant and its agents, including CDP, through their acts or omissions, engage in a pattern or practice of using unreasonable force against persons in Cleveland.  Many times these persons pose little or no threat of harm to the officers, themselves, or others.  This pattern or practice of unreasonable force includes the unnecessary and excessive use of deadly force, including shootings and head strikes with impact weapons; the unnecessary, excessive, or retaliatory use of less lethal force, including electronic control weapons, chemical spray, and fists; excessive force against persons who are mentally ill or in crisis, including in cases where the officers were called only for assistance; and the employment of poor and dangerous tactics that place officers in situations where avoidable force becomes inevitable and places officers and civilians at

unnecessary risk.  These uses of force are objectively unreasonable under the totality of the circumstances.

16. Defendant and its agents, including CDP, through their acts or omissions, also appear to engage in a pattern or practice of unlawfully stopping, searching and arresting persons in Cleveland.  These stops, searches, and seizures are objectively unreasonable under the totality of the circumstances.

17. The patterns or practices of unconstitutional conduct set out above are caused by pervasive deficiencies in Defendant's systems for directing, training, supervising, and holding accountable CDP officers.

18. As summarized in the Report, Defendant's systemic deficiencies include a failure to: adequately review and investigate officers' uses of force; fully and objectively investigate all allegations of misconduct; identify and respond to patterns of at-risk behavior; provide its officers with the support, training, supervision, and equipment needed to allow them to do their jobs safely and effectively; adopt and enforce appropriate policies; effectively deploy resources; and implement effective community policing strategies at all levels of CDP. These deficient systems demonstrate Defendant's deliberate indifference to the patterns or practices of unconstitutional and unlawful conduct committed by CDP officers and its other agents.

## V.  CAUSE OF ACTION: PATTERN OR PRACTICE OF VIOLATIONS OF THE FOURTH AMENDMENT AND SECTION 14141

19. Plaintiff re-alleges and incorporates by reference all the allegations set forth above.

20. The Fourth Amendment to the United States Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue,

but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

21. By the actions set forth above, Defendant and its agents, including CDP officers, use unreasonable force against individuals.

22. By the actions set forth above, Defendant and its agents, including CDP officers, engage in unreasonable stops, searches, and seizures of individuals.

23. By the actions set forth above, Defendant and its agents, including CDP officers, have engaged and continue to engage in a pattern or practice of conduct that deprives persons of rights, privileges, or immunities secured or protected by the Fourth Amendment to the Constitution and laws of the United States, in violation of 42 U.S.C. § 14141(a).

24. Unless restrained by this Court, Defendant will continue to engage in the unconstitutional and illegal conduct alleged herein, or other similar unconstitutional or illegal conduct, causing irreparable harm to the people of Cleveland.

**VI.**      **PRAYER FOR RELIEF**

25. WHEREFORE, the United States prays that the Court:

   a.   Declare that Defendant, its officers, agents, and employees have engaged in a pattern or practice of conduct that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, in violation of Section 14141;

   b.   Enjoin Defendant, its officers, agents, and employees from engaging in any of the predicate acts forming the basis of the pattern or practice of conduct;

   c.   Order Defendant, its officers, agents, and employees to adopt and implement policies and procedures to remedy the pattern or practice of unconstitutional and

unlawful conduct described herein, and to prevent Defendant, its officers, agents, and employees from depriving persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States; and

d.  Order such other appropriate relief as the interests of justice may require.


Respectfully submitted,


s/Steven M. Dettelbach_____
STEVEN M. DETTELBACH
United States Attorney
Northern District of Ohio



CAROLE S. RENDON (0070345)
First Assistant U.S. Attorney
Northern District of Ohio

MICHELLE HEYER (0065723)
HEATHER TONSING VOLOSIN (0069606)
Assistant U.S. Attorneys
Northern District of Ohio
400 United States Court House
801 West Superior Avenue
Cleveland, Ohio  44113-1852
Tel. (216) 622-3600
Email:  Carole.Rendon@usdoj.gov
Email:  Michelle.Heyer@usdoj.gov
Email:  Heather.Tonsing.Volosin@usdoj.gov

s/Vanita Gupta_____
VANITA GUPTA
Principal Deputy Assistant Attorney General
Civil Rights Division



JUDY C. PRESTON
Acting Chief
Special Litigation Section

EMILY A. GUNSTON (CA 218035)
Special Counsel
RASHIDA OGLETREE
T. JACK MORSE
Trial Attorneys
United States Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
Washington, DC 20530
Tel.  (202) 514-6255; Fax. (202) 514-4883
Email:  Emily.Gunston@usdoj.gov
Email:  Rashida.Ogletree@usdoj.gov
Email:  Jack.Morse@usdoj.gov