IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:15CV1046 |
| | ) | |
| Plaintiff, | ) | JUDGE OLIVER |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CLEVELAND, | ) | JOINT MOTION AND |
| | ) | MEMORANDUM FOR |
| Defendant. | ) | <u>ENTRY OF CONSENT DECREE</u> |

**I.      Introduction**

Plaintiff the United States of America and Defendant City of Cleveland ("City") (collectively "the Parties") have entered into a Settlement Agreement ("Agreement") and jointly move the Court to approve and enter the attached Agreement as an Order of the Court. The Agreement resolves litigation being initiated by the United States with the concurrent filing of a Complaint brought under the authority of 42 U.S.C. § 14141 ("Section 14141").

The Complaint filed by the United States alleges that the Cleveland Division of Police ("CDP") engages in a pattern or practice of using excessive force against individuals and engages in unlawful searches and seizures of individuals, both in violation of the Fourth Amendment.  The Parties agree that the allegations raise issues of concern that should be addressed.  In agreeing to address these important issues, the City is not agreeing with the allegations.  With this Agreement the Parties recognize that the City has committed to

implementing significant reforms that are intended to improve public confidence in law enforcement and to ensure that police services are delivered to the Cleveland community in a manner that complies with constitutional standards.

## II. Legal Standard

Public policy favors settlement because "litigation is avoided, costs of litigation are contained, and the legal system is relieved of the burden of resolving the dispute with the resulting effect of alleviating an already overcrowded docket." *Goodyear Tire & Rubber Co. v. National Union Ins. Co. of Pittsburgh*, No. 5:08CV1789, 2011 WL 5024823, at *3 (N.D. Ohio Sept. 19, 2011) aff'd sub nom *Goodyear Tire & Rubber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 694 F.3d 781 (6th Cir. 2012) (quoting *Triplett v. Rosen,* Nos. 92AP–816 & 92AP–817, 1992 WL 394867, at *18–19 (10th Dist. Dec. 29, 1992)).

When considering whether to approve and enter a settlement agreement, the court should assess whether the agreement is fair, adequate, reasonable, consistent with the public interest, and consistent with the purposes of any statute at issue. *United States v. Lexington-Fayette Urban Cnty. Gov't*, 591 F.3d 484, 489 (6th Cir. 2010) (citing *United States v. Cnty. of Muskegon,* 298 F.3d 569, 580-81 (6th Cir. 2002) and *United States v. Akzo Coatings of America, Inc.,* 949 F.2d 1409, 1426 (6th Cir. 1991)). Whether an agreement protects the public interest is a key consideration when determining whether a settlement agreement is fair, reasonable, and adequate. *See Akzo,* 949 F.2d at 1435 (citing *Acushnet River & New Bedford Harbor: Proceedings re Alleged PCB Pollution,* 712 F.Supp. 1019, 1028 (D. Mass.1989)). The United States and the City have entered into an Agreement that they believe is fair, adequate, reasonable, and consistent with the public interest.

### III. Discussion

  **A. The Settlement Agreement is consistent with Section 14141 and the public objectives of the law.**

  Section 14141 prohibits law enforcement officers from engaging in a pattern or practice "that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States." Pursuant to the authority of the Statute, the Department of Justice conducted an investigation of the Cleveland Division of Police over a period of 21 months following the request of Cleveland Mayor Frank Jackson. The investigation was conducted with the cooperation of the City and CDP. The results of that investigation were shared by DOJ with the City and formed the basis for extensive negotiations that resulted in the Agreement that has been placed before this Court.

  Following its investigation, DOJ issued a report that concluded the Department had reasonable cause to believe that CDP and its officers had engaged in a pattern or practice of exercising excessive force in violation of the Constitution and laws of the United States. DOJ's investigative findings are contained in its December 4, 2014 Findings Letter, a copy of which is attached hereto for reference by the Court. While disputing the accuracy of the conclusions reached by DOJ in its Findings Letter, the City entered into negotiations with the Department to address the findings and concerns raised by the investigation. The fact that the City disputes the accuracy of these findings does not preclude entry of the Settlement Agreement as an order of the Court. *See, e.g., United States v. Armour & Co.,* 42 U.S. 673, 682 (1971) ("Because the defendant has, by the decree, waived his right to litigate the issues raised...the conditions upon which he has given that waiver must be respected...."); *Carson v. American Brands, Inc.,* 450 U.S. 79, 88 (1981) (The parties do not need to admit liability, because doing so "den[ies] the parties their right to compromise their dispute on mutually agreeable terms."); *Cotton v. Hinton,*

559 F.2d at 1326, 1330 ("It cannot be overemphasized that neither the trial court in approving the settlement nor this Court in reviewing that approval have the right or the duty to reach any ultimate conclusions on the issues of fact and law which underlie the merits of the dispute.").

