# EXHIBIT A




# GENERAL POLICE ORDER
# CLEVELAND DIVISION OF POLICE

| ORIGINAL EFFECTIVE DATE: | REVISED DATE:<br>2016-11-08 | NO. PAGES:<br>1 of 6 | NUMBER: |
|---|---|---|---|
| **SUBJECT:** | USE OF FORCE: GENERAL | | |
| **ASSOCIATED MANUAL:** | **RELATED ORDERS:** | | |
| **CHIEF OF POLICE:** | | | |

*This General Police Order has been revised in its entirety*

**PURPOSE:** To establish guidelines for officers of the Cleveland Division of Police relative to the use of force, and to provide direction and clarity, in those instances when a subject's actions require an appropriate use of force response.

**POLICY:** Consistent with the Division's mission, including the commitment to carry out its duties with a reverence for the sanctity of human life, it is the policy of the Division to use only that force which is necessary, proportional to the level of resistance, and objectively reasonable based on the totality of circumstances confronting an officer. Officers shall also take all reasonable measures to de-escalate an incident and reduce the likelihood or level of force. Any use of force that is not necessary, proportional, and objectively reasonable and does not reflect reasonable de-escalation efforts, when safe and feasible to do so, is prohibited and inconsistent with Divisional policy.

**PRINCIPLES:**

I. **General**

   A. The use of force is regulated by state and federal law and is not left to the unregulated discretion of the officer. Use of force decisions are dictated by the actions of the resistant or combative subject, the law, Division policy, proper tactics, and training.

   B. Officers will be held accountable to the Division's use of force policies on-duty and off-duty.

   C. These principles apply to all uses of force, not only the use of deadly force.

II. **Necessity**

   A. **ALL FORCE MUST BE NECESSARY TO ACHIEVE A LAWFUL OBJECTIVE**

   B. Officers shall use force only as necessary, meaning only when no reasonably effective alternative to the use of force appears to exist, and then only to the degree which is reasonable to effect the intended lawful objective.

C. Force has a lawful objective when it is used for any of the following:
1. To effect a lawful arrest or detention of a subject
2. To gain control of a combative subject
3. To prevent or terminate the commission of a crime
4. To intervene in a suicide or self-inflicted injury
5. To defend or protect an officer or an individual from the violent or resistant physical acts of another

### III. Proportionality

A. **ALL FORCE MUST BE PROPORTIONAL TO THE LEVEL OF THE SUBJECT'S RESISTANCE.**

B. To be proportional, the level of force applied must reflect the totality of the circumstances known to the officer at the time force was applied. Generally, only the amount of force required to control the subject shall be used by the officer.

### IV. Objective Reasonableness

A. **ALL FORCE MUST BE OBJECTIVELY REASONABLE**

B. Objectively Reasonable Force is a level of force that is appropriate when analyzed from the perspective of a reasonable officer on scene, rather than with 20/20 hindsight. Objective reasonableness takes into account, where appropriate, the fact that officers must make rapid decisions regarding the amount of force to use in tense, uncertain, and rapidly evolving situations. All uses of force are analyzed under the Fourth Amendment as guided by the United States Supreme Court. <u>Graham v. Connor</u> (490 U.S. 386 (1989)).

C. Officers shall assess each incident and determine, based on law, policy, training, and experience, which level of force should be used to control the situation in the safest manner for all individuals involved. Reasonable and sound judgment will dictate the force option to be deployed.

D. The reasonableness inquiry with respect to force is an objective one, whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting and reasonably known to the officer at the time of the incident. These factors include, but are not limited to the following:
1. The severity of the crime(s) at issue
2. Whether the subject is actively resisting arrest or attempting to evade arrest by flight
3. Whether the subject poses an immediate threat to the safety of the officer(s) or others

E. Officers shall consider the following officer/subject factors and circumstances when choosing a force response, including for example, how the presence of one or more of these factors could impair a subject's ability to comply with officer commands or affect the nature or degree of the threat presented:
1. The influence of drugs and/or alcohol
2. Known or reasonably apparent mental illness, developmental disability, or crisis incident

