UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:15-CV-01046 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | **JOINT MOTION TO MODIFY** |
| CITY OF CLEVELAND, | ) | **PARAGRAPH 178 OF THE** |
| | ) | **SETTLEMENT AGREEMENT** |
| Defendant. | ) | |
| | ) | |
| | ) | |

**JOINT MOTION TO MODIFY PARAGRAPH 178 OF THE SETTLEMENT AGREEMENT**

Pursuant to Paragraph 398 of the Settlement Agreement entered by the Court on June 12, 2015 ("Agreement"), Dkt. #7, the United States of America and the City of Cleveland (collectively, the "Parties") jointly and respectfully request that this Court approve modification of Paragraph 178 of the Agreement, which requires that the Superintendent of the Cleveland Division of Police's ("CDP" or the "Division") Internal Affairs Unit ("IAU") be neither a current nor a retired law enforcement officer.  The proposed modification would remove the prohibition on current or retired law enforcement officers serving as the IAU Superintendent.  This modification is necessary to permit the Division to hire a qualified civilian to oversee the Division's Internal Affairs Unit and to begin implementing the reforms to the Unit that are required by the Agreement.  The Monitoring Team has reviewed and agrees with this proposed modification.

**DISCUSSION**

In negotiating the Settlement Agreement, the Parties contemplated that modifications to the Agreement may become necessary to reflect experience implementing its terms. Paragraph 398 of the Agreement permits the Parties to jointly move to make such modifications, and provides that proposed modifications are encouraged when the Parties agree that a provision as drafted is not furthering the purpose of the Agreement or that a preferable alternative will achieve the same purpose. Pursuant to Paragraph 398, the Parties—in close consultation with the Monitoring Team—now jointly move the Court to modify Paragraph 178 of the Agreement because such modification is an acceptable alternative to achieving the purpose of ensuring that CDP's Internal Affairs Unit is overseen by a qualified civilian.

According to Paragraph 178 of the Agreement, the Superintendent of CDP's Internal Affairs Unit must be a qualified civilian who is not a current or retired law enforcement officer. The City of Cleveland has tried to hire a qualified civilian who meets these criteria for the Internal Affairs Unit Superintendent position since mid-2016. Between March of 2016 and May of 2017, the City advertised the position three separate times. After interviewing the most qualified candidates, the City and CDP decided that none of the candidates were suitable.

Since June 2016, the United States and the Monitoring Team have actively supported the City's efforts to find a qualified candidate. The City revised its job advertisement after consulting with the United States and the Monitoring Team. And in June 2017, the United States and the Monitoring Team agreed to permit the City to advertise the position for a fourth time— this time specifying that current or former law enforcement officers could apply—to determine if that would increase the applicant pool. Among the applications received in response to this posting, the City selected two finalists with law enforcement and prosecutorial experience. Of those, the City would like to offer the position to a candidate whose experience includes service

as a county prosecutor and an assistant U.S. attorney, the latter being the position from which the candidate retired.

Recognizing the significance of a possible modification to the Agreement, the City invited the co-chairs of its Community Police Commission ("CPC") to interview the finalists. In September 2017, CPC representatives conducted phone interviews of the two finalists. The CPC did not explicitly object to either candidate, but stated its belief that there are civilians qualified for the Internal Affairs Superintendent position. After 20 months of advertising the position four times and interviewing several candidates, however, the City has been unable to attract a qualified civilian who is not a current or retired law enforcement officer to the Internal Affairs Superintendent position. For that reason, the Parties are jointly moving to modify Paragraph 178 of the Agreement to permit the City to extend an offer to the preferred candidate so that it can move ahead with implementing the required reforms to CDP's Internal Affairs Unit.

The Parties have consulted with the Monitoring Team, which has expressed its belief that it is imperative to hire an Internal Affairs Superintendent to begin overseeing reform of the Internal Affairs Unit and that the City's efforts to date have yet to yield any suitable candidates who are not current or retired law enforcement officers.

## **PROPOSED CHANGE**

The Parties request that the Court approve modification of the Settlement Agreement to permit the hiring of a current or former law enforcement officer from outside of CDP. This modification is an acceptable alternative that will achieve the same purpose of Paragraph 178, which is to ensure that the City hires a qualified civilian who can begin overseeing its Internal Affairs Unit as it implements the reforms required by the Agreement.

Paragraph 178 of the Agreement provides that:

*Internal Affairs will be headed by a qualified civilian who is not a current or former employee of CDP, and who is not a current or retired law enforcement officer. The civilian head of Internal Affairs will report directly to the Chief of Police.*

The Parties propose the following modification:

*Internal Affairs will be headed by a qualified civilian who is not a current or former employee of CDP~~, and who is not a current or retired law enforcement officer~~. The civilian head of Internal Affairs will report directly to the Chief of Police.*

## **CONCLUSION**

For the foregoing reasons, the United States and the City of Cleveland respectfully request that the Court enter an order approving their proposed modification of Paragraph 178 of the Settlement Agreement, which will permit the City to hire a qualified civilian who is a current or retired law enforcement officer as Superintendent of CDP's Internal Affairs Unit.

Respectfully submitted,

/s/ Justin E. Herdman	BARBARA A. LANGHENRY (0038838)
JUSTIN E. HERDMAN (0080418)	Director of Law
United States Attorney	City of Cleveland
Northern District of Ohio

  /s/Barbara Langhenry
MICHELLE HEYER (0065723)	By: Gary S. Singletary (0037329)
HEATHER TONSING VOLOSIN (0069606)	Chief Counsel
Assistant U.S. Attorneys	Chief Assistant Director of Law
Northern District of Ohio	City of Cleveland
400 United States Court House	601 Lakeside Avenue, Room 106
801 West Superior Avenue	Cleveland, Ohio 44114
Cleveland, Ohio 44113-1852	Tel. (216) 664-2800
Tel. (216) 622-3600	Fax (216) 664-2663

Email: Michelle.Heyer@usdoj.gov	Email: blanghenry@city.cleveland.oh.us
Email: Heather.Tonsing.Volosin@usdoj.gov	Email: gsingletary@city.cleveland.oh.us

JOHN M. GORE
Acting Assistant Attorney General
Civil Rights Division

STEVEN H. ROSENBAUM
Chief, Special Litigation Section

  /s/ Rashida Ogletree
RASHIDA OGLETREE
Special Counsel, Special Litigation Section

T. JACK MORSE
NICOLE PORTER
SHARON BRETT
AMY SENIER
Trial Attorneys
United States Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NOW
Washington, DC 20530
Tel. (202) 305-3712
Fax. (202) 514-4883

Email: Rashida.Ogletree@usdoj.gov
Email: Jack.Morse@usdoj.gov

5

Email:  Nicole.Porter@usdoj.gov
Email: Sharon.Brett@usdoj.gov
Email: Amy.Senier@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 27, 2017, I served the foregoing document entitled

JOINT MOTION TO MODIFY PARAGRAPH 178 OF THE SETTLEMENT AGREEMENT

via the Court's ECF system to all counsel of record.

                                                              /s/ Amy Senier_____
                                                              Amy Senier