# EXHIBIT A



# CLEVELAND DIVISION OF POLICE
## GENERAL



| EFFECTIVE DATE: | CHAPTER: | | PAGE: | NUMBER: |
|---|---|---|---|---|
| | | 04-25-2019 | 1 of 10 | |
| SUBJECT: | | | | |
| | | SEARCH  AND SEIZURE | | |
| CHIEF: | | | | |

**PURPOSE:**    To establish Cleveland Division of Police guidelines so that all searches and seizures are conducted in accordance with the rights secured and protected by Constitution and federal and state law. The Division will conduct searches and seizures fairly and respectfully consistent with the Division's commitment to procedural justice, community and problem-oriented policing, and community values.

**POLICY:**    It is the policy of the Division to respect the fundamental privacy rights of all individuals. Officers shall conduct searches in strict accordance with the rights secured and protected by the Constitution and federal and state laws.  All seizures by the Division shall comply with relevant federal and state laws governing the seizure of persons and property.

Officers shall not use an individual's gender, race, ethnicity, national origin, age, or perceived sexual orientation as a factor, to any extent or degree, in establishing reasonable suspicion or probable cause, unless such information is part of an actual and credible description of a specific subject in an investigation that includes other identifying factors. Supervisors must review documentation of all searches and seizures to ensure that they were supported by reasonable suspicion and/or probable cause.

## DEFINITIONS:

**Area of Immediate Control**: The physical area within reaching distance which the person might gain possession of a weapon, destructible evidence, or contraband.

**Arrest:**  The taking of a person into custody by an officer based upon a warrant or probable cause.  To constitute an arrest, there must be an actual restraint of the person.  The restraint may be imposed by force or may result from the submission of the person arrested to the custody of the officer arresting him/her. An arrest is a restraint of greater scope or duration than an investigatory stop or detention.

**Consensual Encounter:**  A voluntary encounter between the police and an individual with the intent of engaging in a casual, and/or non-investigative conversation.  A reasonable person in the individual's position would feel free to leave and/or decline any of the officer's requests at any point.

**Curtilage:**  Any land or building immediately adjacent to a dwelling that is directly connected to it or in close proximity.

**Investigatory Stop (Terry Stop):**  A brief, minimally intrusive detention of an individual, including the occupants of a vehicle, during which a reasonable person in the individual's position would not feel free to leave, as defined in *Terry v. Ohio, 392 U.S. 1.*  To justify a stop, the officer must have reasonable suspicion that the stopped individual has, is, or is about to engage in criminal conduct.  The stop must be based on specific, objective, articulable facts that the officer knew before the stop.  Information learned during a stop can lead to additional reasonable suspicion or probable cause that a crime has occurred, but it cannot provide the justification for the original stop.

| PAGE:<br>2 of 10 | SUBJECT:<br>SEARCH AND SEIZURE | NUMBER: |
|---|---|---|

**Non-Custodial Interview:**  A voluntary and consensual investigatory interview that an officer conducts with an individual during which the individual is free to leave and/or decline any of the officer's requests at any point.

**Pat Down/Frisk:**  A limited search during an investigatory stop in which an officer conducts a pat down of the outer clothing of a person for weapons when the officer reasonably suspects that the particular person is armed and dangerous.  It is limited to what is necessary to detect weapons and must be based on reasonable articulable suspicion that the person is armed.   An officer may not manipulate objects that are discovered under the clothing to determine whether they are contraband.

**Plain Feel Doctrine:**  An officer may seize an object while conducting a limited search during a permitted pat down/frisk if its nature as contraband is immediately apparent by feel, and without manipulation of any objects.

**Probable Cause:**  The facts and circumstances known to the officer(s) that would lead a reasonable person to believe an individual has more likely than not committed or is committing a crime.

**Reasonable Suspicion:**  An objectively, justifiable suspicion that is based on specific and articulable facts or circumstances that justifies an officer stopping an individual that has committed, is committing, or is about to commit an offense.  Reasonable suspicion is more than a hunch but less than probable cause. A police officer stopping an individual must be able to point to specific facts or articulable circumstances even though the level of suspicion need not arise to probable cause.

**Search:**  A search is either a physical intrusion into a constitutionally protected area (a person, house, paper, or effect) for the purpose of gathering information or any conduct that violates a reasonable expectation of privacy by officer(s) or civilians acting as an agent of law enforcement.

**Search Incident to Arrest:**  A search of an arrested person, their personal effects, or their area of immediate control at time of search.

**Seizure:**  When an officer's words or actions would make a reasonable person believe that he or she is not free to leave or terminate the encounter.

