# EXHIBIT C



# CLEVELAND DIVISION OF POLICE
# GENERAL



| EFFECTIVE DATE: | CHAPTER: | | PAGE: | NUMBER: |
|---|---|---|---|---|
| | | 04-25-2019 | 1 of 5 | |
| SUBJECT: | | | | |
| | PROBABLE CAUSE/WARRANTLESS ARRESTS | | | |
| CHIEF: | | | | |
| | | | | |

Replaces GPO 2.3.04, Probable Cause: Establishing and Filing for Warrantless Arrests

**PURPOSE:**    To establish Cleveland Division of Police guidelines so that all arrests are conducted in accordance with the rights secured and protected by Constitution and federal and state law. The Division will conduct arrests fairly and respectfully as part of an effective overall crime prevention strategy consistent with community values.

**POLICY:**    It is the policy of the Division to respect the fundamental privacy rights of all individuals. Officers shall conduct arrests in strict accordance with the rights secured and protected by the Constitution and federal and state laws. All seizures by the Division shall likewise comply with relevant federal and state laws governing the seizure of persons and property. Officers shall not use an individual's gender, race, ethnicity, national origin, or perceived sexual orientation as a factor, to any extent or degree, in establishing probable cause, unless such information is part of an actual and credible description of a specific subject in an investigation that includes other identifying factors.

**DEFINITIONS:**

**Arrest:**  The taking of a person into custody by an officer based upon a warrant or probable cause. To constitute an arrest, there must be an actual restraint of the person. The restraint may be imposed by force or may result from the submission of the person arrested to the custody of the officer arresting him/her. An arrest is a restraint of greater scope or duration than an investigatory stop or detention.

**Probable Cause:**  The facts and circumstances known to the officer(s) that would lead a reasonable person to believe that an individual has more likely than not committed or is committing a crime.

**PROCEDURES:**

I.    **General Requirements for Probable Cause/Warrantless Arrests**

A.    Unless possessing a warrant, officers may not arrest a suspect unless the officer:

1.    Has probable cause that a subject has committed or is committing a felony offense;

2.    Has probable cause that the subject has committed or is committing certain misdemeanor offenses (e.g. and offense of violence, criminal child enticement, public indecency, domestic violence, violation of a protection order, menacing by stalking, aggravated trespass or theft); or

3.    Has probable cause from the officer's own observation that the subject has committed or is committing any other misdemeanor offense (other than a minor misdemeanor).

| PAGE:<br>2 of 5 | SUBJECT:<br>PROBABLE CAUSE/WARRANTLESS ARRESTS | NUMBER: |
|---|---|---|

B.  An officer may not conduct a warrantless arrest for a misdemeanor unless one of the following apply:

    1.  The subject requires medical care or is unable to provide for one's own safety;

    2.  The subject cannot or will not offer satisfactory evidence of one's own identity; or

    3.  The subject refuses to sign the citation.

C.  When taking a subject into custody, as early as practical under the circumstances, officers shall identify themselves, inform the subject that he/she is under arrest, and state the reason for the arrest.

D.  Prior to interrogating an individual, officers shall advise arrestees of their full Miranda rights.  (Refer to G.P.O. #TBD, Miranda Warning and Waiver)

## II.  Entering a  Residence/Habitation Without a Warrant to  Make a Warrantless Arrest

A.  Officers may enter a residence without a warrant to make a warrantless arrest when officer(s) reasonably believe the person is within the residence at the time of entrance and:

    1.  Consent to enter the residence is given by a person who shares access and control of the premises. The burden is on the officer to ascertain whether the person granting access has the right to give permission (*Cross-Reference to GPO X.XX Searches, § IV.E. Third Party Consents*); or

    2.  Exigent circumstances exist (e.g., hot pursuit, spontaneous violence, prevention of a crime, or imminent escape to avoid apprehension).

## III.  Officer's Responsibilities for Reporting Probable Cause/Warrantless Arrests

A.  Where no other substantive violation is alleged, officers shall immediately notify a supervisor when effectuating a custodial arrest for:

    1.  Obstructing official business;

    2.  Resisting arrest; or

    3.  Assaulting an officer, where no other substantive violation is alleged.

B.  Officers shall make an arrest report for all Non Uniform Traffic Ticket/Minor Misdemeanor Citation (UTT/MMC) arrests.

    1.  Arrest reports shall be completed before the end of the officer's tour of duty.

    2.  Officers shall not use "canned" or conclusory language without supporting detail in their arrest incident reports.

| PAGE:<br>3 of 5 | SUBJECT:<br>PROBABLE CAUSE/WARRANTLESS ARRESTS | NUMBER: |
| --- | --- | --- |

3.    Officers shall articulate the justification for an arrest in a specific and clear manner in all reports related to the arrest using individualized, descriptive language.

4.    Officers shall complete the appropriate Probable Cause Affidavit in accordance with Sections IV through VI.

**IV.   Completion and Forwarding of Probable Cause (PC) Affidavit Forms for all Non-UTT/MMC Warrantless Arrests**

A.    Arresting officers shall properly complete the Affidavit Establishing Probable Cause (PC Affidavit) form, checking only the "Warrantless Arrest" box on the form for all Non-UTT/MMC warrantless arrests.

