# EXHIBIT D

 

# CLEVELAND DIVISION OF POLICE
# GENERAL

| EFFECTIVE DATE: | CHAPTER: | PAGE: | NUMBER: |
|---|---|---|---|
| | 04-25-2019 | 1 OF 4 | |
| SUBJECT: | STRIP SEARCHES & BODY CAVITY SEARCHES | | |
| CHIEF: | | | |

**PURPOSE:** To establish Cleveland Division of Police guidelines so that all strip and body cavity searches are conducted in accordance with the rights secured and protected by Constitution and federal and state law. The Division will ensure strip and body cavity searches are conducted fairly and respectfully, consistent with the Division's commitment to procedural justice, and community and problem-oriented policing, and community values.

**POLICY:** It is the policy of the Division to respect the fundamental privacy rights of all individuals. Officers shall ensure strip and body cavity searches are conducted in strict accordance with the rights secured and protected by the Constitution and federal and state laws.

**DEFINITIONS:**

**Body Cavity Search:** An inspection of the anal or vaginal cavity of an arrestee that is conducted visually, manually, by means of an instrument, apparatus, or object, or in any manner while the individual is in Division custody.

**Juvenile:** An individual under the age of 18.

**Strip Search:** An inspection of the genitalia, buttocks, breasts, or undergarments of an arrestee that is preceded by the removal or rearrangement of some or all of the arrestee's clothing that directly covers the arrestee's genitalia, buttocks, breasts, or undergarments and that is conducted visually, manually, by means of an instrument, apparatus, or object.

**PROCEDURES:**

**I. General Requirements for Strip Searches and Body Cavity Searches**

    A. A strip search or body cavity search may be conducted if there is probable cause to believe that the person is concealing evidence of the commission of a criminal offense, including fruits or tools of a crime, contraband, or a deadly weapon that was not otherwise discovered through less-intrusive means.

    B. A strip search or body cavity search must be supported by articulable facts considering the nature of the offense, circumstances of the arrest, and if known, prior criminal/conviction record of the person or that the arrestee may possess weapons or contraband on or in their body.

    C. Prior to conducting the strip search or seeking a warrant for a body cavity search, the officer or sergeant shall explain to the individual the reason for the search and give the individual the opportunity to voluntarily produce the suspected item.

1. The individual shall be allowed to voluntarily produce the item only if the officer or supervisor believes that the item can be produced without compromising officer safety or risking destruction of evidence.

D. Strip searches and body cavity searches shall not be video recorded or photographed unless required for evidentiary reasons and specifically authorized in writing, in advance, by a CDP supervisor.

## II. Body Cavity Searches

A. A body cavity search shall be conducted only after a warrant has been issued that authorizes the search, unless there is legitimate medical reason or medical emergency justifying a warrantless search.

B. All body cavity search warrant requests must be pre-approved in writing by a Division of Police supervisor.

C. A body cavity search shall be conducted only by a physician, or registered nurse, or licensed practical nurse, which is registered or licensed to practice in the State of Ohio.

D. Officers shall make a reasonable effort to notify a parent/guardian if a body cavity search is conducted on a juvenile. Officers shall document such efforts in their dispositions and incident reports.

## III. Strip Searches

A. Strip searches shall only be conducted in a secure holding facility, with the exception being during exigent circumstances when an officer(s) have probable cause to believe that the subject is hiding a firearm or dangerous ordnance, when less intrusive means of discovering a weapon or contraband are not available.

1. A supervisor shall immediately respond to the holding facility or to the scene when an officer requests permission to conduct a strip search and if conducted, must be done under conditions that provide privacy.

B. The following requirements apply to all strip searches:

1. Strip searches shall not be conducted during a misdemeanor arrest.

2. All strip searches must be pre-approved in writing by a Division of Police supervisor and the supervisor shall be on-scene at all times during the search.

3. Strip searches shall be conducted in a professional manner by the officer and a witness to the search who are the same gender as the arrestee. The search shall be conducted in a manner that permits only the person(s) conducting the search to observe the search.

    a. If an officer is uncertain regarding an arrestee's gender/gender identity, officers shall respectfully request the arrestee's gender/gender identity.

  4. Officers shall use appropriate methods and personal protective equipment when conducting strip searches.

  5. Officers involved with strip searches shall take reasonable steps to minimize the potential embarrassment or discomfort to the party being searched and shall include the least number of personnel necessary.

  6. Officers conducting the search shall not touch the genital area, buttocks, or female breasts of the person being searched.

 C. Strip searches conducted on juveniles shall only occur in a juvenile detention facility with the exception being during exigent circumstances when an officer(s) have probable cause to believe that the juvenile is hiding a firearm or dangerous ordnance.

**IV. Reporting of Strip Searches/Body Cavity Searches**

 A. A Cleveland Division of Police Prisoner Search Report (Attachment A) shall be made upon completion of any strip or body cavity search. When medical personnel conduct a body cavity search, the officer who caused the search to be conducted shall complete the report.

 B. The Police Prisoner Search Report narrative shall contain the facts upon which the officer based probable cause, including factors such as the nature of the offense, the circumstances of the arrest and if known, any prior criminal/conviction record of the offender.

 C. If a body cavity search is conducted without a warrant, the officer shall list the emergency exigent reasons that make obtaining a warrant impractical.

 D. The original Prisoner Search Report shall be maintained in the unit files of the officer causing the search to be conducted.

 E. A copy shall be attached to the booking paperwork that accompanies the arrestee.

 F. Third copy shall be given to the arrestee.

**V. Supervisory Responsibilities for Strip Searches/Body Cavity Searches**

 A. Supervisory officers shall review all information pertaining to any request by a police officer to conduct a strip or body cavity search.

 B. After the responsible supervisor determines that a strip or body cavity search is warranted, the supervisor shall give "prior written authorization" to seek a search warrant or conduct the search. Sign his/her name along with the date and time in the space provided near the top of the Prisoner Search Report prior to the search being conducted. (Noted exception – Unless a medical emergency makes doing so impracticable.)

| PAGE: 4 of 4 | SUBJECT: STRIP SEARCHES & BODY CAVITY SEACHES | NUMBER: |
|---|---|---|

C. The endorsing supervisor shall sign his/her name in the space provided near the bottom of the Prisoner Search Report and include the date and time that the strip or body cavity search was completed. This endorsement shall serve as a confirmation that the strip or body cavity search was performed in the manner prescribed by law.



| PAGE: 4 of 4 | SUBJECT: STRIP SEARCHES & BODY CAVITY SEACHES | NUMBER: |
|---|---|---|