# EXHIBIT E




# CLEVELAND DIVISION OF POLICE
# GENERAL

| EFFECTIVE DATE: | CHAPTER: | | PAGE: | NUMBER: |
|---|---|---|---|---|
| | | 04-25-2019 | 1 OF 6 | |
| SUBJECT: | | MIRANDA WARNING AND WAIVER | | |
| CHIEF: | | | | |

**PURPOSE:** To establish Cleveland Division of Police guidelines so that all questioning of criminal subjects complies with the Constitution, federal, and state laws.

**POLICY:** It is the policy of the Division to respect the fundamental rights of all individuals. When a person is taken into custody, or otherwise deprived or his or her freedom of action in a significant way, and when he or she is to be questioned, the Division shall afford him or her the procedural safeguards required to protect his or her Fifth Amendment right against involuntary self-incrimination.

**DEFINITIONS:**

**Custody:** When an officer has arrested an individual or when a reasonable person in the individual's position would not feel free to leave based on a totality of the circumstances. Questioning incident to a routine traffic stop is not considered custodial.

**Interrogation:** Any direct questioning or any words or actions (other than those normally attendant to arrest and custody) that the officer knows or reasonably should know would elicit an incriminating response.

**Juvenile:** An individual under the age of 18.

**PROCEDURES:**

**I. The Miranda Warning General Requirements**

A. The Miranda Warning is required by *Miranda v. Arizona*, 384 U.S. 436 (1966), and applies only to sworn police officers who will be questioning or interrogating a subject who is in custody.

B. Officers shall provide the Miranda Warning when both of the following criteria are met:

1. A subject is in custody; AND

2. The officer is to question or interrogate the individual about any crime.

C. The officer shall provide the Miranda Warning before any related questioning begins.

D. Miranda Warnings are not required prior to any incriminating, spontaneous statement. If an individual makes a spontaneous statement, the officer shall provide the Miranda Warning before clarifying the statement or asking any questions related to the statement.

E. If there is any doubt about whether custody and/or interrogation is/are present, officers shall resolve the doubt in favor of giving the Miranda Warning.

F. In all cases of a custodial interrogation, regardless whether an arrest is made or not, an officer shall record the Miranda Warning advisement and any waiver, if provided, on their Wearable Camera System and document the Miranda Warning advisement and any waiver, if provided, in their incident report, if applicable.

II. **Advising of Rights**

A. When advising an individual of his or her Miranda rights, officers shall include the following:

1. "You have the right to remain silent."

2. "Anything you say can be used against you in court."

3. "You have the right to an attorney prior to and during any questioning."

4. "If you cannot afford an attorney, one will be appointed for you."

5. "You can decide at any time to exercise these rights and not answer any questions or make any statements."

B. The questioning officer shall ask the subject to verbally affirm that he or she understands the Miranda Warning (rather than by a nod of the head, or other physical gesture).

C. Officers shall stop questioning an individual when they have requested an attorney and may resume questioning once the attorney is present.

III. **Case-Specific Requirements**

A. Deaf and Hard of Hearing Individuals and Individuals with Limited English Proficiency (LEP)

1. In the case of an individual who is deaf or hard of hearing or of Limited English Proficiency, the Miranda Warning shall be administered via a qualified interpreter consistent with General Police Order 1.3.38, Limited English Proficiency (LEP).

2. For LEP individuals, where possible, the officer shall use a "Your Rights" form that has been translated into the subject's primary language.

B. Juveniles

1. When questioning a juvenile, officers shall consider the juvenile's age when determining whether the juvenile would not feel free to leave. A juvenile may be in custody for purposes of the Miranda rule when an adult in the same circumstances would not.

2. Officers shall explain the Miranda Warning in an age-appropriate manner, and each warning shall be read slowly and one at a time.

3. An example of the Miranda Warning given in an age appropriate manner is as follows:

    a. "You have the right to remain silent. That means you do not have to talk to me."

    b. "Anything you say can be used against you in court."

    c. "You have the right to get help from a lawyer before you talk to me."

    d. "You may also have your parent, or legal guardian present."

    e. "If you or your family cannot pay a lawyer, the court will get you one for free."

    f. "You have the right to stop this interview at any time."

    g. "Do you understand these rights that I have explained to you?"

    h. "Do you want to have a lawyer present if you choose to talk to me?"

    i. "Do you want your mother, father, or legal guardian present if you choose to talk to me?"

    j. "Do you want to talk to me?"

