IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:15-CV-01046 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| vs. | ) | |
| | ) | **NOTICE SUBMITTING UPDATED** |
| CITY OF CLEVELAND | ) | **INTERNAL AFFAIRS MANUAL** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## I. INTRODUCTION

Pursuant to Paragraphs 177 through 193, 202, 205, and 221 of the Consent Decree and the Fourth Year Monitoring Plan in the above-captioned matter, the Monitor previously submitted Cleveland Division of Police's ("CDP" or "Division") proposed Internal Affairs ("IA") Manual, along with three related policies addressing: (1) Retaliation; (2) Reporting Internal Misconduct; and 3) Public Complaints of Misconduct, as well as an "Accountability Structure Matrix Chart." *See* Docket No. 290, Notice Submitting Internal Affairs Manual and Related Policies, Exhibits A-E. As the IA Manual was subsequently updated to address ongoing concerns of the Monitoring Team and the Department of Justice ("DOJ"), the Monitor submits the Updated IA Manual (Exhibit A), to replace the version previously filed at Docket No. 290, Exhibit A. Together with

the Related Polices previously filed at Docket No. 290, Exhibits B-E, which are unchanged, the Monitor recommends that the Court approve the Updated IA Manual and Related Policies.

## II.     PROCEDURAL HISTORY

After review, the Monitoring Team determined that the prior IA Manual and Related Polices provided a strong foundation for the Division going forward to better ensure fair, thorough, objective, and timely investigations of officer misconduct – and to ensure that officers, upon witnessing acts of misconduct, appropriately notify IA or their supervisors without fear of retribution or retaliation. Docket No. 290. The Monitoring Team further determined that the Manual and policies provided appropriate guidance on the thorough and complete receipt, investigation, and processing of internal and external complaints against CDP personnel. *Id.* As such, the Monitoring Team recommended that the Court approve CDP's Internal Affairs Manual and Related Policies. *Id.*

However, the Monitoring Team's recommendation that the Court approve the Internal Affairs Manual included a significant caveat: both the Monitoring Team and the DOJ had reservations about Paragraph X.A. of the Manual, which provided that, "where a member resigns, retires, or is otherwise separated from CDP while a joint criminal and administrative investigation is pending, the criminal investigation shall nonetheless be completed, and submitted to the appropriate prosecuting authority; however, *the administrative investigation will close at the time of separation*." (emphasis supplied). The Monitoring Team and DOJ understood that CDP believed that this was consistent with its obligations under Paragraph 176 of the Settlement Agreement to "ensure that all allegations of officer misconduct . . . are fully, fairly, and efficiently investigated"

because the officer is no longer a Cleveland Division of Police officer or employee, and no internal discipline may be imposed.

In contrast, the Monitoring Team and DOJ believed that the better practice was to complete the IA administrative investigation in all circumstances. Doing so would enable CDP to ensure that the officer is not rehired in any capacity by CDP and to advise any agency that seeks to hire that police officer that the officer separated from CDP while an administrative investigation was ongoing and the result of that completed investigation. The Monitoring Team and DOJ committed to monitor the implementation of this paragraph to see whether further modification was warranted.

Since the filing of the IA Manual, discussions were reopened with the Division on the topic of completing administrative investigations and the Division redrafted the relevant language in the IA Manual to read:

> A. Where a member resigns, retires, or is otherwise separated from CDP while a criminal investigation is pending, the criminal investigation shall be completed, and submitted to the appropriate prosecuting authority.
>
> B. Where a member resigns, retires, or is otherwise separated from CDP while an administrative investigation is pending, the investigation shall be completed.

Additionally, the Division removed Paragraph X.D, which read "completion of a 'final IA Investigative Report' will be at the discretion of the Superintendent of Internal Affairs," the closing IA Pro document "will nevertheless include closing summaries by the assigned IA Sergeant, IA OIC, and the IA Superintendent." *Compare* Exhibit A at 20; Docket 290, Exhibit A at 20.

### III. ANALYSIS OF CHANGE TO IA MANUAL

The Monitoring Team has reviewed the revised language to the Updated IA Manual, which now requires the Division to complete criminal *and* administrative investigations, in full, regardless of whether a Division member separates from CDP during the pendency of an investigation. This

3

change addresses the concerns of the Monitoring Team and DOJ about the prior draft of the IA Manual. Completing the administrative investigations will allow CDP to determine the merit of the underlying issue and thereby avoid re-hiring officers who committed misconduct, properly advise other departments of any such misconduct when providing background information. Additionally, completed investigations that *do not* find misconduct will allow CDP to provide a fair and accurate record to inquiring agencies that the officer did not violate policy.

As both criminal and administrative investigations will be completed for separated members, Paragraph X.D. was properly removed by the Division as moot. The Updated IA Manual maintains the requirements of the prior version that "[t]he completed investigation, and results of any referrals to the prosecuting authority shall be maintained in the Internal Affairs investigative file." Exhibit A at 20.

Taken together, the subsections of Paragraph X of the Updated IA Manual requires the Division to complete all investigations, both criminal and administrative, to identify and resolve "issues of policy, police practices, and training," and to retain the completed investigation in the IA investigative file, where it can be used to provide information to the Division or other departments about the merits and conclusions of the investigation. The Updated IA Manual resolves the previous concerns of the Monitoring Team.

## IV. CONCLUSION

The task of the Monitoring Team is to duly consider whether the City's submitted IA Manual and Related Policies satisfy the terms of the Consent Decree. The Monitoring Team concludes that the Updated IA Manual and Related Policies meet the terms of the Consent Decree. Accordingly, the Monitor approves them in their entirety and without reservation, requests that this Court order them effective immediately.

Respectfully submitted,

/s/  Hassan Aden

HASSAN ADEN
Monitor
The Aden Group LLC
8022 Fairfax Road
Alexandria, VA 22308
Tel: (571) 274-7821
Email:  aden@theadengroup.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2019, I served the foregoing document entitled Notice to Approve Updated Internal Affairs Manual via the court's ECF system to all counsel of record.

/s/ Brian G. Maxey
BRIAN G. MAXEY
