IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:15-CV-01046 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| vs. | ) | |
| | ) | **NOTICE SUBMITTING UPDATED** |
| CITY OF CLEVELAND | ) | **SEARCH AND SEIZURE POLICIES** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Pursuant to Paragraphs 160 through 172 of the Consent Decree and the Fourth-Year Monitoring Plan in the above-captioned matter, the City of Cleveland (the "City"), on behalf of the Cleveland Division of Police ("CDP" or "Division"), submitted five updated policies (collectively, the "Search and Seizure Policies") relating to stops, searches, and arrests: (1) Search and Seizure; (2) Investigatory Stops; (3) Probable Cause/Warrantless Arrests; (4) Strip Searches & Body Cavity Searches; and (5) Miranda Warning and Waiver, attached hereto as Exhibits A through E, respectively. These policies are updates to Docket No. 260, Exhibits A through E, that were previously approved by the Court on May 15, 2019. The Monitoring Team has carefully reviewed the Division's proposed updated Search and Seizure policies and believe that they conform closely to the terms of the Consent Decree, to federal and state law, and to the safeguards

of the U.S. Constitution. They provide appropriate guidance to Division members on the expectations that accompany all officer-citizen encounters. The Monitoring Team therefore recommends that the Court approve CDP's updated proposed Search and Seizure policies.

## I. SUMMARY OF UPDATES TO THE SEARCH AND SEIZURE POLICIES

The Monitoring Team previously set forth the Consent Decree's requirements relating to the Division of Police's search and seizure practices and does not repeat that history here. *See* Docket No. 260. The attached policies are technical changes to the previously submitted policies.

First, in the Investigatory Stops policy, the officer identification requirement was changed from "officer's full name and badge number" to "officer's last name and badge number." *See* Exhibit B at Section IV, D. 1. (a). This accommodates the requirement for the officer to identify themselves during investigative stops, without being unnecessarily burdensome or intrusive on the privacy of the officer.

Second, the Miranda policy substituted "suspect" for the terms "subject" and "individual" to clarify that Miranda is only required for a suspect in custody and not for witnesses. *See* Exhibit E, at Section 1.B. 1 and 2. Furthermore, the definition of "custody" in the Miranda policy is clarified to read:

> A person is in custody when one of two circumstances occurs: 1) they are verbally told that they are under arrest; or 2) when based on the totality of circumstances a person would reasonably believe there is a significant restraint on their freedom of movement and ability to end the interaction. Factors that may be relevant in determining whether a person would reasonably believe they are in custody include the factors set forth in GPO 2.02.02, Investigatory Stops, Section IV. B.

This definition properly captures that whether a person is in custody is dependent on the belief of the person detained, not the detaining officer, and directs the officer to consider the same variables set forth in the Investigatory Stops policy that can convert a *Terry* stop

into a *de facto* custodial arrest.. Having the same considerations present for *Miranda* and *Terry* provides consistency between the policies and creates clarity for officers.

Third, the Probable Cause/Warrantless Arrests policy was amended to add the word "minor" to the prohibition to conducting a warrantless arrest. *See* Exhibit C, Section I(B). Previously, the policy erroneously prohibited all misdemeanor arrests. Additionally, Sections VII (C) and (D) were revised to ensure clarity to supervisors as to what they needed to investigate when called to the scene to screen certain arrests. *Id.*

Last, the Strip Searches and Body Cavity Searches policy was amended at the recommendation of the Inspector General to clarify the statutory provisions on the Chief's designation for authority to approve strip and body cavity searches (Sergeant or above) pursuant to Ohio Revised Code 2933.32(B). *See* Exhibit D, Policy. This policy was also reworded at the recommendation of the Inspector General to account for exigent circumstances to conduct a strip search during a misdemeanor arrest, which is otherwise prohibited, "when an officer(s) have probable cause to believe that the subject is hiding a deadly weapon or dangerous ordnance and when less intrusive means of discovering a weapon or contraband are not available." *Id.* At III(B).

\

\

\

## II. CONCLUSION

The task of the Monitoring Team is to duly consider whether the City's proposed updated Search and Seizure policies satisfy the terms of the Consent Decree. The Monitoring Team concludes that the policies meet the terms of the Consent Decree and , accordingly, requests that this Court approve the updated policies and order them effective immediately.

Respectfully submitted,

/s/ Hassan Aden

HASSAN ADEN
Monitor
The Aden Group LLC
8022 Fairfax Road
Alexandria, VA 22308
Tel: (571) 274-7821
Email: aden@theadengroup.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2020, I served the foregoing document entitled **NOTICE SUBMITTING UPDATED SEARCH AND SEIZURE POLICIES** via the Court's ECF system to all counsel of record.

                                                /s/ Brian G. Maxey
                                                BRIAN G. MAXEY