IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.: 1:15-CV-01046 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| vs. ) | |
| ) | **NOTICE REGARDING FLEXIBILITY IN** |
| CITY OF CLEVELAND ) | **FOURTH-YEAR MONITORING PLAN** |
| ) | **DEADLINES DUE TO COVID-19** |
| Defendant. ) | **PANDEMIC** |
| ) | |
| ) | |

## I.     INTRODUCTION

Pursuant to Paragraph 369 of the Consent Decree between the City of Cleveland (the "City") and the United States, as ordered by this Court on June 12, 2015, the Monitoring Team submitted the Updated Fourth-Year Monitoring Plan (the "Monitoring Plan," "Updated Fourth-Year Plan," or "Updated Plan"). See Docket No. 289. This plan was originally drafted by the City and the Cleveland Division of Police ("CDP" or the "Division") and was geared toward effectively and efficiently implementing the Decree's requirements. *Id.* The Department of Justice and Monitoring Team both provided feedback and comment during a robust period of collaboration. This plan was the best effort of the parties to forecast progress and set reasonable deadlines for necessary milestones to drive the consent decree reforms expeditiously and efficiently.

However, due to evolving world events surrounding the Coronavirus Pandemic, including General Order No. 2020-05 in the United States District Court, Northern District of Ohio limiting in-person hearings and promoting use of video conferencing for civil proceedings; travel advisories and restrictions; and the increasing pressures on CDP as first responders in this crisis, the Monitoring Team and the parties submit that necessary flexibility must be incorporated into the deadline calendar of the Fourth-Year Monitoring Plan. The Monitoring Team and the parties intend to revisit the outstanding deadlines, both in the Fourth-Year Monitoring Plan and the Fifth-Year Monitoring Plan currently in development, to adjust priorities based on the current reality. While the Monitoring Team anticipates adjustments, the team will do everything in their power to keep this process moving forward.

## II.     ARGUMENT

The increasing pressures due to the COVID-19 pandemic is putting great strain on first responder networks. Many police departments, including CDP and other departments nationally in consent decrees are pausing in-service training to prioritize their work fielding first responders. This is appropriate and necessary under the circumstances.

The Court issued GO-2020-05 on March 16, 2020, postponing all civil jury trails, re-entry court proceedings, and petty offense proceedings; staying criminal cases when possible; mandating use of video conferencing in civil and criminal cases when possible, and providing notice of limited staffing at the Court. GO-2020-05.

The COVID-19 pandemic has also caused some disruptions in the Monitoring Team's work process as it relates to team travel and face-to-face meetings with the parties and stakeholders. Although continuing off-site and remote work continues, the Monitor has been able to travel to Cleveland for key meetings, and the overall process is on track. Some recent travel has been

cancelled due to travel concerns, and key members of the team have been serving on the emergency response teams nationally. The Monitoring Team and the parties are exploring expanding virtual conferencing to minimize the need for travel and increase communication efficiency.

These circumstances will necessitate flexibility in meeting certain deadlines. Of note, the Monitoring Team will need additional time to finish, circulate, and file the Eighth Semi-Annual Report. The Monitoring Team also anticipates that several notice filings will occur within the next six to eight weeks, including policies and training plans around investigations of force and the Force Investigations Team, as well as consent decree related audits. As these significant filings will generate the need for a court hearing, the Monitoring Team proposes to file the Eighth Semi-Annual Report contemporaneously with these filings, which will allow the Court to inquire and give guidance to the parties on a variety of topics in a single court hearing, virtually if necessary.

There are a host of other deadlines and deliverables set out in the Fourth-Year Monitoring Plan. Rather than request extensions on each and every deadline, the Monitoring Team submits that the Monitoring Team and the parties should discuss the timelines, adjust as necessary under the circumstances, and escalate only those deadlines where agreement is not reached. Subsequently, the Monitoring Team and the parties will file an agreed Fifth Year Monitoring Plan setting the path forward. The Monitoring Team will also report out on the Fourth-Year progress in the Eighth Semi-Annual Report.

Again, the Monitoring Team and the parties agree that this process must continue moving forward and no unnecessary delay should be interjected into these reforms, but reasonable accommodations for the current COVID-19 crisis requires a reprioritization of efforts.

### III. CONCLUSION

In light of the COVID-19 pandemic and its impacts, the Monitor respectfully requests that the Court grant flexibility to the Monitoring Team and the parties in reprioritizing the work in the Fourth-Year Monitoring Plan, with the expectation that the reform efforts will move forward as expeditiously as possible.

Respectfully submitted,

/s/ Hassan Aden

HASSAN ADEN
Monitor
The Aden Group LLC
8022 Fairfax Road
Alexandria, VA 22308
Tel: (571) 274-7821
Email: aden@theadengroup.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2020, I served the foregoing document entitled **NOTICE REGARDING FLEXIBILITY IN FOURTH-YEAR MONITORING PLAN DEADLINES DUE TO COVID-19 PANDEMIC** via the court's ECF system to all counsel of record.

/s/ Ayesha Hardaway
AYESHA HARDAWAY