## MEMORANDUM OF UNDERSTANDING

## BETWEEN

## THE CITY OF CLEVELAND

## DIVISION OF POLICE IN THE DEPARTMENT OF PUBLIC SAFETY

## AND

## THE CUYAHOGA COUNTY SHERIFF'S DEPARTMENT

### To Conduct Independent Criminal Investigations of Uses of Force by Cleveland

### Police That Results in the Actual or Anticipated Death of a Person

This Memorandum of Understand ("MOU") is made this _8TH_ day of _July_, 2019, ("effective date"), between the City of Cleveland ("City"), Division of Police, through its Director of the Department of Public Safety, and the Cuyahoga County Sheriff's Department ("Sheriff"), though its authorized representative.

WHEREAS, on May 26, 2015, the City of Cleveland and the United States Department of Justice ("DOJ") entered into a settlement agreement ("Consent Decree") regarding use of force and investigations of police use of force by the City's Division of Police ("CDP"), and as part of this settlement the parties agreed that the CDP may refer criminal investigations of uses of force by CDP as appropriate to ensure the fact and/or appearance of impartiality of investigations; and,

WHEREAS, the Cuyahoga County Sheriff's Department has proposed to conduct independent criminal investigations of all CDP uses of lethal force resulting in the actual or anticipated death of a person within the City of Cleveland and the City finds Sheriff's proposal acceptable; and

NOW, THEREFORE, the Parties' understanding is as follows:

## SECTION I.  USE OF FORCE INVESTIGATIONS

A.    Independent Investigation and Investigative Protocols.

1.    When there is a use of force by a CDP officer within the jurisdictional boundaries of the City of Cleveland that results in the actual or anticipated death of a person, the Sheriff will conduct a thorough, objective, and timely, independent investigation and submit his findings to the appropriate prosecutor.  CDP will investigate non-CDP officers using non-lethal or lethal force in the jurisdictional boundaries of the City of

Cleveland except when CDP determines an investigation by an independent agency is necessary.

2.      The Sheriff, in his sole discretion and if his resources permit it, may agree to provide other independent use of non-lethal and lethal force investigations up the request of CDP.

3.      The investigations shall be conducted in conformance with: the Sheriff's Protocols for Use of Fatal Force Investigations, ("the Protocols"), attached hereto and incorporated herein as Exhibit A; the requirements of the MOU; the direction of the designated prosecutor; and applicable law. In addition, the CDP Force Investigation Team ("FIT") Manual provides guiding principles for the Sheriff Investigative Team in the completion of an objective, timely, and comprehensive investigation covered by the Agreement. If there is a conflict between this MOU and Exhibit A, the provisions of the MOU shall be given precedence.

   a.      The Protocols, (Exhibit A), may be changed from time-to-time as needed upon agreement of the parties without formal amendment of this MOU.

   b.      Unless specifically requested by the Sheriff during the investigation, or the agency the Sheriff designates, will gather and process all evidence without the assistance of the CDP.

4.      The Sheriff and CDP will establish a process for the Sheriff and CDP to follow to avoid tainting a criminal prosecution and to ensure that Sheriff's investigators are prevented from receiving any applicable compelled interviews of the CDP officers or information derived from such interviews. The Sheriff and CDP will collaborate as needed with the prosecutorial agency designated to review the investigation to ensure compliance with the needs and expectations of that agency. This process may include, but is not limited to, the following:

   a.      The designated prosecutor may establish a "Garrity review prosecutor" to receive and review all records the Sheriff requests from the CDP and determine which, in the prosecutor's determination, implicate the *Garrity* rule. Such documents shall be maintained by the "Garrity review prosecutor" separate and confidential from the Sheriff and the designated prosecutor, or any other prosecutors if applicable.

   b.      The CDP "Case Master" will be responsible for ensuring that the only information provided to the Sheriff's investigative team by the CDP is information that has not been obtained from, or as the result of a *Garrity*-protected statement. In any case where there is

2

a question as to the voluntariness of a statement or information obtained from such a statement, CDP Internal Affairs Command staff will confer with the agency prosecutor tasked with reviewing the *Garrity*-protected information-to ensure no negative impact on the criminal investigation and to ensure appropriate disclosure to the prosecutorial agency in support of any decision to file or reject criminal charges.

