# MEMORANDUM

DATE: JULY 14, 2022

TO: MARK GRIFFIN, LAW DIRECTOR
KARRIE HOWARD, DIRECTOR OF PUBLIC SAFETY
GARY SINGLETARY, CHIEF COUNSEL
DORNAT DRUMMOND, INTERIM CHIEF OF POLICE
TIMOTHY MYGATT, DEPUTY CHIEF, DOJ/CRT
JONAS GEISSLER, DOJ/CRT
ACRIVI COROMELAS, DOJ/CRT
MICHELLE HEYER, AUSA
SARA DECARO, AUSA
MICHAEL EVANOVICH, USAO

FROM: HASSAN ADEN, MONITOR

SUBJECT: ARBITRATION APPEAL

As we discussed last week, the Monitoring Team has had an opportunity to review a June 21, 2022, arbitration decision in a case involving Director Howard's termination of Cleveland Police Officer Mason Swires. The termination decision was based, in part, on a finding of dishonesty on the part of Officer Swires.

In his decision, the arbitrator incorrectly applied a "Beyond a Reasonable Doubt" standard of proof to the dishonesty allegation, based on a finding that the Disciplinary Matrix created "a near summary dismissal regarding dishonesty" through its presumption that termination is the appropriate discipline for intentional dishonesty on the part of a police officer.

We believe that the City must appeal this decision to the courts if the City ever hopes to comply with the Consent Decree's requirements that the City engage in Constitutional policing by ensuring accountability on the part of its officers. Unless the City is willing to appeal incorrect application of law or fact on the part of an arbitrator, the City cannot come into compliance. A disciplinary case is not ultimately over even if the Director of Public Safety makes a decision that would otherwise support compliance; specifically if that decision is overturned without any objection on the part of the City.

It is our understanding that the City has only thirty days to appeal this decision. As such, we strongly encourage you to take immediate action in support of ensuring Consent Decree compliance on the part of the City.