IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:15-CV-01046 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| vs. | ) | |
| | ) | **CITY OF CLEVELAND'S RESPONSE** |
| CITY OF CLEVELAND, | ) | **TO THE "NOTICE SUBMITTING** |
| | ) | **MONITOR'S MEMORANDA** |
| Defendant. | ) | **REGARDING ARBITRATION** |
| | ) | **DECISION"** |
| | ) | |

I.     **Introduction**

On July 19, 2022, the Monitor filed with the Court its "Notice Submitting Monitor's Memoranda Regarding Arbitration Decision" ("Notice"). (Dkt. 431). The Monitor's Notice attached a July 14 Memorandum from the Monitor to the City's Director of Law (Dkt. 431-1) that followed the Monitor's review of an arbitration decision released on June 21, 2022 that set aside the Director of Public Safety's termination of a Cleveland patrol officer's employment.  The Monitor's Memorandum instructed the Director of Law that "[w]e believe that the City must appeal[1] this decision to the courts if the City ever hopes to comply with the Consent Decree's requirements…."; further instructing that "[u]nless the City is willing to appeal incorrect applications of law or fact on the part of an arbitrator, the City cannot come into compliance." (Dkt. 431-1). [2]

---

[1] While the Monitor uses the term "appeal" the correct procedure established for a party seeking to challenge an arbitration decision is through a "motion to vacate" which is authorized by statute and to be initiated in the court of common pleas.  *See* R.C. 2711.10.

[2] *Compare City of Cleveland v. Communication Workers of America, Local 4340,* 8th Dist. Cuyahoga No. 111050, 2022-Ohio-2498, ¶ 24 ("An error of fact or law by an arbitrator does not provide a basis for vacating an arbitration award under R.C. 2711.10.") *citing N. Ohio Sewer*

Under well-established Ohio law:

- An error of fact or law by an arbitrator does <u>not</u> provide a basis for vacating an arbitration award under R.C. 2711.10.[3]

- R.C. 2711.10 explicitly limits the grounds to vacate an arbitration award to an arbitrator's fraud, corruption, undue means, arbitrator misconduct or arbitrators exceeding their powers.[4]

- R.C. 2711.13 provides that motions to vacate shall be filed "within three months after the award is delivered".[5]

- Counsel and parties have an obligation under both Ohio Civ.R. 11 and Fed.R.Civ.P. 11 to only file claims where there is a good faith basis in law or fact, or good faith basis to modify the law in filings made to their respective courts.[6]

- Rule 2.1 of the Ohio Rules of Professional Conduct requires counsel for the City to "exercise independent professional judgment."

Under the authority of this Court, the Monitor has demanded that the City substitute the Monitor's legal judgment for its own and file an "appeal" of an arbitration on grounds that are explicitly prohibited by Ohio law - namely, on the grounds of an error of law or fact by the Arbitrator.  In doing so, the Monitor fails to disclose relevant Ohio law regarding arbitrations, misstates the timing requirements for motions to vacate, and interferes with counsel's ethical obligations by warning that "the City cannot come into compliance" with the Consent Decree if it does not file an appeal.

The City will never file a brief without a good faith basis for doing so.

---

*Constrs., Inc. v. Bradley Dev. Co.,* 159 Ohio App.3d 794, 2005-Ohio-1014, 825 N.E.2d 650, ¶ 14 (8th Dist.)

[3] *N. Ohio Sewer Constrs., Inc. v. Bradley Dev. Co.,* 159 Ohio App.3d 794, 2005-Ohio-1014, 825 N.E.2d 650, ¶ 14 (8th Dist.).

[4] R.C. 2711.10 (A)-(D).

[5] Compare Monitor's Memo incorrectly suggesting "thirty days" to appeal.

[6] *See e.g. Disciplinary Couns. v. Maniscalco,* 1994-Ohio-142, 68 Ohio St. 3d 483, 484, 628 N.E.2d 1357, 1358 (upholding sanctions under Fed.R.Civ.P. 11 where the federal court concluded "that if counsel had adequately researched the law this action would not have been filed, at least not in its present manner.")

