IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 1:15-CV-01046 |
| Plaintiff, | |
| vs. | JUDGE SOLOMON OLIVER, JR. |
| CITY OF CLEVELAND | **NOTICE SUBMITTING MONITORING TEAM'S ASSESSMENT OF DISCIPLINE IMPOSED BY THE CHIEF OF CLEVELAND DIVISION OF POLICE** |
| Defendant. | |

The Monitoring Team respectfully submits its assessment of the discipline imposed by the Cleveland Division of Police ("CDP" or "the Division") Chief's Office. Consent Decree paragraph 176 requires the City and the CDP to "ensure that all allegations of officer misconduct, whether internally discovered or alleged by a civilian, are fully, fairly, and efficiently investigated; that all investigative findings are supported by a preponderance of the evidence and documented in writing; and that all officers who commit misconduct are held accountable pursuant to a disciplinary system that is fair, consistent, and provides due process." Paragraph 245 of the Consent Decree further provides that "CDP will ensure that discipline for sustained allegations of misconduct comports with due process, and is consistently applied, fair, and based on the nature of the allegation, and that mitigating and aggravating factors are identified and consistently applied and documented." Additional provisions of the Consent Decree (paragraphs 241, 242, 246, 247 & 340) require the CDP to conduct pre-disciplinary hearings, document the rationale for disciplinary decisions, "ensure consistency in imposition of

discipline," and ensure appropriate disciplinary action for failures to activate body worn cameras, in violation of CDP policy.

This current assessment finds that, on the whole, the disciplinary decisions made by the Chief's Office, during the period from March 2021 through March 2022 were generally reasonable and consistent with the intent of the Division's most recently updated Disciplinary Matrix. Further, the Monitoring Team found that although the CDP continues to have challenges with adjudicating sustained complaints in a timely manner, the timing between the completion of investigations and discipline being imposed has improved.

This stands in contrast to the 2019 Monitoring Team assessment on the imposition of discipline by the then-Director of Public Safety. At that time, we concluded that the City was out of compliance with paragraph 245 of the Consent Decree. Specifically, the Monitoring Team found that the disciplinary decisions by the then-Director of Public Safety "were often inconsistent with the Disciplinary Matrix, and almost universally insufficiently explained" (Dkt. 319).

The Monitoring Team intends to conduct a follow-up evaluation of imposition by the current Director of Public Safety in order to be able to make recommendations to the court on the level of compliance with respect to the aforementioned paragraphs of the Consent Decree.

Respectfully submitted,

/s/  Ayesha Bell Hardaway

Ayesha Bell Hardaway
Interim Monitor
Email:  ayesha.hardaway@case.edu

2

**CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2023, I served the foregoing document entitled Notice Submitting Monitoring Team's Assessment of Discipline Imposed by the Chief of The Cleveland Division of Police via the court's ECF system to all counsel of record.

/s/ Ayesha Bell Hardaway
AYESHA BELL HARDAWAY