IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:15CV1046 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CLEVELAND, | ) | UNITED STATES' OPPOSITION TO |
| | ) | CITY'S MOTION FOR RELIEF |
| Defendant. | ) | |

The United States respectfully requests that this Court deny the City of Cleveland's Motion for Relief or Extension of Time for Its Obligation to Produce Records in Response to Request *(sic)* from CPC (ECF No. 507).

On September 3, 2021, the Court ordered the City and the Cleveland Division of Police (CDP) to provide to the Cleveland Community Police Commission (CPC) information it had requested, specifically: (1) letters to CDP personnel following disciplinary hearings; (2) memoranda of understanding between CDP and other local law enforcement agencies and certain communications with those agencies; and (3) data concerning internal affairs matters for 2017-2020. The Court's order also established a procedure for future CPC information requests.

On October 27, 2023, and January 18, 2024, the CPC requested: (1) disciplinary files on all CDP officers who were charged with discipline from 2022-2023; and (2) certain investigation files and use of force reports for all cases in 2021-2023. The City and CDP have not provided the CPC any of the information requested and did not even advise CPC that they objected to providing the information until February 1, 2024. Under the Court's September 3, 2021 order, the City and CDP had, at most, until November 17, 2023, for the first request and February 8,

2024,[1] for the second request, to seek the Court's review of its objection, but it failed to do so until February 28, 2024.

As set forth below, the United States requests that the Court deny the City's motion and, instead, enforce the CPC's right to access information pursuant to Settlement Agreement Paragraph 19 (*see* ECF No. 413-3, hereinafter "SA"), because:  (1) the CPC's requests are within CPC's mandate; (2) the City's objections are without merit with respect to non-legally-restricted information; and (3) the City's failed to follow this Court's September 3, 2021, Order setting forth the process for objections to CPC requests (ECF No. 382), thus waiving those objections. A proposed order is attached hereto.

**I.     BACKGROUND**

The Settlement Agreement established the CPC "[t]o leverage the experience and expertise of the people of Cleveland, and to ensure that CDP recognizes and operates in a manner consistent with cooperative community understanding and engagement . . . ." SA at par. 15.  Indeed, the SA gives the CPC a broad mandate to serve as a voice for the community with respect to policing practices in Cleveland.  Among the SA provisions related to this mandate, Paragraph 15 directs the CPC to make recommendations to the Chief of Police and the City, including the Mayor and the City Council, on policies and practices related to community and problem-oriented policing, bias-free policing, and police transparency; to work with the many communities that make up Cleveland for the purpose of developing recommendations for police practices that reflect an understanding of the values and priorities of Cleveland residents; and to

---

[1] As described on pages 3-4 below, the City eventually objected to the CPC's second request on February 1, 2024, and the United States timely responded on February 8, 2024.  Even if the City's belated objection on February 1, 2024, were to be excused, the City should have sought relief from the Court no later than February 15, 2024.

report to the City and community as a whole and to provide transparency on police department reforms.  *Id.* at pars. 15(a), (b), and (c).  The SA sets forth some specific tasks for the CPC as it accomplishes this mandate, such as "complet[ing] an assessment of CDP's bias-free policing policies, practices, and training," and "review[ing] and comment[ing] on CDP's policies and practices related to use of force, search and seizure, and data collection and retention . . . ."  *Id.* at pars. 17(a), 18(a).  The SA also specifically charges the CPC with the obligation to review CDP's civilian oversight to determine if there are changes the CPC recommends to CDP's accountability system.  *Id.* at par. 17(d).

      The CPC's mandate is not limited to these specific tasks.  When entering into the SA, the Parties agreed that the CPC would have the ability to request information from the City to implement not only the specific tasks delegated to the CPC, but also the broader mandate given to the CPC in Paragraph 15.  In particular—and as now amended—the SA requires the City to "provide access to all information requested by the Commission related to its mandate, authority, and duties unless it is legally restricted."  *Id.* at par. 19.  This provision entitles the CPC to a broad range of information to carry out its mandate.  The City previously acknowledged to this Court that the CPC has "broad Charter authority" and that "CPC has a voice and responsibility for ensuring CDP meets the agreed upon compliance review standards established in the Consent Decree."  City of Cleveland's Memorandum in Support of the Joint Motion to Modify the Settlement Agreement, ECF No. 415, p. 7.

      In connection with its work, the CPC has made a number of information requests to the City and CDP.  At times, the City and CDP have provided information timely and without objection, but on other occasions they have responded that the information is beyond the scope of the CPC's role in implementing the SA, or have delayed the production of the information.

