Exhibit B

# Geissler, Jonas (CRT)

| | |
|---|---|
| **From:** | Geissler, Jonas (CRT) |
| **Sent:** | Thursday, February 8, 2024 5:13 PM |
| **To:** | MGriffin@clevelandohio.gov |
| **Cc:** | Anderson, Leigh Ph.D; Goodrick, Jason (CPC); Bielat, Martin; Howard, Karrie; Dye, Jakimah; Drummond, Dornat; Fay, Daniel; Todd, Dorothy; Morris, Sammy; Pillow, Ali; Viland, Christopher; Thomas, Delante; Perez, Marcus; karl.racine@hoganlovells.com; 'Wilhelm, Abby Jae'; Anderson, Leigh Ph.D; Adams, John (CPC; Zayed, Sharena (CPC; Mygatt, Timothy (CRT); Fitzgerald, Patricia M. (USAOHN); Griffin, Mark; Puin, Timothy; Hough, Amy; Macias, Hannah; Johnson, Carlos; Fischbach, TIffany; Menzalora, William; Mygatt, Timothy (CRT); Fitzgerald, Patricia M. (USAOHN); DeCaro, Sara (USAOHN); Heyer, Michelle L. (USAOHN); Coromelas, Acrivi (CRT); Evanovich, Michael (USAOHN) [Contractor] |
| **Subject:** | FW: CDP Memo to CPC |

Mark:

This responds to Chief Drummond's February 1, 2024 Memorandum to Jason Goodrick objecting to the Community Police Commission's requests for: (1) Investigative Files and Use of Force Reports (2021-2023); and (2) Most Comprehensive CDP Disciplinary Files on All Officers Charged With Discipline (2022-2023).

We understand that the City is continuing to work with the CPC to develop processes through which the CPC can exercise its authority under the amended City Charter. We urge the City and CPC to complete that work as soon as possible, because the uncertainty around those processes is delaying the implementation of the Consent Decree.

While those processes are still developing, the CPC is still entitled to receive information about CDP's activities, and the Court's September 3, 2021 Order sets forth a process to determine whether the CPC is entitled to receive information from CDP after it makes a request. *See* Dkt. No. 382. Under the terms of that Order, the City and CDP must "submit their objections to the CPC, the United States, and the Monitoring Team within 7 days of receipt of the request." *Id.* According to CDP's memorandum, the CPC requests were made on October 27, 2023, and January 18, 2024, and therefore the City and CDP did not meet that deadline. Nevertheless, in compliance with that Order, the United States states its disagreement, in part, with the City's objection. *Id.*

CDP objects to CPC's requests on three grounds: (1) the files requested primarily encompass Criminal Justice Information (CJI) transmitted by various systems, including the Law Enforcement Automated Data System (LEADS), and CDP is restricted from disseminating this information to CPC; (2) fulfilling CPC's requests would be burdensome on CDP because of the technical and logistical challenges in producing the data; and (3) CDP has limited access to OPS and CPRB files, including responses to force reports, and therefore is not the right entity to provide some of the information CPC requests. CDP also requests that CPC clarify the scope of its requests, including regarding "investigative summaries" and Mobile Computer Aided Dispatch dispositions.

The United States disagrees with CDP's objections on several grounds. As an initial matter, we do not opine, at this point, on whether CPC should be considered part of the City's policing structure and therefore entitled to review CJI information transmitted through LEADS or other Criminal Justice Information Systems (CJIS), but we note the need for CPC to access information related to pending administrative investigations and for disciplinary proceedings under Charter Section 115 may require the Parties and the Court to address that access going forward. We do not waive the right to address those issues at the appropriate time. We note, however, it is unclear to us that an entity with the authority to set policy on various policing activities, including stops, searches, arrests, and use of force, is not a criminal justice agency administering criminal justice within the meaning of LEADS or the federal CJIS regulations. We further

note that there is no distinction in the federal CJIS regulations between sworn and civilian personnel, and that many civilians are involved in the administration of criminal justice.

Second, we disagree that all of the systems listed by CDP are CJIS systems.  Evidence.com, for example, contains body-worn camera recordings, and those recordings are routinely made publicly available by law enforcement agencies across the country.  The incidental capture of CJI on body-worn camera footage does not transform Evidence.com into a system covered by CJIS regulations or LEADS.  Furthermore, as CDP itself cited in its memorandum, "LEADS does not include data and files separately collected and maintained by intrastate regional systems or other individual user systems." *Cf.* Ohio Administrative Code Rule 4501:2-10-01(W).  At least some of the systems described by CDP in its memo appear to be individual user systems, and they do not implicate either LEADS or the federal CJIS regulations.

