UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 1:15-cv-1046 |
| | ) | |
| Plaintiff, | ) | JUDGE: SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | [PROPOSED] |
| CITY OF CLEVELAND, | ) | ORDER |
| | ) | |
| Defendant | ) | |

The Court has had the opportunity to review and consider Plaintiff's Motion to Enforce the United States' and Monitoring Team's Access to Information; and to review and consider Defendant's Response.

Now, for good cause shown, and in the interests of providing access to Defendant's records that is necessary for performance of the Settlement Agreement but that does not violate Ohio law, it is hereby ORDERED:

1. Within fourteen (14) days, Defendant shall provide the United States and the Monitoring Team with access to its proprietary law enforcement systems and databases, including but not limited to, IAPro, BlueTeam, Law Enforcement Records Management System, Brazos, Field Base Reporting, and Evidence.com. The permission granted extends to reviewer access only and does not include any rights to alter data in any respect.

2. Any information or data obtained by the United States and the Monitoring Team through such access will not be used for any purpose other than performance of the Settlement Agreement and will not be published or disseminated in any way outside the context of this action, under penalty of contempt of Court.

3. No information or data that is exempt from the definition of a public record under Ohio R.C. § 149.43 will be placed on the public docket in this action or otherwise published by any party.

4. Defendant may redact copies of records if, in its discretion, (i) the information that is redacted is not necessary to performance of the Settlement Agreement; (ii) the

        information is protected by law from disclosure; and (iii) the nature of the redacted information is apparent from the context. If the nature of the redacted information is not apparent from the context, an explanation for the redaction shall be given.

5. The Court hereby finds as follows: (i) the access granted to the United States and the Monitoring Team under paragraph 1, above, is within the scope of the implied consent of the Ohio chair of the law enforcement automated data system steering committee and the superintendent of the bureau of criminal identification and investigation; (ii) such access does not subject any person who complies with this order to liability under Ohio R.C. § 2913.04; and (iii) such access is for legitimate law enforcement purposes, as that term is defined in the applicable Ohio statutes and Administrative Code.

6. The Clerk shall file a copy of this Order on the Court's docket and the parties shall provide copies to the Superintendent of the Ohio Bureau of Criminal Investigation and LEADS Steering Committee.

IT IS SO ORDERED:

March _____, 2024.

_____
JUDGE SOLOMON OLIVER, JR.