

# City of Cleveland
Justin M. Bibb, Mayor

Department of Law
Mark Griffin, Director
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114-1077
216/664-2800 – Fax: 216/664-2663
www.cleveland.oh.gov

February 15, 2024

Ms. Victoria Dowdy
Acting LEADS Administrator
1970 West Broad Street
P.O. Box 182075
Columbus, Ohio 43218-2075

      Re:    LEADS Access for Court Monitoring Team and Department of Justice, Civil Rights Division

Dear Administrator Dowdy,

      The City of Cleveland seeks clarification regarding whether access to protected information contained within Cleveland Division of Police ("CDP") documents and databases by the Monitoring Team appointed by the U.S. District Court for the Northern District of Ohio ("Monitoring Team") and the Department of Justice, Civil Rights Division ("DOJ") complies with Ohio state law. To the extent necessary, the City requests that the chair of the law enforcement automated data system ("LEADS") steering committee, or their designee, give consent for and the Monitoring Team and DOJ to have such access.

      On June 12, 2015, the United States District Court for the Northern District of Ohio ("Court"), approved a Settlement Agreement between the Parties addressing issues of constitutional policing by CDP. The Court also appointed a Monitor to assist the

**EXHIBIT D**

Court, the Parties, and the Cleveland community in assessing compliance with the court-ordered Settlement Agreement. The Monitor supervises a Monitoring Team that evaluates implementation and compliance with the Settlement Agreement, provides technical assistance, and issues public reports on the City's compliance with the Agreement. The Monitor reports to the Court and is an agent of the Court. Settlement Agreement, ¶ 351. The Settlement Agreement requires the City and CDP to give the Monitor and DOJ "full and direct access to all City and CDP documents and data related to the Agreement." Settlement Agreement, ¶ 390; see also ¶¶ 389, 391. The Settlement Agreement obligates the Monitor and DOJ to "maintain all confidential or non-public information provided by the City and CDP in a confidential manner." Settlement Agreement, ¶ 395.

To evaluate implementation and compliance, the Monitoring Team conducts a variety of assessments. To conduct these assessments, the Monitoring Team reviews CDP reports, documents, and data, such as body-worn camera footage; incident reports; use of force reports; taser deployment information; stop, search, and arrest reports; supervisor review of stop, search, arrest, and use of force reports; complaints; IAPro files; and CJI. DOJ also reviews these documents to independently verify the Monitoring Team's assessments and to evaluate the City's compliance with the Settlement Agreement.

Until recently, the City has given the Monitoring Team and DOJ access to CDP documents and CJI databases as required by the Settlement Agreement, including IAPro, Blue Team, Evidence.com, Brazos, and CDP's Records Management System. Neither the Monitoring Team nor DOJ sought to review criminal history, personal identifying information, or any other LEADS data, because those are not necessary to their review, but some of the documents and records may have incidentally contained such

information. Instead, the Monitoring Team and DOJ only seek to review data gathered by CDP that CDP enters and tracks through LEADS and CJIS. For example, since 2018, the Monitoring Team has conducted assessments of use of force incidents. *See United States v. City of Cleveland*, Case No. 15cv1046, ECF No. 333 (Oct. 31, 2020 N.D. Ohio) (describing the methodology and explaining that the City will be providing case files through Box). Previously, the City has provided complete Use of Force case files to the Monitoring Team and DOJ, which including access to IAPro, Blue Team, Law Enforcement Records Management System (LERMS), Brazos Software, Field Base Reporting (FBR) and Evidence.com. Similarly, since 2020, the Monitoring Team has conducted assessments of the Civilian Police Review Board. To do so, the Monitoring Team and DOJ had access to IAPro, LERMS and Evidence.com. *Id.* Likewise, since 2020, the Monitoring Team has conducted assessments of CDP's Force Review Board, which required the review of all materials sent to the Force Review Board and to attend its meetings. *Id.* Before these meetings, the City has provided the Monitoring Team and DOJ with relevant files from IAPro, LERMS, FBR, Blue Team, and Evidence.com. And the Monitoring Team has been working with CDP to conduct a search and seizure assessment, which in addition to those systems will require access to Brazos.

On December 29, 2023, the City paused DOJ and Monitoring Team access to Field Base Reporting (FBR), LERMS, LEADS, and evidence.com. The City informed DOJ and the Monitoring Team that the City was required to limit access to CDP documents and data pursuant to Ohio law, and in particular the Ohio Law Enforcement Automated Data System law, O.A.C. 4501-2-10-01 *et seq.* and R.C. 2913.04. The City has informed DOJ and the Monitoring Team that Ohio LEADS limits their access to CDP's databases, including Evidence.com, IAPro, Blue Team, Brazos, and LERMS

Accordingly, the Monitoring Team and DOJ no longer have access to body-worn camera footage; incident reports; use of force reports; taser deployment information; stop, search, and arrest reports; supervisor review of stop, search, arrest, and use of force reports; complaints; and IAPro files. The Monitoring Team and DOJ are unable to conduct their compliance assessments without access to these files and systems.

The City seeks an opinion from the Chair of the Leads Steering Committee, or their designee, in clarifying that the City and CDP would not be violating Ohio law if the City resumes giving the Monitoring Team and DOJ unredacted access to the above-described documents and records, which also include LEADS and CJIS information. These records are necessary for the Monitoring Team to assess compliance with the Settlement Agreement and to fulfil its duties as an agent of the court, and for DOJ to verify compliance with the Decree. Access to these documents is consistent with the Ohio definition of a "criminal justice agency" because the Monitoring Team is an arm of a court and DOJ arguably performs the administration of criminal justice. Accordingly, we believe that the Monitoring Team and DOJ can access CJIS information that would otherwise be protected under Ohio law. See Ohio Administrative Code § 4501:2-10-01(I). We therefore believe the City can provide these un-redacted documents to the Monitoring Team and DOJ pursuant to Ohio law. Please confirm that our interpretation of Ohio law is correct. We note that the definition of a "criminal justice agency" is identical to that found in the federal Criminal Justice Information Systems ("CJIS") regulations, see 28 C.F.R. § 20.3(g), and DOJ regularly has access to these documents and records in its investigations and cases across the country, including those that may incidentally contain CJIS information.

To the extent necessary, the City further seeks consent from the chair of the law enforcement automated data system steering committee for the Monitoring Team and DOJ to have CJIS access as provided in R.C. 2913.04. If you conclude that a court order or protective order beyond the protection already provided in the Settlement Agreement is necessary for the Monitoring Team and DOJ to have access, please let us know as soon as possible, including any criteria you believe must be included in the order.

Best Regards,

Law Director & Chief Legal Counsel

City of Cleveland

CC: Karl Racine, Stephanie Yonekura, Abby Wilhelm, Monitoring Team
      Patricia Fitzgerald, Tim Mygatt, Department of Justice