UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No: 1:15 CV 1046 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CLEVELAND, | ) | |
| | ) | |
| Defendant | ) | STATUS CONFERENCE ORDER |

On March 20, 2024, at 2:00 p.m., the court held a telephonic status conference on the record

in the within case with counsel for the parties and the Monitor, Karl Racine ("Monitor").  Members

of the Monitoring Team and other representatives from the City of Cleveland (the "City") were also

in attendance. At the conference, per the court's request, the parties provided an update regarding

the document request process between the Community Police Commission ("CPC") and the City

(*See* ECF No. 505). The City indicated that it is prepared to move forward with the process for

carrying out document requests outlined in the Joint Status Report Regarding the Community Police

Commission's Document and Information Request Process (ECF No. 514-1). With respect to the

outstanding requests pending with the City, the City briefly outlined their concerns with the amount

of time it would take to fulfill those document requests. The Department of Justice ("DOJ") raised

some concerns in response, and emphasized the importance of the CPC's role as well as its oversight

authorities enumerated in the City charter. The court will take the issue of the outstanding CPC

documents requests, which the parties have briefed, under advisement in short order. (*See* ECF No. 507, 510).

At the conference, the parties also discussed the billing disputes regarding the Monitoring Team's billing consultant, Meg Olson, which has held up multiple payments to the Monitoring Team thus far. To resolve the matter, the court determined that the City should pay the full amount of Ms. Olson's time for worked performed by her or to be performed by her in respect to all bills that have been submitted or are to be submitted regarding work performed by the Monitoring Team up to and including the date of the March 20, 2024 hearing.  To the extent that any party might have construed the court's ruling otherwise, the court clarifies this was the intent of its ruling.  For the reasons stated on the record, moving forward, the cost of Ms. Olson's work should be allocated two-thirds to the City and one-third to the Monitor.

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

March 26, 2024