UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 1:15 CV 1046 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CLEVELAND, | ) | |
| | ) | |
| Defendant | ) | STATUS CONFERENCE ORDER |

On May 22, 2024, at 2:00 p.m., the court held a telephonic status conference on the record in the within case, with counsel for the parties and the Monitor, Karl Racine ("Monitor"), to hear an update regarding the document request and redaction process laid out in the court's status conference order from April 23, 2024. (*See* April 23, 2024 Order, ECF No. 527). The court was disappointed to learn that Defendant, the City of Cleveland (the "City"), had failed to meet the deadlines imposed by the court's April 23 Order, with respect to the outstanding document requests from the Community Police Commission ("CPC") and the Office of Professional Standards ("OPS"), including the providing of a redaction log for these outstanding requests to the Department of Justice ("DOJ") and the Monitor. After extensive discussion with the parties, the court determined that the following would be the best path forward to ensure that the City produces these documents to these respective entities in a timely fashion.

First, the City must produce a redaction log akin to a privilege log outlining the types of information included in each OPS document request, the type of information the City seeks to redact in each document request, and the City's basis for making those redactions. This redaction log shall be filed on the ECF docket in the within case by June 5, 2024, and should include a representative sample of three (3) to five (5) OPS document requests, including but not limited to, body-worn camera footage and audio files. Second, the City must produce a redaction log akin to a privilege log for the outstanding CPC document requests from October 27, 2023, and January 18, 2024. This redaction log, which shall also be filed on the docket in the within case, shall outline the type of information included in each document responsive to the CPC's requests, the type of information the City seeks to redact in each of these responsive documents, and the City's basis for making those redactions. The City shall file this redaction log with respect to the CPC's outstanding requests from October 27, 2023, and January 18, 2024, by June 5, 2024. An updated redaction log with respect to all of the CPC's outstanding document requests to date shall be filed on the docket by June 19, 2024.

Finally, the City shall file periodic status reports on the docket in the within case to provide the court with an update on the City's progress with respect to the outstanding CPC and OPS document requests and the redactions the City seeks to make. These status reports, which shall be filed with the court every 14 days beginning on June 19, 2024, should explain the status of the CPC and OPS's outstanding document requests, the status of the City's redactions on these requests, and the City's intended timeline for producing these documents, or redacted versions of these documents where applicable. The Monitor will also confer with the Director of OPS, DOJ, and the City to determine the most appropriate way for the Monitor and the DOJ to get input from the Director regarding the impact of the redactions on OPS's ability to perform its oversight duties as required

under the consent decree. The court hereby schedules a telephonic status conference for July 2, 2024, at 2:00 p.m., for the parties to provide an update on all of the above.

    IT IS SO ORDERED.

                                      */s/ SOLOMON OLIVER, JR.*
                                      UNITED STATES DISTRICT JUDGE

May 24, 2024