**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:15CV1046 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CLEVELAND, | ) | |
| | ) | |
| Defendant. | ) | |

**CITY OF CLEVELAND'S MOTION TO ENFORCE
THE MONITOR'S COMPLIANCE WITH THE PLAIN TEXT
OF SETTLEMENT AGREEMENT PARAGRAPH 371,
WITH SUPPORTING MEMORANDUM**

Defendant City of Cleveland ("the City") respectfully requests that the Court order the Monitor to comply with ¶ 371 of the Settlement Agreement ("SA" or "Consent Decree") by providing the Parties with the proposed methodology for its March 7, 2025, "Review of Internal Reports of Misconduct" (the "Review").

Paragraph 371 of the Settlement Agreement is very clear and direct:

> *At least 90 days prior to the initiation of any outcome measure assessment, compliance review, or audit, the Monitor will submit a proposed methodology for the assessment, review, or audit to the Parties.[1]*

The Monitor has not complied with this obligation regarding the Review. The City needs this information to better comply with the SA. The City welcomes compliance reviews because

---

[1] Emphasis added.

they move the Consent Decree's progress forward, but the Monitor must conduct them in accordance with the requirements of the SA.

Specifically, the City requests an order enforcing the Monitor's obligations pursuant to ¶ 371 and to: (1) have the Monitor provide the Parties with a draft methodology for its "Review of Internal Reports of Misconduct" within 14 calendar days; (2) require the methodology for the "Review of Internal Reports of Misconduct" before its initiation, pursuant to ¶ 371; and (3) disallow the Monitor from billing the City for "Review of Internal Reports of Misconduct" work completed outside the procedures described in Consent Decree. A proposed Order is attached hereto.[2]

### I. BACKGROUND

**A. The City First Alerted the Monitor to the Issue Under Review and Informed the Monitor that the City Had Already Referred the Matter to the Inspector General. Now, the Monitor Wants to Bill the City for Duplicative Review without a Plan, A Methodology, or a Standard.**

The Monitor introduced the City to its "Review of Internal Reports of Misconduct" by sending the City a memorandum describing the review ("Review Memorandum") on March 7, 2025.[3] The Review Memorandum detailed the Monitor's purpose for the Review by stating,

> [i]n the aftermath of the CPC's release of information from the City's Human Resources Department ("HR") on the pending misconduct cases, it is imperative that the Monitoring Team more fully understand the policies and practices of the Cleveland Division of Police ("the Division" or "CDP") and the City in accepting, investigating, and adjudicating these cases.[4]

---

[2] *See* Ex. No. 1—Proposed Order.
[3] *See* Ex. No. 2—Review Memorandum.
[4] Id.

The Review Memorandum conceded that the Monitor's authority for performing the Review is provided by ¶ 360 of the SA, which allows the Monitor to conduct Compliance Reviews and Audits to determine whether the City is in compliance with the SA.[5]

The City was interested in the scope of the Monitoring Team's Review because the Monitoring Team, at the time of sending this letter, was already aware that the City's Police Accountability Team referred the review of this matter internally to the City's Public Safety Inspector General ("IG") on January 13, 2025.[6] The Monitor's Review Memorandum acknowledges ¶ 377 and its intent to deconflict with the IG, but it does not take the next step and provide a methodology to do so. The Monitor cannot know if the IG's review will satisfy the needs of the Monitor without first engaging in a methodology process with the City to solidify its scope.

### B. Despite the Requirement to Provide a Methodology, the Monitor Has Refused to Follow the Settlement Agreement.

The Monitoring Team then sent the City a data production request for its Review on March 13, 2025.[7] The City was confused by the request because it had not received a draft methodology from the Monitoring Team for the Review, per ¶ 371. Paragraph 371 of the SA reads,

> ***At least 90 days prior to the initiation of any outcome measure assessment, compliance review, or audit, the Monitor will submit a proposed methodology for the assessment, review, or audit to the Parties.*** The Parties will submit any comments or concerns regarding the proposed methodology to the Monitor no later than 45 days prior to the proposed date of the assessment, review, or audit. The Monitor will modify the methodology as necessary to address any concerns or will inform the Parties in writing of the reasons it is not modifying its proposed methodology. Any unresolved disputes involving the Monitor's methodology may be submitted to the Court for resolution.[8]

---

[5] Id.
[6] *See* Ex. No. 3—Referral to IG E-Mail.
[7] *See* Ex. No. 4—Review Data Production Request.
[8] Emphasis added.

