

Ex. No. 2

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
T +1 202 637 5600
F +1 202 637 5910
www.hoganlovells.com

To: City of Cleveland

From: Independent Monitoring Team

cc: Department of Justice

Re: Monitor Review of City of Cleveland Process for Reporting, Investigating, and Adjudicating Internal Reports of Misconduct

Date: March 7, 2025

In the aftermath of the CPC's release of information from the City's Human Resources Department ("HR") on the pending misconduct cases, it is imperative that the Monitoring Team more fully understand the policies and practices of the Cleveland Division of Police ("the Division" or "CDP") and the City in accepting, investigating, and adjudicating these cases. We appreciate that the City has also initiated an investigation by the Inspector General, but that alone will not meet the needs of the Monitor. This memorandum advises the City of Cleveland of the Monitor's intent to review the process of the Division and the City's response to internally generated complaints of misconduct.

**Authority**

Complaints of misconduct – including harassment, discrimination, and workplace violence are within the remit of the Monitor. Based on the language in paragraph 438, which defines misconduct, it seems clear that complaints from within the police department on other employees meet the definition of misconduct. The paragraph references "any improper conduct by an officer, including an alleged violation of [the Division's] policy, procedure, regulation[s], order[s}, or other standards of conduct required of city employees...." *See* CDP Policy 1.07.05 Internal Complaints of Misconduct (defining misconduct to include "violation of any policy, procedure, regulation, order, federal or state law, or other standards of conduct required of Division members..." and its requirement to report such misconduct to Internal Affairs or the Employee Assistance Unit ("EAU"). The policy also requires complaints be "fully, fairly, and efficiently investigated." As such, we make the assertion that the types of complaints in the custody of the City's HR Department for investigation, are misconduct as contemplated by the Consent Decree and the Division's policy as the allegations, if deemed true, are violations of at least City policy and federal and state laws.[1]

---

[1] *See* City of Cleveland Human Resources Policies and Procedures on a) Workplace Violence Policies; b) Anti-Discrimination/Anti-Harassment Policy; c) Sexual Harassment Policy; and Title VII of the Civil Rights Act of 1964.

To determine the Monitor's role in reviewing the policies and procedures, we rely on paragraph 360 that permits the Monitor to "conduct reviews or audits as necessary to determine whether the City and [the Division] have complied with this Agreement....and (c) are carrying out the requirements in actual practice." A review of the process by which the City manages complaints of internally generated misconduct is necessary. A reliable and trustworthy system of complaint investigation and adjudication is a fundamental requirement for compliance of many other paragraphs. *See* ¶¶ 44, 177, 179, 328 (demonstrating the necessity of the foundation of a competent and reliable system of complaint investigation and review). These referenced paragraphs generally require the Division to review the full range of complaints and discipline for misconduct and discriminatory practices prior to assignment, promotion, and as basic eligibility for some assignments. Without believing in the underlying voracity or integrity of the review process itself, our assessments could be at best, incomplete, or at worst, incorrect and therefore invalid.

**Basis for Review**

Having established the authority to review the system of reporting, investigating, and adjudicating misconduct complaints, the Monitor asserts an urgent need to do so. The release of unredacted information on these complaints is irresponsible. We have expressed this to the CPC and will continue to engage with them on exercising better judgment. We cannot, however, allow that behavior to obscure the underlying issue that the City has apparently failed to investigate these complaints in accordance with paragraph 177 and CDP policy 1.07.05. Paragraph 177 states that "Internal Affairs will conduct objective, comprehensive, and timely investigations of all internal allegations of officer misconduct....." Though current City Workplace Policies seem to require these complaints be delegated to the City's HR Department, the Consent Decree indicates that the responsibility rests with Internal Affairs. If that responsibility is delegated by rule, policy, or charter, Internal Affairs does not lose its responsibility for oversight, cataloging, and tracking these investigations, which at present does not appear to be happening. Irrespective of the investigating body, the failure to investigate complaints in a timely matter is not in compliance with the Consent Decree.

Consequently, the Monitor plans a complete review of policies and practices related to the processing of internal complaints of misconduct.

The Monitor plans to conduct this review in the following manner:
- Identify and review the policies and guidance in the Division that govern reporting internal misconduct.
- Identify and review the policies and procedures, including processes and workflow, as well as timelines and directives that govern the body (Internal Affairs, EAU, or HR), responsible for the intake, delegation protocols, and investigation of internal complaints.

- Review the timelines, and oversight practices of the investigatory agency.
- Secure the list of reports of misconduct cases from May 2015 to the date of this memo with the following information:
    - Date received
    - Source of complaint (Internal Affairs, EAU, complainant)
    - Date assigned
    - Name of assigned investigator
    - Name of complainant
    - Name of respondent
    - Allegation
    - Date investigation was closed
    - Finding/Disposition

- Interview identified HR/Personnel who can provide an understanding of the above
- Meet with Inspector General, Assistant Director of Public Safety, Superintendent of Internal Affairs, and the Chief of Police

This review will allow the Monitor to:

- Determine how Internal Affairs and the Office of the Chief are tracking and including the investigations and the results of the investigations into its decision making for assignment and promotion.
- Determine the scope of cases in the City investigatory agency that remain unreviewed, uninvestigated, or pending, plus the total number of cases, the number of impacted officers, and the average length of time the complaints have remained in that office.
- Review the process for cataloging and tracking these complaints in both Internal Affairs and City' investigatory office.
- For promotions, specialty assignments, and other appointments governed by the Consent Decree that require a review of misconduct and discipline, determine what the Division relied upon, considering there are cases in HR that have not been investigated.
- Determine the action taken by the City and the Division in the aftermath of the CPC release to support employees whose identify has been revealed as either a complainant or a respondent.
- Assess the impact, if any, on disciplinary and assignment decisions made in the absence of complete information based on the unresolved complaints from at least 2019.
- Determine to what extent, in accordance with paragraph 377, the Monitor can or should "coordinate and confer with the Police Inspector General to avoid duplication of effort and expense."

Once the review is completed, the Monitor will produce a report of its findings and recommendations to the Court. The Monitor will include discussion of its findings in the next semiannual report and revisit the compliance status of any paragraph implicated in this review.

We appreciate the City's cooperation with this process.

Sincerely,

Karl Racine