The proposed Agreement before the Court is consistent with the public interest because it will better ensure that police services provided by CDP in Cleveland are delivered in a manner that is both constitutional and effective.  Through the proposed Agreement, the City commits to develop and implement new policies, training, and practices throughout CDP in the areas of community engagement, use of force, crisis intervention, search and seizure, accountability and supervision, transparency and oversight, officer assistance and support, and policies.

The Agreement is appropriate in resolving the issues raised between the City and DOJ because voluntary compliance through a negotiated resolution and entry of a consent decree is more likely to accomplish agreed upon goals than will orders imposed at the end of bitter and protracted litigation. See, *Akzo*, 949 F.2d 1409, 1436 (presumption in favor of voluntary settlement).  Indeed, the DOJ's investigation and the Parties' subsequent negotiations already have set in motion a process of reform measures within CDP.  Throughout this process, the City, CDP leadership, and many CDP police officers have expressed a desire to improve the performance of CDP in its effort to interact with and protect the safety of the community.  The proposed Agreement will assist both the City as a whole and CDP officers in achieving that goal.

The Agreement establishes the basis for undertaking reform efforts within CDP for the express purpose of better promoting effective community engagement, effective policy guidance, better training, and closer supervision.  The Agreement will provide for broader officer support systems and will establish improved mechanisms to help ensure that accountability and investigations of any misconduct are both fair and constructive.  Perhaps most important, the

Settlement Agreement seeks to address and substantively improve the relationship between CDP and the diverse communities being policed, ultimately thereby making the City of Cleveland a safer place to live and work.  Settling this dispute without protracted litigation thus allows the City, DOJ, and CDP officers to implement the shared goal of agreed upon reforms within CDP without unnecessary delay.

### B. The Settlement Agreement is fair, adequate and reasonable.

DOJ's investigation and the Parties' subsequent negotiations and outreach efforts provide evidence that the negotiated Agreement is fair, adequate, and reasonable. For the past six months, the City of Cleveland and the Department of Justice have worked together to ensure that a negotiated Agreement could be achieved that addresses areas of concern raised by DOJ's investigative findings.  The Agreement includes provisions that have been extensively discussed and agreed upon in an effort to create sustained and comprehensive reforms.

In drafting this Agreement, which takes into consideration and effectively reflects the thoughts and concerns of the community, the Parties solicited and received input from police officers, the various police unions, and community members and leaders, including representatives from the faith-based communities, mental health professionals, advocates for the homeless, representatives of the business and philanthropic communities, and civil rights organizations.  The City and DOJ jointly organized and participated in town hall meetings.  DOJ representatives attended community and organizational meetings that were convened following the investigation.  Cleveland's City Council solicited input from Cleveland residents by conducting "listening tours," which DOJ also attended.  DOJ and the City have accepted numerous comments and suggestions from many members of the community via a dedicated phone line, email address, and mail.  The Parties received and considered during the course of

5

their negotiations at least 30 written suggested plans from all segments of the community.

Guided by this input, the Parties negotiated in good faith and have reached agreement upon reforms to existing policies, practices, procedures, training, oversight, and accountability structures of CDP that sufficiently address the concerns of the United States as expressed in the allegations of the Complaint.  The proposed Agreement reflects broad input from many individuals representing a wide cross-section of Cleveland's diverse residential and business communities, and includes input from police officers and supervisors, along with advocates for the mentally ill and homeless.

Further, the nature and extent of the good faith negotiations that were undertaken in arriving at this Settlement Agreement provide the Court with additional assurance that it is fair, adequate, and reasonable to remediate the violations alleged in the Complaint, despite the absence of ongoing litigation.  While courts must approve consent decrees, they do not "inquire into the precise legal rights of the respective parties." *United States v. City of Jackson, Miss.*, 519 F.2d 1147, 1151 (5th Cir. 1975); *Williams v. Vukovich*, 720 F.2d, 909, 920 (6th Cir. 1983) ("A court has no occasion to resolve the merits of the disputed issues or the factual underpinnings of the various legal theories advanced by the parties.").  Instead, in determining that the Settlement Agreement is fair, adequate and reasonable, the Court may rely on the judgment of experienced counsel for the parties.  *U.S. v. Lexington-Fayette Urban County Government*, 591 F.3d 484, 489 (6th Cir. 2010).