    3.    Known or reasonably apparent physical disability or other medical or physical condition, including visual or hearing impairment
    4.    Limited English proficiency or other language barrier
    5.    The time available to an officer to make decisions
    6.    The availability of officers/resources to de-escalate the situation
    7.    The proximity or access to weapons by the subject
    8.    The differences between the officer's and the subject's:
        a. Age
        b. Gender
        c. Body size
        d. Skill level
        e. Relative strength
    9.    Injury or exhaustion
    10.   Officer's and subject's position (e.g., being on the ground)
    11.   The officer's distance from the subject(s)
    12.   The officer's special knowledge or training
    13.   Degree to which the subject is already restrained (handcuffed, physically controlled by others, or whose mobility has been otherwise severely compromised).

    F.    The unreasonable use of force shall subject officers to the disciplinary process, possible criminal prosecution, and/or possible civil liability.

## V. De-Escalation

    A.    **OFFICERS SHALL USE DE-ESCALATION TECHNIQUES WHEN IT IS SAFE AND FEASIBLE TO DO SO UNDER THE TOTALITY OF THE CIRCUMSTANCES.** (Refer to De-escalation GPO # TBD).

    B.    Officers shall continue to assess/evaluate whether the force response being deployed remains proportional to the changing nature of the threat or circumstances being encountered, while still achieving the lawful objective. Officers shall reduce the level of force applied as the nature of the threat diminishes.

## PROCEDURES:

## I. General Procedures

    A.    When feasible, officers shall attempt to identify themselves as police officers and make an attempt to advise subject(s) of their intent to detain, arrest, or search a subject before using force.

    B.    Where feasible, and to do so would not increase the danger to officers or others, officers shall issue a verbal warning to submit to their authority prior to the use of force.

    C.    Officers shall take all reasonable steps under the circumstances, before and during any use of force, to avoid unnecessary risk to bystanders, victims, hostages, and other involved civilians, as well as other officers and emergency personnel.

D. Officers shall consider their surroundings when un-holstering or before discharging their firearms and shall avoid unnecessary risk to bystanders, victims, and other officers.

E. Officers shall notify a supervisor to respond to the scene of any reportable use of force incident.

F. Officers shall promptly, accurately, and thoroughly document the reasons for and types of force used.

II. **Deadly Force: When Authorized** (Tennessee v. Garner, 471 U.S. 1 1985)

A. All of the provisions of this policy, including the Division's commitment to recognizing the sanctity of human life and requirements that officers use only the degree of force necessary under the circumstances governing force, also govern deadly force. (See "Principles")

B. Deadly force may be used only if a subject, through their own actions, poses an imminent threat of death or serious physical harm to an officer or another.

C. Deadly force may be used to prevent the escape of a fleeing suspect only when an officer would reasonably believe, under the circumstances, that it is necessary, and where feasible, some warning has been given, and there is probable cause to believe that:

1. The suspect is in the process of committing or has committed a violent felony involving the infliction or threatened infliction of serious physical harm or death and the suspect would pose a continuing imminent threat of serious physical harm, either to the officer or others; OR

2. The escape of the suspect would pose an imminent danger of death or serious physical harm to the officer or to another if the suspect is not apprehended without delay;

III. **Use of Force: When Prohibited**

A. Consistent with the principles of necessity, proportionality, objective reasonableness, and de-escalation, **Officers shall not:**

1. Use force to subdue a subject(s) who is not suspected of any criminal conduct, other than to protect an officer's or another person's safety.
2. Use retaliatory force (which includes, but is not limited to, force in excess of what is objectively reasonable to prevent an escape, force to punish individuals for fleeing or otherwise resisting arrest, force used to punish an individual for disrespecting officers, and other such circumstances).
3. Use force against subject(s) who only verbally confront officers and are not involved in criminal conduct.
4. Use force against subject(s) who are handcuffed or otherwise restrained, unless it is objectively reasonable and necessary under the circumstances to stop an assault, escape, or as necessary to fulfill other law enforcement objectives.