**PROCEDURES**:

    **I.**    **General Requirements for Searches and Seizures**

        A.    Searches generally must be made pursuant to a warrant.

        B.    Exceptions when searches may be made without a warrant:

            1.    Open View and Plain View Searches

            2.    Consent Searches

            3.    Exigent Circumstances

| PAGE:<br>3 of 10 | SUBJECT:<br>SEARCH AND SEIZURE | NUMBER: |
|---|---|---|

      4.      Pat Down/Frisks During Investigatory Stops

      5.      Custodial Searches and Other Searches Incident to Arrest

      6.      Vehicle Inventory Searches

      7.      Open Fields

C.      Officers shall:

      1.      Treat searched and/or seized persons with courtesy, professionalism, respect, dignity, and equality.

      2.      Explain in an age appropriate manner to the person being searched and/or seized, the reason for the search/seizure and how the search/seizure will be conducted.

      3.      Carry out searches with due regard and respect for private property interests and in a manner that minimizes damage.  Property should be left in a condition as close as reasonably possible to its pre-search condition.

      4.      Use accurate and specific descriptive language to articulate the justification for any search or seizure in their reports.  Articulation of reasonable suspicion and/or probable cause shall be specific, clear, and based on information not influenced by bias or prejudice.

D.      Officers shall not:

      1.      Use or rely on information the officer knows or reasonably suspects to be materially false, incorrect, or unreliable in establishing reasonable suspicion for a search or seizure.

      2.      Compromise their safety, or the safety of other officers, in order to justify searches or seizures.

      3.      Detain non-occupants present at the location where a search warrant is executed for longer than reasonably necessary to secure the area or determine whether they are occupants of the premises being searched, unless the officer has reasonable suspicion that the non-occupant is involved in criminal activity or poses a danger to officer safety.

## II.    Open View and Plain View Searches

A.      Open View

      1.      The open view doctrine allows officers to see and possibly seize contraband.  To apply open view, the officer(s) must see the contraband or evidence from a vantage point available to the public.  To seize the contraband or evidence, it must be located in an area open to the public and not protected by the Constitution.

| PAGE:<br>4 of 10 | SUBJECT:<br>SEARCH AND SEIZURE | NUMBER: |
|---|---|---|

2.    Officers shall not enter a constitutionally protected place such as a vehicle, home, or habitation, and seize contraband that is visible to the public.  (e.g. If officers see a marijuana plant growing in the window of a residence, they cannot enter the home, but may use the information as probable cause to seek a search warrant.)

B.    Plain View

1.    The plain view doctrine allows the police to discover contraband or evidence only after making a lawful intrusion in a constitutionally protected area, such as vehicle, home, or habitation.   The evidence or contraband must be immediately recognizable as such and be in plain view.

The key to the plain view doctrine is being in the protected place with consent or otherwise lawfully present.  Once the discovery is made, officers may have the probable cause to secure a search warrant for a more thorough search.

## III.    Consent Searches

A.    Where an officer seeks consent for a search, the officer shall inform the person, in an age appropriate manner, of his or her right to refuse and to revoke consent at any time.

B.    A person's consent to search shall be documented using their Wearable Camera System (WCS). Officers electing to search by consent may also have the consenting person sign the Consent to Search form (Form #).

C.    Officers must ensure that an individual is consenting to the search voluntarily.  Officers shall consider the age, intelligence, education, and authority of the person providing consent.

D.    Officers shall not physically or mentally coerce, threaten or exploit an individual in order to gain consent for a search.

E.    Third party consents are valid under certain conditions:

1.    Consent is valid if the third person has common authority over the area to be searched.

2.    Consent to search is not allowed if one cohabitant (roommate) or business partner objects to the consent, even if the other person gives permission.  Consent must be given by both people, if present.

3.    Parents may consent to search a child's living area if the parents have routine access to the area.  (The child is not paying rent).

4.    Landlords cannot give consent to search if a lease or rental agreement is still valid.

| PAGE:<br>5 of 10 | SUBJECT:<br><div align="center">SEARCH AND SEIZURE</div> | NUMBER: |
|---|---|---|

## IV.  Exigent Circumstance Searches

A.  Officers may conduct an immediate, warrantless search or seizure under emergency conditions, if there is probable cause to believe that the delay in getting a warrant would result in the loss of evidence, escape of the subject, or physical harm to police or public.

B.  Exigent circumstances also exist if officers are responding to a call of violence and there is evidence a person's health, welfare, or safety is immediately threatened.