B.    Officers shall complete the form before the end of the arresting officer's tour of duty.

C.    Officers shall complete the "Warrantless Arrest" PC Affidavit form in the following manner:

1.    Officers shall check the "Warrantless Arrest" box on the form.

2.    Only one officer's name may appear on the Officer/Detective/Complaint line.

3.    When completing the PC affidavit form, officers shall begin the narrative with the day, date, time, and location or approximate location (e.g., On Friday, April 12, 2018, at approximately 1020 hours at a residence located at 1234 Maple Street).

4.    Officers shall explain the established probable cause that led to the arrest in the narrative section.

D.    Officers shall ensure the form is presented to a supervisor or the Clerk of Courts for review and notarization. In the case of officers working secondary employment, the supervisor in the district of occurrence shall review and notarize the PC affidavit form unless a supervisor of a higher rank than the arresting officer is concurrently working that secondary employment.

E.    Officer shall then place the PC Affidavit Forms in a file basket designated solely for the original PC affidavit forms.

**V.   Completion and Forwarding of PC Affidavit Forms for all Felony, Combination Felony/Misdemeanor, Escalating Misdemeanor, and Misdemeanor arrests where the assigned detective is also handling the charging duties.**

A.    Officers shall file the original "Warrantless Arrest" PC affidavit form in a file basket designated solely for original PC affidavit forms.

B.    Detectives shall ensure the proper follow-up is completed in charging or releasing of arrested persons as applicable.

| PAGE:<br>4 of 5 | SUBJECT:<br>PROBABLE CAUSE/WARRANTLESS ARRESTS | NUMBER: |
|---|---|---|

C.    Detectives shall handle the charge/release of escalating misdemeanors generated by the Patrol Section regardless if the misdemeanor has been determined to not have escalated to a felony. This is necessary to ensure that persons are charged / released within the 36 hour requirement.

**VI.    PC Affidavit Forms for all Non UTT/MMC Misdemeanor Arrests where a detective is not handling the charging duties.**

A.    In addition to the "Warrantless Arrest" PC affidavit described in Section IV., officers arresting for Non UTT/MMC misdemeanors shall complete a second PC affidavit form checking only "Statement of Facts" box on the form. This second form is required by the Record Section supervisor to file charges on the misdemeanor arrest.

B.    Officers shall complete the form before the end of the arresting officer's tour of duty.

C.    Officers shall ensure that the form is presented to a supervisor or the Clerk of Courts for review and notarization. In the case of officers working secondary employment, the supervisor in the district of occurrence shall review and notarize the PC affidavit form unless a supervisor of a higher rank than the arresting officer is concurrently working that secondary employment.

D.    Officer shall then place both PC Affidavit Forms (one with only the Warrantless Arrest box checked and the other with only the Statement of Facts box checked) in a file basket designated solely for the original PC affidavit forms.

E.    Officers assigned to investigative units are not required to route the misdemeanor charging process through the Record Section, but rather may opt to handle the charging process as is normally handled in their investigative unit, as long as all the filing requirements are met.

**VII.    Supervisor's Responsibilities for Probable Cause/Warrantless Arrests**

A.    The supervisor shall respond to the scene whenever officers notify a supervisor that they are effectuating a custodial arrest for obstructing official business; resisting arrest; or assault on an officer, where no other substantive violation is alleged.

B.    Supervisors shall review all documentation of arrests for completeness and adherence to law and division policy.

C.    Supervisors shall review each report and PC affidavit forms by officers under their command, whether or not they involve the seizure of contraband, and sign off on those reports to memorialize their review within 24 hours of the arrest, absent exceptional circumstances. Supervisors shall review reports and forms for deficiencies, including but not limited to:

1.    Canned or conclusory language without supporting detail, inconsistent information, insufficient articulation of the basis for the action, or other information in the reports or forms that is not correct or complete;

| PAGE:<br>5 of 5 | SUBJECT:<br>PROBABLE CAUSE/WARRANTLESS ARRESTS | NUMBER: |
|---|---|---|

2.      Arrests following stops that were not supported by reasonable suspicion;

3.      Arrests that are not supported by probable cause, or are otherwise in violation of the law or CDP policy; and

4.      For every search or arrest involving the recovery of contraband evidence, whether the circumstances by which the evidence was recovered and/or probable cause for arrest was established are plausible and complete.

D.      Officers-in-Charge (OIC) shall ensure that all PC affidavit forms are hand delivered to the Record Section daily at 0230 hours, 0830 hours, and 1530 hours.

E.      Within seven calendar days, supervisors shall document and report through their chain of command:

1.      Arrests unsupported by probable cause;

2.      Arrests that are in violation of CPD policy; or

3.      Arrests that, while comporting with law and policy, indicate a need for corrective action or review of agency policy, strategy, tactics, or training.

F.      Supervisors shall take appropriate action to address all apparent violations or deficiencies in arrests.  Appropriate action may include recommending non-disciplinary corrective action for the involved officer and documenting such action in the tracking software, or referring the incident for administrative or criminal investigation.

## VIII.    Training

A.      The Division shall provide officers with annual in-service training on Search and Seizure/probable cause/warrantless arrests that is adequate in quality, quantity, type, and scope.