4. To ensure the juvenile understands his or her rights, the officer shall ask the individual to explain each of the advisements in his or her own words.

5. Officers shall stop questioning when the juvenile has requested an attorney, parent, or guardian. Officers may resume questioning when the attorney, parent, or guardian is present; however no parent or guardian may waive the juvenile's right to counsel.

**IV. Waiving Miranda General Guidelines**

A. Once an officer has informed a subject of his or her Miranda rights, that individual may waive those rights and consent to a custodial interrogation without an attorney present.

B. Such a waiver must be knowing and voluntary - that is, the subject must understand his or her rights, and any waiver must not be due to coercion.

C. To ascertain whether a subject will waive his or her Miranda rights, after advising a subject of his or her rights, officers shall ask:

    1. "Having these rights in mind, and having stated that you understand these rights, do you wish to talk to me (or us) now?"

    a. Officers shall only question a subject if the subject has answered in the affirmative to the above question.

 D. Officers shall consider the totality of the circumstances when determining whether a juvenile has knowingly and voluntarily waived Miranda including:

  1. The youth's age, mentality, and prior criminal experience;

  2. The length, intensity, and frequency of the interrogation; and

  3. Whether or not a parent was present at the time of the waiver.

**V.  Invocation of Miranda Rights by Subject**

 A. Questioning of a subject shall not take place when the subject of a custodial interrogation:

  1. Invokes his/her right to remain silent; or

  2. Is unable or indicates his/her inability to either understand the Miranda Warning or to make a knowing, intelligent, and voluntary waiver of his/her rights; or

  3. Indicates he/she wants to have counsel, or if a juvenile indicates he or she wants to have counsel, a parent, or guardian present before answering questions, or anytime during the interrogation; or

  4. Appears to be significantly impaired by substances or mental impairment.

 B. If a subject waives his Miranda rights but subsequently states that he or she does not want to answer questions or wants an attorney present, all questioning shall cease immediately.

  1. If a subject is vague in his/her response about whether he/she wants to have an attorney present, nor does he/she explicitly waive his/her right to an attorney, officers shall specifically determine whether the subject wishes to have counsel present or if the subject will waive his/her right to counsel. To make this determination, the officer shall ask the subject to confirm, with a "yes" or "no" answer, whether the subject is requesting an attorney.

**VI.  Re-Questioning a Subject after Subject has Invoked Miranda**

 A. If a subject invokes his or her right to silence but does not invoke the right to an attorney, all questioning shall cease immediately:

  1. Questioning may be reinitiated by officers if they:

   a. Wait a significant amount of time (at least 2 hours);

   b. Provide the Miranda Warning again; and

    c. Limit the questions to a crime that was not the subject of earlier questioning

  2. If, after invoking his or her right to silence, a subject initiates conversations with the officers about the same topic, officers' questioning may proceed after providing the Miranda Warning again. (Refer to Sections I and II)

 B. If a subject invokes his/her right to an attorney, all officers shall immediately cease questioning.

  1. Questioning may be resumed if:

   a. The subject is in the presence of his or her attorney; or

   b. The subject re-initiates communications with the police, and

    1. Officers provide the Miranda Warning again, and

    2. The subject voluntarily agrees to waive his/her rights.

 C. In addition, if there is a break in custody, officers can ask the subject to waive his or her Miranda rights after 14 days.

## VII. Breaks in Interrogation

 A. Breaks in interrogation may require officers to reread the Miranda Warning before subsequent questioning. Officers shall consider the following factors when determining whether to re-read the Miranda Warning:

  1. If there is a significant delay (more than 30 minutes) between the times the Miranda Warning is first given and questioning begins.

  2. An officer questions any subject for the first time, even though the subject received the Miranda Warning previously from another officer.

  3. The location where the subject is being questioned differs from the location where the subject was read the Miranda Warning.

 B. If there is any doubt about whether a break in interrogation has occurred, officers shall resolve the doubt in favor of re-reading the Miranda Warning and securing a waiver.

## VIII. Public Safety Exception to the Miranda Warning

 A. Officers may temporarily forgo the Miranda Warning when necessary if they or the public are in immediate danger.

 B. In order for this public safety exception to apply, officers shall first determine that there is an objectively reasonable need to protect the police or public from an immediate danger associated with a weapon or other harmful objects.

C. Once an officer has determined that the public safety exception applies, the officer may question a subject without the Miranda Warning as long as the questions asked are related to the danger and reasonably necessary to secure public safety.

D. Once the emergency ends, this exemption no longer applies.