B.  CDP Internal Concurrent Administrative Investigation and Review of Sheriff Investigation.

   1.  Upon consultation with an appropriate prosecutor, the Sheriff acknowledges that CDP's "FIT" members may conduct a concurrent and thorough administrative investigation in regard to the incident the Sheriff is investigating.  No part of the administrative investigation will be held in abeyance unless specifically authorized by the CDP's Chief or designee in consultation with the Sheriff and the City of Cleveland Prosecutor or Special Prosecutor.

   2.  After the appropriate review by the designated prosecutor, the Sheriff shall provide its completed investigation to CDP.  The Sheriff shall also, on an ongoing basis, provide CDP Internal Affairs Superintendent, with any investigative reports, interview recordings, or other documentation relating to the Sheriff's investigation that will assist CDP Internal Affairs in conducting a timely, concurrent, administrative investigation.  The Sheriff and the assigned CDP Division Case Master will confer to ensure that nothing disclosed by Sheriff investigators to CDP Internal Affairs will be used in a way that will interfere with the ongoing criminal investigation.

C.  Monitor's Review of Sheriff Investigations.  On at least an annual basis, the Monitor, pursuant to the Consent Decree, may review the completed criminal investigations conducted by the Sheriff for CDP.

## SECTION II.  EXPENSES, COSTS, RESPONSIBILITY

A.  The Parties acknowledge that under no circumstances shall either Party or anyone else have any authority under this MOU to impose or attribute any cost, or expense to the other Party without the express prior written approval of the authorized representative of the Party and only if properly authorized under applicable resolution, ordinance, or statute.

B.  Each Party shall be solely responsible for the conduct of its own employees, agents, and contractors.

**SECTION III.  TERM**

This MOU shall be in effect as the above effective date and remain in effect until either Party withdraws by giving the other Party at least forty-five (45) days prior written notice of withdrawal.

**SECTION IV.  AMENDMENT**

This MOU may be amended from time to time by written agreement of the parties.

**AGREED TO AND ACCEPTED BY:**

**CITY OF CLEVELAND**

By: _____
     Michael McGrath, Director

Date: _____7-3-19_____

By: _____
     Calvin Williams, Chief
     Division of Police

Date: _____7-3-19_____

**CUYAHOGA COUNTY SHERIFF'S DEPARTMENT**

By: _____
     Clifford Pinkney, Sheriff

Date: _____7/3/2019_____

This legal form and correctness of this Agreement is hereby approved.

Barbara Langhenry, Director of Law
City of Cleveland

By: _____

Date: _____7/11/19_____

Sheriff's Department, Legal Counsel
Cuyahoga County

By: _____

Date: _____

## SECTION III.  TERM

This MOU shall be in effect as the above effective date and remain in effect until either Party withdraws by giving the other Party at least forty-five (45) days prior written notice of withdrawal.

## SECTION IV.  AMENDMENT

This MOU may be amended from time to time by written agreement of the parties.

### AGREED TO AND ACCEPTED BY:

CITY OF CLEVELAND

CUYAHOGA COUNTY SHERIFF'S DEPARTMENT

By: _____
    Michael McGrath, Director

By: _____
    Clifford Pinkney, Sheriff

Date: _____

Date: ___7/3/2019_____

By: _____
    Calvin Williams, Chief
    Division of Police

Date: ___7-3-19_____

This legal form and correctness of this Agreement is hereby approved.

Barbara Langhenry, Director of Law
City of Cleveland

Sheriff's Department, Legal Counsel
Cuyahoga County

By: _____

By: _____

Date: _____

Date: ___7/8/2019_____

# EXHIBIT "A"

### PROTOCOL FOR INDEPENDENT INVESTIGATION BY
### CUYAHOGA COUNTY SHERIFF'S DEPARTMENT
### OF CITY OF CLEVELAND POLICE OFFICER USE OF FATAL FORCE
### EFFECTIVE _July 8th_, 2019

WHEREAS, the City of Cleveland Division of Police ("CDP" or "Cleveland Police") and the Cuyahoga Sheriff's Department ("Sheriff") intend to establish a protocol to be followed when a Cleveland Police Officer in the City of Cleveland uses lethal force that is or is alleged to be the proximate cause of (a) the death of a person or (b) injury to a person where death is anticipated.