The Monitor's instruction that the City must appeal a specific arbitration decision or face the expressed threat of never coming into compliance with the Consent Decree is problematic for two reasons. First, the memorandum misstates Ohio law and the standards governing arbitration "appeals." Second, the Monitor oversteps his authority under the Consent Decree in attempting to exercise control over the Director of Law's legal authority and delegated responsibilities on behalf of the City. [7] The City remains well within the three-month time period provided by statute[8] for deciding whether to move to vacate the arbitrator's decision; and the Director of Law will exercise his independent legal discretion and authority in a manner that is in accordance with the law.

## II.   Relevant Facts

The City discharged a Patrol Officer on September 22, 2021 for an administrative work rule violation related to an off-duty motor vehicle accident in which he was involved on December 19, 2020.  Following a Christmas party, the officer's vehicle struck the rear end of an RTA bus that was stopped at an intersection. The most serious departmental charge resulting in his discharge was that the officer had been untruthful in his departmental reports by intentionally omitting and concealing information relating to the accident.  The officer filed a grievance challenging his termination; and the matter went to arbitration. On June 19, 2022, the Arbitrator issued a decision finding that the City had failed to establish beyond a reasonable doubt that there was willful untruthfulness in the officer's reporting of the accident. Finding the City had failed to

---

[7] *See* Rule 2.1 requiring counsel to exercise independent judgment on behalf of the City)

[8] R.C. 2711.11 provides, in pertinent, part that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney <u>within three months after the award is delivered</u> to the parties in interest…" (emphasis added). The City has, therefore, until September 21, 2022 to review, research and decide whether to move to vacate the decision.

prove the officer had been deliberately dishonest, the Arbitrator overturned the termination of the officer's employment and issued the officer a 25-day suspension without pay.   The City does not agree with the Arbitrator's ruling, but, at this time, does not believe there is a legal basis for reversal.

## III.   <u>Law and Argument</u>

### A.   <u>Background</u>

As noted in the Arbitrator's decision, the Collective Bargaining Agreement ("CBA") between the City and the CPPA establishes that "[t]he Grievance Procedure set forth in this Contract shall be the exclusive method of reviewing and settling disputes between the City and the Union and/or between the City and member (or members), and all decisions of arbitrator shall be final, conclusive, and binding on the City, the Union, and the members." (CBA, Article 21).

Notwithstanding such contract language, R.C. 2711.10 establishes that a court of common pleas can vacate an arbitration decision upon application by a party where the following are found:[9]

(A) The award was procured by corruption, fraud, or undue means.

(B) There was evident partiality or corruption on the part of the arbitrators, or any of them.

(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

---

[9] While the Monitor's Notice and Memorandum use the term "appeal," a party seeking to overturn an arbitration award properly initiates a "Motion to Vacate" per R.C. 2711.10.

Although it is acting under the authority of this Court, the Monitor does not cite any evidence to suggest the Arbitrator acted on the basis of corruption, fraud, undue means, or committed any type of misconduct.  Nor does the Monitor provide any proof or argument that the Arbitrator exceeded his power.  At this time, the City has no evidence in this particular case to support a motion to vacate that could satisfy R.C. 2711.10.