3

ECF No. 365. The City's and CDP's refusal or delay in providing the requested information has impaired the CPC's ability to carry out its mandate under the SA, which necessitated a prior motion to enforce from the United States. *Id.*

In response to that motion, this Court entered an order establishing a process for response to CPC document requests. ECF No. 382. This Court ruled:

> The City and the CDP shall provide all information within 21 days of receipt of a future request for information from the CPC, or such other deadline as agreed upon with the CPC, the United States, and the Monitoring Team.
>
> If the City and CDP object to a future request for information from the CPC, they will submit their objections to the CPC, the United States, and the Monitoring Team within 7 days of receipt of the request. If either the United States or the Monitoring Team disagrees with the City's and CDP's objections to the request within 7 days of the objection being made, the City will produce the information or it may petition the Court to relieve it of its obligation to produce the information within 7 days after receiving notice of the disagreement.

*Id.* At issue in the City's current motion are two CPC requests: (1) a request from October 27, 2023 for "The most comprehensive human resources disciplinary file on all CDP officers who were charged with discipline from 2022-2023;" and (2) a request from January 18, 2024 for "Investigation files and use of force reports for all cases in 2021, 2022 and 2023 where a BRAZOS form was completed and/or where a mental health or crisis related impression code was issued by dispatch that resulted in an internal affairs and/or OPS investigation." *See* Ex. A, "CPC FORMAL REQUESTS FOR INFORMATION, DATA AND DOCUMENTS, Updated 1/23/24." Thus, under the Court's September 3, 2021 Order, which referred to "days," not "business days," the City's objections to the two operative request were due October 3, 2023 and January 25, respectively. The City did not provide an objection until February 1, 2024. ECF No. 507-1. The United States provided its written disagreement with the objection within seven days, on February 8, 2024. *See* Ex. B, email from J. Geissler to M. Griffin, Feb. 8, 2024, 5:13

4

pm. Under the Court's September 3, 2021 Order, the City was obliged to provide the CPC with the requested information or to petition this Court for relief within seven days of the United States notice, i.e., by February 15. The City did not file its Motion for Relief until February 28, 2024. ECF No. 507.

## II.     DISCUSSION

This Court should deny the City's Motion for Relief and require the City to provide CPC with the requested information because: (1) the information that CPC requests is within its mandates under the SA and Charter Section 115-5; (2) the City's objections are without merit with respect to non-legally-restricted information; and (3) the City waived its objections in not timely responding to CPC or the United States as required by this Court's September 3, 2021 Order.

### A.     CPC's information requests were within its mandates.

CPC's requested information is within the scope of the CPC mandate under the SA. Specifically, CPC's first request is for disciplinary files on all CDP officers who were charged with discipline from 2022-2023. The second request is for investigation files and use of force reports for all cases in 2021-2023 in which either (1) an internal CDP form was completed or (2) dispatch issued a mental health or crisis related impression code and either IA or OPS conducted an investigation . The CPC's mandate in the SA is broad, and it encompasses making "recommendations . . . on policies and practices related to . . . police transparency" and reporting "to the City and community as a whole and to provide transparency on police department reforms." ECF No. 413-3 at pars. 15(a) and (c). Similarly, the information requests are within the scope of the CPC's authority pursuant to Charter Section 115-5:

> Requesting and timely receiving, without the need for making a formal public-records request, from other City departments and offices including the Division of

> Police and Director of Public Safety, information relevant to the Commission's duties that must be disclosed if requested under the Ohio Public Records Act.
> Reviewing policy, data, and records to advise the Mayor, the Director of Public Safety, the Chief, the Council, the Director of Law, OPS, the CPRB, and others on policing issues including, but not limited to, police-community relations, **police accountability** including OPS and CPRB operations, bias-free policing, search and seizure, officer training, **police use-of-force policy**, data collection and retention, and implementation of other initiatives, programs, and activities intended to support constitutional policing and continuous improvement of policing.

See City of Cleveland Charter Sec. 115-5, effective Nov. 2, 2021, *available at* https://codelibrary.amlegal.com/codes/cleveland/latest/cleveland_oh/0-0-0-49835) (emphasis added). The City's two data requests relate directly to CPC's duties regarding accountability and use of force—just like the last time the Court had to order the City to produce materials to CPC. ECF No. 382.