Third, we disagree that all CJI is restricted only to criminal justice agencies and only for a criminal justice purpose.  Under the federal CJIS regulations, that is only one of the limitations on dissemination.  *See* 28 C.F.R. § 20.21(b)(1).  CJI may also be disseminated to "[i]ndividuals and agencies for any purpose authorized by statute, ordinance, executive order, or court rule, decision, or order," *see* 28 C.F.R. § 20.21(b)(2), as well as to "[i]ndividuals and agencies for the express purpose of research, evaluative, or statistical activities," *see* 28 C.F.R. § 20.21(b)(4), among other approved purposes.

Fourth, although CDP objects that it has limited access to OPS and CPRB records, both OPS and CPRB are City entities, and the City is also bound by the Consent Decree and the Court's September 3, 2021, Order.  The City should direct OPS and CPRB to produce the requested information to the CPC or raise its objection to doing so.

Fifth, to our understanding, the City has previously represented that completed disciplinary investigations would be subject to public-records requests.  While DOJ is not taking the position that the CPC's access is limited to public records, the fact that the instant request seeks records that would be producible in response to a public records request supports our view that the City should produce them.  *See, e.g.*, Dkt. 382 (stating with respect to letters sent to officers summarizing the results of disciplinary hearings:  "The parties agree that these are public records").

The United States recognizes that these are complex issues, and we are happy to discuss them further.  Indeed, in its memorandum, CDP stated that it is "open to find alternative solutions to provide the necessary information within the bounds of their legal, operational, and resource capabilities."  We would like to learn more about the alternative solutions that the City envisions and look forward to further discussion to resolve these issues.

In the interim, however, we believe that there is considerable information that the City should produce in response to the CPC's requests, including, but not limited to:  (1) any investigative files or use-of-force reports that do not implicate LEADS; and (2) any completed disciplinary investigations.  Under the Court's September 3, 2021 Order, the City must produce any information within seven days of receiving the notice of disagreement or petition the Court for relief.  *See* Dkt. No. 382.  Given the ongoing discussions with the CPC about providing information and the scope of the pending requests, please inform us whether this deadline is feasible.  We are willing to reach reasonable solutions with the City to ensure that the CPC can receive the information it needs without unduly burdening the City and CDP.

In its memorandum, CDP also represented that "[t]he City (Office of Information Technology) is in the process of providing the CPC access to CDP files via SharePoint, which can provide a decade's worth of Divisional Notices, current General Police Orders, and rules and regulations."  Please inform us by when this effort will be complete and the scope of information responsive to CPC's request that this access will provide.

Thank you.

Jonas

**From:** Carney, Brian <BCarney@clevelandohio.gov>
**Sent:** Thursday, February 1, 2024 7:24 AM
**To:** Goodrick, Jason (CPC) <JGoodrick@clevelandohio.gov>

Cc: Howard, Karrie <khoward2@clevelandohio.gov>; Dye, Jakimah <jdye2@clevelandohio.gov>; Drummond, Dornat <ddrummond@clevelandohio.gov>; Fay, Daniel <DFay@clevelandohio.gov>; Todd, Dorothy <DTodd@clevelandohio.gov>; Morris, Sammy <smorris@clevelandohio.gov>; Pillow, Ali <APillow@clevelandohio.gov>; Viland, Christopher <CViland@clevelandohio.gov>; Thomas, Delante <dthomas3@clevelandohio.gov>; Perez, Marcus <MPerez2@clevelandohio.gov>; karl.racine@hoganlovells.com; 'Wilhelm, Abby Jae' <abby.wilhelm@hoganlovells.com>; Anderson, Leigh Ph.D <LAnderson2@clevelandohio.gov>; Adams, John (CPC) <JAdams5@clevelandohio.gov>; Zayed, Sharena (CPC) <SZayed@clevelandohio.gov>; Mygatt, Timothy (CRT) <Timothy.Mygatt@usdoj.gov>; Fitzgerald, Patricia M. (USAOHN) <PFitzgerald@usa.doj.gov>; Griffin, Mark <MGriffin@clevelandohio.gov>; Puin, Timothy <tpuin@clevelandohio.gov>; Hough, Amy <AHough@clevelandohio.gov>; Macias, Hannah <HMacias@clevelandohio.gov>; Johnson, Carlos <CJohnson2@clevelandohio.gov>; Fischbach, TIffany <TFischbach@clevelandohio.gov>; Menzalora, William <WMenzalora@clevelandohio.gov>
**Subject:** [EXTERNAL] CDP Memo to CPC

Good morning Interim Executive Director Goodrick,

Please see the attached memo from Chief Drummond.

Thank you.

Commander Brian Carney #6127

Bureau of Compliance

Cleveland Division of Police

1300 Ontario St., Cleveland, Ohio 44133

Office: 216.623.5027

Mobile: 216.857.2622

bcarney@clevelandohio.gov

 

CONFIDENTIALITY NOTICE
The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material.  Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited.  If you received this in error, contact the sender and delete the material from any computer.