Without a mutually-agreed-upon methodology, the City did not understand how the Monitoring Team would know what documents it needed to complete its Review.

The City and the Monitoring Team engaged in an e-mail exchange on the omission of the methodology and could not come to the agreement on its necessity.[9] The Monitoring Team closed the conversation on April 4, 2025, by continuing to disagree with the City and said to take the matter up with the Court.[10] **The Monitor is already** initiating the Review in violation of the SA as the City received invitations for interviews on the matter with key internal stakeholders from the Monitor on April 15, 2025.[11] *The City stands by its interpretation that the Monitoring Team cited ¶ 360 as the authority for its Review, meaning that the Monitoring Team too must consider this Review to be a Compliance Review and subject to the ¶ 371 methodology procedures*.

## II. ARGUMENT

The City requests an order enforcing SA's obligations pursuant to ¶ 371 because (1) the Monitor's "Review of Internal Reports of Misconduct" is a Compliance Review; and (2) the Monitor failed to comply with ¶ 371 by refusing to produce a methodology to the Parties for their review.

### A. The Monitor's "Review of Internal Reports of Misconduct" is a Compliance Review

The Court should grant the City's Motion to Enforce the Monitor's review methodology obligations because Consent Decree ¶ 371 requires the sharing of methodologies for all Compliance Reviews, Audits and Outcome Measurements the Monitor conducts.[12] The Review is a Compliance Review because: (1) the Monitor's described purpose of the Review matches what

---

[9] *See* Ex. No. 5—Monitor and City E-Mail Exchange.
[10] *See* id.
[11] *See* Ex. No. 6—Review Interview Confirmation Request.
[12] The Department of Justice cites transparent methodologies as a best practice on pages 98-99 of the *Monitoring Law Enforcement Consent Decrees: An Introduction & Starter Toolkit*.

4

the Consent Decree describes as a Compliance Review; (2) the Consent Decree does not give the Monitor the authority to perform informal or lesser levels of review; and (3) the Monitoring Team already admitted the Review is a Compliance Review in its communications to the City.

      i. *The Monitor's Described Purpose of the Review Matches What the Consent Decree Describes as a Compliance Review*

First, the Monitor's Review Memorandum language is analogous to the language the Consent Decree used to describe Compliance Reviews. Paragraph 360 describes compliance with the Decree as: (1) incorporating the Consent Decree's requirements into policy; (2) training all relevant personnel on Consent Decree requirements; and (3) carrying out the requirements in actual practice.[13] These items are exactly what the Monitoring Team is seeking to measure with this Review when the Review Memorandum describes items like: (1) identifying and reviewing the policies and guidance in the Division that govern reporting internal misconduct; (2) reviewing the process for cataloging and tracking these complaints in both Internal Affairs and City' investigatory office; (3) producing a report of its findings; and (4) including the results of the report in a future Semiannual and revisiting the compliance status of any paragraph impacted by the Review.[14] The Court should view these actions to be within what the Parties contemplated to be a Compliance Review in ¶ 360.

      ii. *The Consent Decree Does Not Give the Monitor the Authority to Perform Informal or Lesser Levels of Review*

Second, the Consent Decree does not grant the Monitor the authority to review the City's compliance with methods less than a Compliance Review or Audit. The SA only provides the

---

[13] *See* Settlement Agreement between the United States and the City of Cleveland, *Dkt #: 413-1*, ¶ 360.
[14] *See generally* Ex. No. 2.

Monitoring Team three mechanisms to analyze compliance: Compliance Audits (¶ 360), Compliance Reviews (¶ 360), and Outcome Measurement Assessments (¶ 367).

In the alternative, the Monitor has argued that ¶¶ 390 or 393 grant it the authority to perform or conduct reviews that are outside of Compliance Reviews and Audits. However, there is no language in ¶¶ 390 or 393 that describes a power *independent of* the three review methods the Consent Decree gives the Monitor. Instead, *¶¶ 390 and 393 are inclusive of the three review methods* and merely describe a process for the City to exchange data once the Monitor has decided which duty, i.e., the review method, it would like to utilize.