Counsel for the Parties to this Settlement Agreement are experienced litigators who, for many months, engaged in a process of compromise in which "in exchange for the savings of cost and elimination of risk, the parties each give up something they might have won had they proceeded with litigation." *Armour & Co.*, 402 U.S. at 681.  In reaching negotiated resolution,

6

both DOJ and the City took steps to guarantee that the concerns of all interested parties were considered in reaching this Agreement and the shared goal of ensuring constitutional policing by CDP.

Counsel for both Parties are intimately familiar with the practices of CDP and spent long hours negotiating the details of the Settlement Agreement. Both Parties consulted with subject matter experts and CDP leadership to ensure that each remedial measure in the Settlement Agreement is tailored to address effective and sustainable reforms that address the concerns raised by the Department of Justice's investigation and that can be reasonably implemented and measured. Thus, the adversarial posture, combined with the respective duties of these government agencies towards those they represent, and the good faith, extensive negotiations between seasoned litigators, provides further assurance that the Settlement Agreement is fair, adequate, and reasonable, and may be relied upon by the Court in so finding. *See Lexington-Fayette*, 591 F.3d at 489; *see also*, *Akzo Coatings*, 949 F.2d at 1436.

## IV. Conclusion

The City of Cleveland and the Department of Justice share the same interest in protecting the constitutional rights of members of the Cleveland community and have worked cooperatively over the course of six months to achieve this Settlement Agreement. The Settlement Agreement resolves between these parties all issues identified in the Department of Justice's investigation of the Cleveland Division of Police. Because the proposed Settlement Agreement is fair, adequate, and reasonable, and because it promotes the public interest and the purposes underlying Section 14141, the Parties jointly and respectfully move this Court to approve and enter the Settlement Agreement in its entirety as an Order of the Court.

Respectfully submitted,

For Plaintiff UNITED STATES OF AMERICA:

| | |
|---|---|
| STEVEN M. DETTELBACH<br>United States Attorney<br>Northern District of Ohio | VANITA GUPTA<br>Principal Deputy Assistant Attorney General<br>Civil Rights Division |
| s/Carole S. Rendon_____<br>By: CAROLE S. RENDON (0070345)<br>First Assistant U.S. Attorney<br>Northern District of Ohio<br>MICHELLE HEYER (0065723)<br>HEATHER TONSING VOLOSIN (0069606)<br>Assistant U.S. Attorneys<br>Northern District of Ohio<br>400 United States Court House<br>801 West Superior Avenue<br>Cleveland, Ohio 44113-1852<br>Tel. (216) 622-3600<br>Email: Carole.Rendon@usdoj.gov<br>Email: Michelle.Heyer@usdoj.gov<br>Email: Heather.Tonsing.Volosin@usdoj.gov | s/Judy C. Preston_____<br>By: JUDY C. PRESTON<br>Acting Chief<br>Special Litigation Section<br>EMILY A. GUNSTON (CA 218035)<br>Special Counsel<br>RASHIDA OGLETREE<br>T. JACK MORSE<br>Trial Attorneys<br>United States Department of Justice<br>Civil Rights Division<br>Special Litigation Section<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530<br>Tel. (202) 514-6255; Fax. (202) 514-4883<br>Email: Emily.Gunston@usdoj.gov<br>Email: Rashida.Ogletree@usdoj.gov<br>Email: Jack.Morse@usdoj.gov |

8

For Defendant CITY OF CLEVELAND:


BARBARA A. LANGHENRY (0038838)
Director of Law
City of Cleveland

s/Barbara A. Langhenry_____
By:  GARY S. SINGLETARY
Chief Counsel
JOSEPH F. SCOTT
Chief Assistant Director of Law
City of Cleveland
601 Lakeside Avenue, Room 106
Tel: (216)664-2800
Fax: (216)664-2663
Email: blanghenry@city.cleveland.oh.us
Email: gsingletary@city.cleveland.oh.us
Email: jscott@city.cleveland.oh.us