5. Un-holster and display or un-holster and point a firearm unless the circumstances surrounding the incident create an objectively reasonable belief that the situation may escalate to the point at which deadly force would be authorized.
6. Use force to overcome passive resistance, except where it is necessary, proportional, and objectively reasonable to achieve a legitimate law enforcement objective.
7. Use force against those who are exercising their First Amendment rights. Physically moving a subject is permitted when it is necessary and objectively reasonable for the safety of that individual or the public. It shall be done with sufficient personnel so as not to endanger the subject or the officers and will not be considered a reportable use of force unless it meets the criteria of a Level 1, Level 2, or Level 3 use of force.
8. Carry weapons that are not authorized or approved by the Division.
9. Use a firearm as an impact weapon.
10. Fire warning shots.
11. Use deadly force solely to protect property or solely to effectuate an arrest.
12. Use neck holds.
13. Discharge a firearm from or at a moving vehicle, unless use of deadly force is justified by something other than the threat from the moving vehicle. (Refer to GPO 3.2.02 Vehicle Pursuits)
14. Reach into, or place themselves in the path of a vehicle. Officers shall move out of the path of a moving vehicle. (Refer to GPO 3.2.02 Vehicle Pursuits)
15. Discharge a firearm at a threat that is not verified and visible.
16. Use head strikes with hard objects.

B. In rare and exceptional situations where, under the facts and circumstances confronting the officer, a reasonable officer would believe that (a) the use of deadly force would be objectively reasonable, necessary, and proportional according to this policy, and (b) the subject's actions constitute an immediate danger and grave threat to the officer or others, and (c) no other force options, techniques, tactics, or choices consistent with the Division's policy are available, it may be necessary for an officer to take extraordinary or unanticipated actions in order to overcome the threat.

In these rare and exceptional situations, officers must specifically articulate and justify with particularity the specific tactic(s) or action(s) employed and the reasons why their actions met each of the criteria (a), (b), and (c) set forth above. The officer's actions, including all actions preceding the use of deadly force, shall be subject to strict review.

IV. **Duty To Intervene**

A. Officers who are present at the scene of a police use of force are obligated to ensure that the use of force complies with the requirements of the law, Division rules, policy, and training.

B. Each officer at the scene of a use of force incident has a duty to intervene by taking all reasonable actions to stop any use of force that is perceived to be unauthorized by this policy.

C. Officers witnessing suspected unreasonable force shall factor into their response their ability to de-escalate the use of force. The officer's response may range from physical

intervention, to voice commands, to appropriate after-action notification. If reasonably able to do so, the officer shall:
1. Physically intervene to stop the objectively unreasonable force.
2. Take protective custody of the subject being subjected to the apparent unreasonable force.
3. Ensure that medical care is provided as needed.
4. Report the suspected unreasonable use of force to the next non-involved supervisor in their chain of command, document the same in their duty report, and complete a Form-1 detailing the use of force and surrounding circumstances as soon as safe and practical, before the end of the tour of duty.

**V. Duty to Provide Medical Attention**

A. Immediately following any use of force and when the scene is secure, officers, and upon their arrival, supervisors, shall inspect and observe subject(s) for injury or complaints of pain resulting directly or indirectly from the use of force.

B. If needed, officers and supervisors shall immediately obtain any necessary medical care while providing emergency first aid until professional medical care providers arrive.

C. Officers shall immediately request Emergency Medical Services (EMS) to respond for the following Use of Force applications regardless of visible injury or complaint of injury:
   1. Discharges of a firearm that strike a subject
   2. Impact of subject's head against a hard, fixed object.
   3. Any use of force on subjects who are reasonably believed or known to be pregnant, children, elderly, physically or medically frail, or disabled.
   4. Refer to GPO TBD Use of Force-Intermediate Weapons for additional situations requiring a request for EMS.

D. Whenever EMS is requested, officers shall be sure the scene is tactically safe, or, when tactically unsafe for EMS response, as soon as practical, but without unnecessary delay, the subject shall be transported to a safe location for treatment.

E. Officers shall closely monitor subjects who are taken into custody if the subject is injured, exhibits physical distress, complains of pain, or has been rendered unconscious.

**VI. Training**

A. Officers shall be trained and tested at least yearly on the law, Division policy regarding the use of force, and appropriate methods to effect arrests.