C.  In determining whether exigent circumstances exist, officers shall consider the following:

    1.  Is the offense serious or an offense of violence?

    2.  Is there a reasonable belief the subject was armed?

    3.  Is there probable cause to believe the subject committed a crime?

    4.  Is there probable cause to believe the subject was on the premises?

    5.  Did the police identify themselves and give the subject a chance to surrender prior to entry, if feasible?

    6.  Is there an ongoing investigation or decision to arrest prior to the subject fleeing into the premises?

D.  Officers shall not create exigent circumstances in order to justify a warrantless search or seizure.

## V.  Pat-Down/Frisks During Investigatory Stops

A.  Every investigatory stop does not automatically authorize a pat down/frisk.  Officers may only conduct a pat down/frisk of a detained person(s) if they reasonably suspect that the detained person(s) may be armed and dangerous. The purpose and scope of the pat down/frisk is to discover weapons.  It is not a generalized search of the entire person.

B.  During an investigatory stop, officers who develop articulable reasonable suspicion that an individual may be armed and dangerous may perform a "Terry" pat down of an individual in accordance with the United States Supreme Court's *Terry v. Ohio* ruling.

    1.  A "Terry" pat down consists of the officer touching or patting areas, limited to outer clothing, on the suspected person capable of concealing an accessible weapon (pockets, waistline, neckline, ankles).

    2.  Pat downs may not extend to the interior of the clothing, wallet, or shoes.

| PAGE:<br>6 of 10 | SUBJECT:<br>SEARCH AND SEIZURE | NUMBER: |
|---|---|---|

    3.    If during a lawful pat down an officer detects an object that is or might reasonably be an item that is contraband or other criminal evidence, then the object may be seized (Referred to as the "plain feel" doctrine).

        a.    Non-threatening items may only be removed during the frisk if it is immediately apparent the item is contraband or evidence of crime.

        b.    Threatening items such as weapons may always be removed during frisks.

C.    The decision to conduct a pat down/frisk must be based upon the totality of the circumstances and the reasonable conclusions that the person is armed and dangerous drawn from the officer's training and experience.

    1.    Officers may not frisk for weapons on a consensual encounter or noncustodial interview; this converts the encounter into a detention.

    2.    The fact that an investigatory stop occurs in a high crime area is not by itself sufficient to justify a pat down/frisk.

D.    In addition to the basis for the stop itself, officers must have reasonable suspicion that the detained person may be armed and dangerous.  This may include, but is not limited to:

    1.    Prior knowledge that the detained person has carried a weapon in the past.

    2.    Suspicious behavior, such as failure to comply with instructions to keep hands in sight.

    3.    Observations, such as weighted clothing, retention checks, and suspicious bulges, consistent with carrying a concealed weapon.

E.    When the objective of the frisk, determining whether or not the subject is armed, is completed, the search must end.

F.    It is a violation of the Fourth Amendment to conduct a pat down/frisk of a person solely because an officer is placing someone in the backseat of a zone car (*State of Ohio v Holder III*).  A pat down/frisk conducted for officer safety before placing a person in a zone car can be justified when the person is legally detained and there is a possibility of ambush, or when there is a dangerous condition that requires the placement of the person in the zone car for their safety.

**VI.    Custodial Search and Other Searches Incident to Arrest**

A.    Custodial Search of Arrestee

    1.    Incident to a lawful arrest, officers shall search an arrestee's person and the area within the arrestee's immediate control.

| PAGE:<br>7 of 10 | SUBJECT:<br>SEARCH AND SEIZURE | NUMBER: |
|---|---|---|

    a.    If the removal of a religiously significant garment is required, it shall be done respectfully and, if known and possible, in accordance with the person's religious beliefs.  Such objects shall be returned upon the conclusion of the encounter.

    b.    The search shall be conducted as soon as possible after the arrest and before transporting the arrestee(s).

  2.    Custodial searches shall be conducted respectfully and, when possible, be conducted by officers of the same gender/gender identity as the arrestee.

    a.    If an officer is uncertain regarding an arrestee's gender/gender identity, officers shall respectfully request the arrestee's gender/gender identity.

    b.    If an officer needs to conduct a custodial search, the officer shall request an officer of the same gender/gender identity as the arrestee to conduct the search. If an officer of the same gender/gender identity is not available, an officer of any gender shall witness the search,

        1.    The witnessing officer shall position themselves to capture the entire search on their Wearable Camera System.

    c.    An officer may conduct a custodial search of an individual, of any gender/ gender identity, if the delay in getting a second officer on scene may result in the loss of evidence, escape of the subject, or harm to officers or the public.