NOW, THEREFORE, this protocol is entered into by CDP and the Sheriff to identify the specific actions the parties agree to undertake, individually and collectively, as applicable, as part of their cooperative and collaborative effort to establish practices that will facilitate a thorough, comprehensive, fair, objective, and transparent investigation of Cleveland Police Officer-related incidents. This protocol is intended to be a working document subject to incorporation of changes as a result of subsequent review and practice.

## SECTION I.  SCOPE OF PROTOCOL

The CDP and Sheriff agree that this protocol shall govern investigations in which a Cleveland Police Officer, whether on-duty or off-duty, uses force in the City of Cleveland that is, or is alleged to be, the proximate cause of the death of a person or injury to a person where death is anticipated. For purposes of this protocol, "lethal force" is understood to mean any use of force likely to cause death or serious physical injury, including the critical discharge of a firearm, or strike to the head, neck, or throat with a hard object. The Law Enforcement Agencies agree that this protocol shall not govern when a Cleveland Police Officer's use of force, lethal or otherwise, does not cause death or anticipated death except in those cases where the CDP specifically asks the Sheriff to conduct an independent investigation and the Sheriff agrees to do so.  In an anticipated death situation, should death not result, the Sheriff's team will continue and complete the investigation into the incident. The City will continue to handle investigations of use of lethal force in Cleveland by non-City of Cleveland Police Officers.

1

## SECTION II.  INITIAL RESPONSIBILITIES UNDER THE PROTOCOL

A.   When death or anticipated death is or is alleged to be the proximate result of the use of lethal force by a Cleveland Police Officer in the City of Cleveland, the incident will be reported immediately to the Cleveland Police Dispatcher.

B.   Any law enforcement agency officer(s) on scene, including but not limited to Cleveland Police Officers, will maintain the integrity of the crime scene in a manner that is consistent with preserving the evidence. The Cleveland Division of Police's Force Investigation Team ("FIT") leader and/or an incident commander, as designated by the Chief of Police, will be the point of contact on scene for any and all requests and/or communications. The first responding FIT or Sheriff investigators will also secure all involved weapons.

C.   Police protocols for rendering first aid, calling for emergency medical personnel, and adhering to their supervisory chain of command will be followed.

D.   Cleveland Police On-Scene Supervisor will notify without delay all designated representatives on the call out list.  The call-out list consists of the following:

1.   the Cleveland Police Department's FIT and Cuyahoga County Sheriff's Use of Deadly Force Investigation Team ("the Sheriff's team") via the Sheriff's Department Dispatch;

2.   the City of Cleveland Chief Assistant Prosecutor, the Director of the Cleveland Department of Public Safety, Police Union, Office of Professional Standards, police chaplain, and public information officer;

3.   the Cuyahoga County Medical Examiner's Office; and

## SECTION III.  Investigatory Responsibilities

A.   The **Sheriff's Team,** upon arrival, will take control of the scene and the investigation. The Sheriff's Team is the investigating law enforcement task force that will have primary responsibility to conduct a thorough, objective, and professional investigation of the incident.

B.   In the event both agencies' officers are involved in the use of lethal force, the Sheriff and CDP may refer the investigation to an alternate law enforcement agency for the investigation and will make every attempt to ensure that the alternate law enforcement agency conducts the

2

investigation in accordance with the MOU and these protocols.

C.     The **Medical Examiner's Office,** upon arrival, will be primarily responsible for the examination and preservation of any deceased body on scene and the transportation of any deceased body to the Medical Examiner's Office for further investigation. The Sheriff's Team will cooperate as fully as practical with the Medical Examiner's Office and will assist the Medical Examiner's investigation. A walk-through of the scene should be provided as soon as practical upon arrival of the Medical Examiner's personnel.