Courts have held that moving to vacate an arbitration award without a good faith basis can be grounds for sanctions.  Ohio courts apply analogous federal law. *Cedar Fair, L.P. v. Falfas*, 2014-Ohio-3943, ¶¶ 5-6, 140 Ohio St. 3d 447, 448–49, 19 N.E.3d 893, 895 ("This statute is substantively equivalent to the analogous provisions of the Federal Arbitration Act, and we have often used federal law in aid of our application of the statute. *Compare* R.C. 2711.10 *with* 9 U.S.C. 10(a)(1) through (4); *see also  Goodyear Tire & Rubber Co. v. Loc. Union No. 200, United Rubber, Cork, Linoleum and Plastic Workers of Am.,* 42 Ohio St.2d 516, 520, 522–523, 330 N.E.2d 703 (1975) (quoting federal case law while applying R.C. 2711.10); *Flexible Mfg. Sys. Pty. Ltd. v. Super Prod. Corp*., 86 F.3d 96, 101 (7th Cir. 1996), *citing Rosenburg v. Lincoln American Life Insurance Co.*, 883 F.2d 1328, 1340 (7th Cir.1989),*quoting Reid v. United States*, 715 F.2d 1148, 1155 (7th Cir.1983);*Chicago Typographical Union No. 16 v. Chicago Sun-Times, Inc.*, 935 F.2d 1501, 1506–07 (7th Cir. 1991) (awarding sanctions against the union for frivolously seeking to vacate an arbitrator's award); *Hill v. Norfolk & Western Ry*., 814 F.2d 1192, 1203 (7th Cir.1987) ("The promise of arbitration is spoiled if parties disappointed by its results can delay the conclusion of the proceeding by groundless litigation in the district court followed by groundless appeal to this court; *we have said repeatedly that we would punish such tactics, and we mean it."*)(emphasis added); *DMA*

*Int'l Inc. v. Quest Comm. Int'l, Inc.* 585 F.3d 1341, 1345 (10th Cir. 2009) ("bringing of an appeal itself may constitute 'sanctionable multiplication of proceedings' justifying an award of costs and fees under §1927 or damages under Rule 38."), *quoting Lewis v. Circuit City Stores Inc.*, 500 F.3d 1140, 1153 (10th Cir.2007). The City will follow Ohio law. No motion will be filed without a good faith basis in law and fact.

Additionally, R.C. 2711.13 establishes that any "motion to vacate …must be served upon the adverse party or his attorney **within three months** after the award is delivered to the parties in interest…" *Id*. (emphasis added). Without reference to statutory law, the Monitor incorrectly suggests to this Court that motions to vacate must be filed within 30 days. While the date of the Monitor's filing, July 19, was the thirtieth day following the arbitrator's June 19 decision, the statutory three-month period allowed for deciding whether to file a motion to vacate the matter remains open and ongoing.

The Monitor's Memorandum makes no disclosure or citation to R.C. 2711.10 or the developed Ohio decisional law over the years that govern a party's motion to vacate an arbitration decision. The City will exercise its independent legal judgment and make a reasoned, responsible decision in this matter.

**B.      An Arbitrator's Incorrect Application of Law or Fact Does Not Establish a Recognized Ground for Seeking to Vacate an Arbitration Decision.**

As noted, the City is presently reviewing the Arbitrator's decision. Within the three-month period allowed, the City will make a timely and legally informed decision in accordance with the standards set by R.C. 2711.10 and legal precedent on whether to proceed with a motion to vacate. That the City may agree with the Monitor that the

Arbitrator issued a flawed and incorrect decision does not establish a legal basis for moving to vacate the decision.

The Monitor disagrees with the standard of proof employed by the Arbitrator and instructs that the City must appeal the decision because it resulted in an "incorrect application of law or fact on the part of an arbitrator." (Dkt. 431-1). Mistakes of fact and law, however, are not recognized bases for seeking to have an arbitration decision vacated. As very recently recognized by the Eighth District Court of Appeals:

> An error of fact or law by an arbitrator does not provide a basis for vacating an arbitration award under R.C. 2711.10. … Moreover, this court has recognized that when contracting parties agree to submit a prospective controversy to binding arbitration, they must accept the result, even if it is legally or factually wrong.

*City of Cleveland v. Communication Workers of America, Local 4340*, 8th Dist. Cuyahoga No. 111050, 2022-Ohio-2498, ¶ 24 (internal citations omitted). The Monitor's statement in the Memorandum that "[u]nless the City is willing to appeal incorrect application of law or fact on the part of an arbitrator, the City cannot come into compliance" is incorrect as a matter of law, is not a recognized compliance measurement found in the Consent Decree, and signals the potential for evaluating City's compliance with the Consent Decree in a manner contrary to the Ohio law governing arbitrations.