In the prior motion to enforce concerning data requests, the CPC had requested, among other things, letters sent to officers summarizing the result of disciplinary hearings and information on internal affairs cases referred to prosecutors. ECF No. 365. And, in that instance, the Court found: "The information regarding Internal Affairs cases and related issues clearly relate to issues of discipline, use of force and other issues under the Decree." ECF No. 382 at p. 6. The same reasoning applies here. The CPC request are within the scope of its mandate under the SA, and the City's motion must fail.[2]

---

[2] Indeed, with respect to the SA and its defined roles for the CPC that have not been amended and expanded since the entry of the Court's last order, the Court's prior decision offers law of the case, which the City cannot, now, relitigate. Under the law of the case doctrine, findings made at one stage in the litigation should not be reconsidered at subsequent stages of that same litigation." *Dixie Fuel Co., LLC v. Dir., Office of Workers' Comp. Programs*, 820 F.3d 833, 843 (6th Cir. 2016).

### B. The City's objections are without merit.

The objections the City raises in its motion for relief are meritless. As an initial matter, the City's Motion provides little basis, and no evidence, in support of the requested relief. Without any support, the City asserts that fulfilling the CPC's requests would be "contrary to the position articulated by the Ohio Department of Public Safety and the Ohio Attorney General, and potentially in violation of R.C. 2913.04." The City further asserts that fulfilling CPC's requests would be burdensome, but it provides no support for that assertion, or any explanation for its failure to produce any information in response to CPC's requests, one of which has been pending since October 27, 2023. On its face, the City's motion fails.

Although not set forth in the Motion, a fuller basis for the City's request may be found in the attachment to the City's Motion, a memorandum which sets forth CDP's objections to the CPC data request. These objections are likewise meritless. CDP objected to CPC's requests on three grounds: (1) the files requested primarily encompass Criminal Justice Information (CJI) transmitted by various systems, including the Law Enforcement Automated Data System (LEADS),[3] and CDP is restricted from disseminating this information to CPC; (2) fulfilling CPC's requests would be burdensome on CDP because of the technical and logistical challenges in producing the data; and (3) CDP has limited access to Office of Professional Standards (OPS) and Civilian Police Review Board (CPRB) files, including responses to force reports, and

---

[3] LEADS is "the statewide computerized network which provides computerized data and communications for criminal justice agencies within the state of Ohio." Ohio Admin Code §§ 4501:2-10-01(W). Ohio law expressly excludes from the LEADS requirements "data and files separately collected and maintained by intrastate regional systems or other individual user systems." Ohio Admin Code §§ 4501:2-10-01(W).

therefore is not the right entity to provide some of the information CPC requests.  As the United States set forth in its response to CDP's memorandum, we disagree with CDP's objections.

First, the claimed CJI/LEADS objection is not a basis to avoid production to CPC.[4]  The City's Motion and CDP's objections do not distinguish between what requested information is allegedly subject to LEADS or CJIS protection and what is not.  CPC is not seeking LEADS access.  Instead, CPC is seeking the City's and CDP's own information about how it uses force and conducts misconduct investigations and discipline.  The City has not offered evidence that any of the information CPC seeks is contained in systems other than CDP's individual user systems, which are expressly excluded from the LEADS requirements.  Ohio Admin. Code §§ 4501:2-10-01(W).  To the extent that any of the requested records do include CJI or LEADS information—a fact which the City has not shown to be true—the City provides no explanation for why it has not produced redacted records that exclude CJI or LEADS information.

Second, the burden argument is just as unavailing in this instance as it was in the past motion to enforce when the Court ordered production.  ECF No. 382.  To our knowledge, the City has not produced *anything* in response to these two document requests, and the United States has not been involved in or aware of any ongoing discussions between the City and CPC

---

[4] As an initial matter, we do not opine, at this point, on whether CPC should be considered part of the City's policing structure and therefore entitled to review CJI information transmitted through LEADS or other Criminal Justice Information Systems (CJIS), but we note the need for CPC to access information related to pending administrative investigations and for disciplinary proceedings under Charter Section 115 may require the Parties and the Court to address that access going forward.  We do not waive the right to address those issues at the appropriate time.  We note, however, it is unclear to us that an entity with the authority to set policy on various policing activities, including stops, searches, arrests, and use of force, is not a criminal justice agency administering criminal justice within the meaning of LEADS or the federal CJIS regulations.  We further note that there is no distinction in the federal CJIS regulations between sworn and civilian personnel, and that many civilians are involved in the administration of criminal justice.

related to production of documents in response to these CPC requests. *See* Ex. C (Memo from C. Johnson to J. Goodrick re CPC Document/Record Requests Response from City of Cleveland, Feb. 23, 2024). Even if there were a burden to producing information to the City's own CPC, the City has pledged to "work diligently to fulfill the will of the people"[5] in meeting the requirements of Charter Section 115, which includes CPC.

Third, the Defendant seeks to parse the City into separate entities to avoid producing required data to CPC. CDP objects that it has limited access to OPS and CPRB records. Yet, both OPS and CPRB are City entities. The City is bound by the SA and the Court's September 3, 2021 Order (Dkt. No. 382). Accordingly, the City should direct OPS and CPRB to produce the requested information to the CPC.