This understanding is demonstrated by examining the "to carry out the duties assigned to the Monitor by this Agreement" language in ¶ 390. This language makes it clear that ¶ 390 is not granting the Monitor a new power, instead, it is strictly reinforcing the requirements of ¶¶ 351 & 352 for the Monitor to only act within the powers the Consent Decree has given it.

### iii. *The Monitor Admitted the Review is a Compliance Review*

Finally, the Court should deem this Review a Compliance Review or Audit because the Monitor cited to ¶ 360, the Compliance Review and Compliance Audit paragraph, as its authority to conduct the Review. In its Review Memorandum, the Monitor stated,

> To determine the Monitor's role in reviewing the policies and procedures, *we rely on paragraph 360* that permits the Monitor to "conduct reviews or audits as necessary to determine whether the City and [the Division] have complied with this Agreement….and (c) are carrying out the requirements in actual practice."[15]

The Court should declare this Review a Compliance Review because this communication, by citing ¶ 360, is a clear admission by the Monitor that its review method of choice for this work will be either a Compliance Review or Audit.

---

[15] Ex. No.2 (Emphasis added).

### B. The Monitor Failed to Comply with ¶ 371 By Refusing to Share any Methodology for the Review with the Parties

Having established the Review as a Compliance Review, the Court should grant the City's Motion to Enforce the Monitor's Review Methodology Obligations because the Monitor has failed to comply with ¶ 371 by refusing to provide the Parties with a methodology. *See, e.g., Bauman v. City of Cleveland*, No. 1:04-cv-1757, 2015 WL 893285, *3 (N.D. Ohio March 3, 2015) ("the interpretation of the consent decree is a question of law for the court"; and a court has a "duty to enforce" a consent decree as required by circumstance); *Richardson v. Edwards*, 127 F.3d 97, 101 (D.C. Cir. 1997) (a consent decree must be construed "as it is written").

As established, the Monitor is conducting a Compliance Review and ¶ 371 requires a methodology for each Compliance Review, Compliance Audit or Outcome Measurement Assessment the Monitor wishes to conduct.

The Consent Decree details a clear intent for an open-book testing method of the City's compliance. Paragraph 375(c) also requires the Monitor to provide the Parties with the methodologies it uses for the Compliance Reviews in Semiannual Reports. The Parties agreed to a transparent review process for the City, and the Monitor failed to follow ¶ 371 and the Parties' intent by refusing to provide the Parties a methodology. The City humbly requests for the Court to grant its Motion so that it may realign the Monitor with the Consent Decree's stipulated methodology requirements.

### III. CONCLUSION

As demonstrated, the City respectfully requests an order enforcing the Monitor's Review Methodology obligations pursuant to ¶ 371 because (1) the Monitor's "Review of Internal Reports of Misconduct" is a Compliance Review; and (2) the Monitor failed to comply with ¶ 371 by refusing to produce a methodology to the Parties for their review. Specifically, the City humbly

requests an Order enforcing the Monitor's obligations pursuant to ¶ 371 and to: (1) have the Monitor provide the Parties with a draft methodology for its "Review of Internal Reports of Misconduct" within 14 calendar days; (2) require the methodology for the "Review of Internal Reports of Misconduct" before its initiation, pursuant to ¶ 371; (3) disallow the Monitor from billing the City for "Review of Internal Reports of Misconduct" work completed outside the procedures described in Consent Decree.

Respectfully submitted,

**FOR THE CITY OF CLEVELAND**

MARK D. GRIFFIN (OH: 0064141)
Director of Law
City of Cleveland

By: */s/Martin Bielat*_____
Delante Spencer Thomas (OH: 0096349)
Chief Assistant Director of Law – Ethics Officer
Martin Bielat (OH: 0098052)
Assistant Director of Law – Police Accountability Team
City of Cleveland
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114-1077
Tel: (216) 664-2800
Fax:(216) 664-2663
mgriffin@clevelandohio.gov
dthomas3@clevelandohio.gov
mbielat@clevelandohio.gov

**Certificate of Service**

I certify that on April 22, 2025, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

By: */s/Martin Bielat*_____
Martin Bielat (OH: 0098052)
Assistant Director of Law — PAT
City of Cleveland