B.    Searches Incident to Arrest

  1.    Officers may, incident to arrest, search both an arrestee's person and the area within the arrestee's immediate control in order to recover weapons, evidence, or a means of escape.  Searches of various areas, environments, or items must comply with the following parameters:

    a.    **Vehicles** - After a person is arrested from a vehicle, officers do <u>not</u> have the authority to search the passenger compartment and locked or unlocked containers incident to arrest, unless one of the following apply:

        1.    Officers have consent to search;

        2.    Exigent circumstances exist;

        3.    Officers are performing an inventory search pursuant to impounding the vehicle; or

        4.    Officers obtain a search warrant.

| PAGE:<br>8 of 10 | SUBJECT:<br>SEARCH AND SEIZURE | NUMBER: |
|---|---|---|

b.   **Residence** - When a person is arrested in a residence, officers may only search the arrestee's area of immediate control where the arrest occurred, with the exception of a protective sweep.

c.   **Personal Items** - Officers may only search personal items such as wallets, backpacks, or other bags if the individual had them in his or her actual <u>and</u> exclusive possession either at or immediately preceding the time of his or her arrest.

d.   **Electronic Devices** - Absent some other exception, such as exigent circumstances, officers may not search digital information on a cell phone or other electronic devices without a search warrant.

C.   Protective Sweeps

1.   Incident to arrest, an officer(s) may look for other persons in spaces immediately adjacent to the place where the subject was arrested (closets and other areas where an attack against the officer(s) could originate) for officer safety purposes.

2.   Incident to arrest, if there is an articulable reasonable suspicion that the area to be swept harbors an individual posing a danger to those on the arrest scene; officers may conduct a limited protective sweep of the entire house subsequent to an in-house arrest.  Such a protective sweep is not a full search of the premises.  The sweep may extend only to a cursory inspection of those spaces where a person may be found.  The sweep shall last no longer than is necessary to dispel the reasonable suspicion of danger and, in any event, no longer than it takes to complete the arrest and depart premises.

**VII.   Vehicle Inventory Search**

A.   When a vehicle is towed, under state law or city ordinance, an inventory search of the vehicle shall be conducted to protect the individual's property, the officer(s), and others, as well as the Division from claims of lost or damaged property resulting from the seizure of the vehicle or items.

B.   Officers shall record vehicle inventory searches using their WCS, including a 360 degree walk around of the vehicle to be towed.

C.   Officers shall use the following criteria when an inventory search is conducted:

1.    When a vehicle is in lawful police custody.

2.   Inventory searches include the entire passenger compartment, glove box, trunk, and containers that can be searched without damaging the property, at or near the time the vehicle was lawfully placed within police custody.

| PAGE:<br>9 of 10 | SUBJECT:<br>SEARCH AND SEIZURE | NUMBER: |
|---|---|---|

      3.      Containers found during an inventory search of a vehicle can be opened if accomplished without damage to the container and the search is conducted in accordance with Division policy.

## VIII.   Open Fields

A.     Open fields surrounding a home are not constitutionally protected from a warrantless search and seizure because no reasonable expectation of privacy extends to these areas.

B.     The curtilage surrounding a home is constitutionally protected from a warrantless search and seizure.

C.     Officers shall consider the following factors when determining whether a specific location is within the curtilage of a residence:

      1.      The proximity of the location to the house;

      2.      Whether the same enclosure surrounding the house also encloses the location;

      3.      The uses of the location;

      4.      The steps that are taken to protect the location from observation by passerby.

## IX.   Documenting Reporting/Review of Searches and Seizures

A.     Officers shall articulate the justification for a search or seizure in a specific and clear manner articulating the reasonable suspicion and/or probable cause in specific, clear language based on information not influenced by bias or prejudice in their reports. Officers shall not use "canned" or conclusory language without supporting detail in reports documenting searches or seizures.

B.     Supervisors shall review all documentation of searches and seizures for completeness and adherence to law and division policy including, but not limited to:

      1.      Searches and seizures that were not supported by reasonable suspicion or probable cause.

      2.      Use "canned" or conclusory language without supporting detail in reports documenting searches or seizures.

C.     Within seven calendar days, supervisors shall document and report through their chain of command:

      1.      Searches and seizures unsupported by reasonable suspicion or probable cause;

      2.      Searches and seizures that are in violation of CPD policy; or

      3.      Searches and seizures that, while comporting with law and policy, indicate a need for corrective action or review of agency policy, strategy, tactics, or training.

| PAGE:<br>10 of 10 | SUBJECT:<br>SEARCH AND SEIZURE | NUMBER: |
| --- | --- | --- |

D.    Supervisors shall take appropriate action to address all apparent violations or deficiencies in arrests.  Appropriate action may include recommending non-disciplinary corrective action for the involved officer and documenting such action in the tracking software, or referring the incident for administrative or criminal investigation.

**X.    Training**

A.    The Division shall provide officers with annual in-service training on search and seizure that is adequate in quality, quantity, type, and scope.