D.     The **Cuyahoga County Prosecutor Office,** will seek the appointment of a Special Prosecutor in all alleged unlawful use of deadly force that results in death, but may continue to provide assistance in the preparation of search warrants until a Special Prosecutor is appointed. If the City of Cleveland Prosecutor or Special Prosecutor is at the scene, upon arrival, he/she will confer with members of the Sheriff's Team and the Medical Examiner's Office. The Sheriff's Team will ensure that the appropriate prosecutor's personnel have access to the scene of the investigation. A walk-through of the scene should be provided as soon as practical upon arrival of the prosecutor's personnel.

E.     The **CDP "FIT" members,** upon arrival, will confer with the Sheriff's Team regarding the timing of preliminary and full administrative interviews before speaking to the officer(s) who are the subjects in the use of lethal force and prior to the taking of any *Garrity* statements for later use in an administrative hearing. The criminal (Sheriffs Team) and administrative (Cleveland FIT) investigations shall be kept separate and apart from one another. Cleveland FIT will not share any compelled administrative interviews, or evidence derived from those interviews, with the Sheriff's Team. However, CDP's Case Master will ensure that the designated prosecutorial agency is aware of the existence of any such interviews and will provide the content of those interviews to the prosecutorial agency upon request and in accordance with any process created by that agency to ensure the content of the compelled statements do not interfere with any ongoing criminal investigation or prosecution.

## SECTION IV.   SCOPE AND CONDUCT OF THE INVESTIGATION

A.     The scope of the criminal investigation will be broad and include all involved parties. This includes the conduct of any involved Cleveland Police Officer(s) and the conduct of the person who was allegedly subjected to the Cleveland Police Officer's use of lethal force.   In order to ensure the integrity of the overall criminal investigation, in the event an investigation is to be conducted regarding the conduct of the person who is the subject of the Cleveland Police Officer's use of lethal force, the CDP

will conduct that investigation. Standard investigative procedures should be used at all stages of the investigation. All witness interviews (including civilians and officers) will take place as soon as possible. All witnesses (including civilians and officers) will be kept separate prior to interviews and the interviews shall be conducted separately. All interviews will be audio and video recorded.

B.    Interviews connected to the criminal investigation will take precedence over any and all administrative and employment and/or all other employer agency interviews with the involved officer(s). This precedence exists whether or not the other interviews are being conducted by the employer agency. The determination to *Mirandize* any involved officers to obtain their statements will be at the discretion of the Sheriff's Team.

C.    Dash and Body Camera Footage: CDP officers will not be permitted to review video or audio of the incident, including from any WCS (Wearable Camera System), or any data in the possession of the CCS or MDT data, prior to any interviews without the approval of the Sheriff and the FIT Commander. FIT members are responsible for securing any WCS video and providing such video to the Sheriff's Office.

D.    Cooperation by Witnesses: Upon the request of the Sheriff, CDP will ensure that witness officers are ordered to cooperate with the Sheriff's investigators.

## SECTION V.  THE INVESTIGATIVE REPORT

The Sheriff's Team will submit all relevant reports regarding the incident to the appropriate prosecutor as soon as possible and, absent unusual circumstances, within 90 days after the incident was initially reported. Extensions may be requested directly to the Sheriff in no greater than 30-day increments. As the investigation proceeds, the Sheriff's Team will forward to the appropriate prosecutor and to Internal Affairs investigative information, including but not limited to, witness statements, audio/video surveillance, camera recordings, crime scene diagrams, etc. prior to the completion of all formal reports. This procedure will permit the prosecutorial review process and the CDP administrative investigation process to proceed simultaneously with the investigation. It will also permit the timely request and implementation of any additional investigation and clarification if required.

## SECTION VI.  PROSECUTOR'S REVIEW

After all relevant facts have been gathered by the Sheriff's Team and any other law enforcement agency having information on the incident, the appropriate prosecutor will review the investigation and will request any further investigation that it deems necessary.