The City's legal review in the present matter will consider that "if an arbitrator's interpretation of a CBA violates public policy, the resulting award is unenforceable." *Cuyahoga Metropolitan Hous. Auth. v. Fraternal Order of Police Ohio Labor Council, Inc.*, 8th Dist. No. 105209, 2018-Ohio-1079, 108 N.E.3d 1220, ¶ 29, *citing S.W. Ohio Regional Transit Auth.*, 91 Ohio St.3d 108, 112, 2001-Ohio-294, 742 N.E.2d 630, *citing W.R. Grace & Co. v. Local Union 759, Internat'l. Union of the United*

*Rubber, Cork, Linoleum & Plastic Workers of Am.*, 461 U.S. 757, 766, 103 S.Ct. 2177, 76 L.Ed.2d 298 (1983). Public policy violations, however, are narrowly construed by courts:

> [V]acating an arbitration award pursuant to public policy is a narrow exception to the 'hands off' policy that courts employ in reviewing arbitration awards and 'does not otherwise sanction a broad judicial power to set aside arbitration awards as against public policy.... The public policy "must be well defined and dominant, and is to be ascertained by 'reference to the laws and legal precedents and not from general considerations of supposed public interests.

*Cuyahoga Metropolitan Hous. Auth. v. Fraternal Order of Police Ohio Labor Council, Inc.,* supra, ¶ 30 (internal citations omitted). The City's independent and ongoing legal review of the arbitration decision will be based in the governing law and the Law Director's independent legal judgment.

### C.     The Decision to File a Motion to Vacate is a Legal Decision Resting with the Director of Law and Not with the Monitor.

The Monitor oversteps his role under the Consent Decree in attempting to substitute his judgment for the legal judgment of the City's Director of Law in deciding whether grounds exist for moving to vacate the Arbitrator's decision. Cleveland's City Charter establishes the Director of Law as the City's legal advisor, attorney, and counsel for all matters relating to the exercise of *official duties*:

> The Director of Law shall be an attorney at law admitted to practice in the State of Ohio. He shall be the legal advisor of and attorney and counsel for the City, and for all officers and departments thereof in matters relating to their official duties. He shall prosecute or defend all suits for and on behalf of the City . . . .

(Charter Section 83). It goes without saying that in so representing the City of Cleveland, the Director of Law is required to "exercise independent professional judgment and render candid advice." Rule 2.1 of the Ohio Rules of Professional Conduct.

8

Moreover, Section 351 of the Consent Decree makes clear that the role of the Monitor is limited to the "duties, responsibilities, and authority conferred by [the] Agreement" making up the Consent Decree. The Monitor is not intended to replace or assume the role of any city official, to include the independent legal role of the City's Director of Law:

> The Monitor will have only the duties, responsibilities, and authority conferred by this Agreement. The Monitor will not, and is not intended to replace or assume the role and duties of any CDP employee, including the Chief, or any other city official. (emphasis added).

**IV.** **Conclusion**

The Department of Law is timely reviewing the Arbitrator's decision. The City will decide how to proceed based on the law of Ohio. The Monitor's decision to file a Notice (Dkt. 431) and Memorandum (Dkt. 431-1) that seeks to influence or substitute the Monitor's judgment for the independent professional judgment of the City's Director of Law is improper and should not be countenanced by the Court.

Respectfully submitted,

Mark Griffin (0064141)
Director of Law

By:   /s/ Gary S. Singletary
Gary S. Singletary (0037329)
Chief Counsel
City of Cleveland
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114-1077
Tel: (216) 664-2800
Fax:(216) 664-2663
E-mail:mgriffin@clevelandohio.gov
gsingletary@clevelandohio.gov

Counsel for the City of Cleveland

9

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the City of Cleveland's Response to "Notice Submitting Monitor's Memoranda Regarding Arbitration Decision" was filed electronically on August 1, 2022.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system. Pursuant to the requirements of the Consent Decree the Monitor Team has been delivered a copy of this filing.

/s/ Gary S. Singletary
Gary S. Singletary (0037329)
Counsel for the City of Cleveland