Additionally, the City's objections overlook that many—if not all—of the requested documents regarding discipline fall within data subject to public records requests. The City has previously represented that completed disciplinary investigations would be subject to public-records requests, to which the City would also need to respond notwithstanding an alleged burden. While DOJ has not taken the position that the CPC's access is limited to public records, the fact that the instant request seeks records that would be producible in response to a public records request supports our view that the City should produce them. *See, e.g.*, Dkt. 382 (stating with respect to letters sent to officers summarizing the results of disciplinary hearings: "The parties agree that these are public records"). *See also Ohio ex rel. Multimedia, Inc. v. Snowden*, 72 Ohio St. 3d 141, 142 (1995) (police records reflecting discipline are not exempt from

---

[5] *See* "Mayor Bibb announces nominees for the new Community Police Commission," October 26, 2022, available at https://mayor.clevelandohio.gov/news/mayor-bibb-announces-nominees-new-community-police-commission.

9

disclosure under Ohio public records law). Accordingly, this public records' nature of the requested data concerning accountability also favors denying the City's motion and granting the United States' cross motion.

### C. The City's waived its objections in not timely responding.

This Court's September 3, 2021 Order provided a clear structure and timelines to resolve matters involving CPC data requests. ECF No. 382. The City did not provide an objection to the CPC requests within the seven-day deadline provided in the Court's order. ECF No. 507-1. And, when the City did provide an objection, the United States timely responded (Ex. B), but the City did not then meet its next, seven-day deadline to produce the information or seek relief from the Court (ECF No. 507). The City's eventual Motion for Relief offer no explanation for the City's delays.

In the context of discovery deadlines analogous the Court's Order for CPC requests, courts routinely find that the failure to timely object to discovery requests waives those objections. Whether "the untimely objection turns out to be legitimate and, thus, would have been sustained if it had been timely raised, is of little or no consequence." *Cleveland Indians Baseball Co. v. United States*, 1998 U.S. Dist. LEXIS 1459, *14 (N.D. Ohio Jan. 28 1998) (citing *Davis v. Romney*, 53 F.R.D. 247, 248 (E.D. Pa. 1971)). The rule that objections are waived by an untimely response "applies with equal force to all objections, including those based on attorney-client privilege or attorney work product." *Id.* (citing *Peat Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984)). "'Any other result would . . . completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences.'" *Id.* at 13-14 (citing *Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D. Mass. 1988)). Where a party "does not attempt to excuse, or even

10

explain, its delay in responding" a finding of waiver is appropriate. *Carfagno v. Jackson National Life Insurance Co.*, 2001 U.S. Dist. LEXIS 1768, at *4-5 (W.D. Mich. Feb. 13, 2001). Likewise, here, this Court's September 3, 2021 order would be frustrated if the City is permitted to interpose a late objection, fail to meet its deadline to move for court-ordered relief, and present no basis for the City's lack of diligence. Accordingly, the Court should deny the City's motion.

### III. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny the City's Motion for Relief and, instead, issue an order requiring the City to provide to CPC within 14 days the data it has requested on October 27, 2023 and January 18, 2024.

Respectfully submitted,

**FOR THE UNITED STATES**

| | |
|---|---|
| REBECCA C. LUTZKO<br>U.S. Attorney<br>Northern District of Ohio | KRISTEN M. CLARKE<br>Assistant Attorney General<br>Civil Rights Division |
| Michelle L. Heyer (OH: 0065723)<br>Sara E. DeCaro (OH: 0072485)<br>Assistant U.S. Attorneys<br>United States Court House<br>801 West Superior Avenue, Suite 400<br>Cleveland, OH 44113<br>(216) 622-3686 (Heyer)<br>(216) 622-3670 (DeCaro)<br>(216) 522-2404 (FAX)<br>Michelle.Heyer@usdoj.gov<br>Sara.DeCaro@usdoj.gov | STEVEN H. ROSENBAUM<br>Chief<br>Special Litigation Section<br><br>*/s/ R. Jonas Geissler*<br>Timothy D. Mygatt<br>Deputy Chief<br>R. Jonas Geissler<br>Acrivi Coromelas<br>Trial Attorneys<br>United States Department of Justice<br>Civil Rights Division<br>Special Litigation Section<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530<br>Tel: (202) 353-1091; Fax: (202) 514-4883<br>Email: Timothy.Mygatt@usdoj.gov<br>Email: Jonas.Geissler@usdoj.gov<br>Email: Acrivi.Coromelas2@usdoj.gov |