IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:15CV1046 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CLEVELAND, | ) | OPPOSITION TO THE CITY'S MOTION |
| | ) | TO ENFORCE THE MONITOR'S |
| Defendant. | ) | OBLIGATIONS |
| | ) | |

The United States respectfully submits this opposition to the City's Motion to Enforce the Monitor's Obligations, dated April 8, 2025. *See* ECF No. 596. Because the City's Motion fundamentally misunderstands the purpose of the Semiannual Reports, the United States respectfully requests that the Motion be denied.

**I.      Background.**

The Monitor conducts periodic compliance reviews, audits, and assessments to measure the City's compliance with the Settlement Agreement. Before each such review, audit, or assessment, the Monitor proposes a formal methodology, and the Parties have an opportunity to submit comments on the methodology. Settlement Agreement ¶ 371. The Monitor is currently conducting several assessments and has proposed methodologies for several others.

Semiannual Reports do not substitute for formal compliance reviews or assessments that rightfully require methodologies. Twice a year, the Monitor issues Semiannual reports listing every requirement in the Settlement Agreement and the City's progress toward compliance. These reports discuss what work the Monitor is doing, provide a compliance assessment for each Settlement Agreement requirement, detail formal compliance reviews and outcome assessments, and offer recommendations the City should consider. *See* Settlement Agreement ¶ 375. Despite four different monitors taking the pen over the life of the Agreement, Semiannual Reports have provided similar information and have never included methodologies for each substantive paragraph, primarily because they serve to update this Court and the public about the City's ongoing progress. *See, e.g.*, ECF No. 597-1, at 8-10 (explaining semiannual reports provide "summary representations" and a "synthesis" that "do not replace the more rigorous and comprehensive quantitative and qualitative assessments"); ECF 135 at 11-12; ECF 179 at 11-12; ECF 214 at 12; ECF 246 at 7-8; ECF 280 at 9; ECF 320 at 10; ECF 345 at 71-72; ECF 386 at 8; ECF 440 at 8-9; ECF 471-1 at 7-8; ECF 488-1 at 7; ECF 524-1 at 8-9; ECF 563-1 at 8-9.

II. **A Detailed Methodology is Not Required for Every Paragraph of the Settlement Agreement in Each Semiannual Report.**

The Agreement does not require separate methodologies or compliance reviews for every substantive paragraph in each semiannual report. As the Monitor's responsive motion explains, the four corners of the Settlement Agreement make clear that the Semiannual Report does not always need to include detailed methodologies to justify every paragraph's compliance rating. *See* ECF 601, Sec. I(B). Paragraph 375(b) of the Settlement Agreement requires only a list of each paragraph and the level of compliance. Paragraph 375(c) separately requires the Monitor to provide the methodology and specific findings for any compliance review conducted, "if

appropriate." If Paragraph 375(b) and (c) required the same thing—a methodology and specific findings—there would be no need to have both subparagraphs as separate requirements of the Semiannual Report.

The Monitor's report complies with how the Parties have interpreted the Agreement since its inception. A review of the fourteen filed Semiannual Reports shows that since the Third Semiannual Report, the Monitor has complied with Paragraph 375(b) by listing each paragraph of the Agreement and describing the City's compliance with that paragraph—just as the Monitor does in the current Semiannual Report. But the City's Proposed Order would prevent the Monitor from providing this semiannual compliance rating for any paragraph without a "methodology or underlying data supporting a compliance review." ECF No. 569-1. The City provides no basis justifying why the Monitor's semiannual reports must be significantly changed ten years after the Court entered into this Decree. Moreover, accepting the City's argument would burden the Monitor and City with additional and unnecessary requirements that would cost more time and money.

**III.    The City's Motion Bypasses the Semiannual Reports' Comment Process.**

Although the City claims its motion is about needing methodologies, it appears to be about disagreements over compliance ratings. On January 31, 2025, the City provided the Monitor a self-assessment, asserting that the 27 specific paragraphs listed in the pending motion should be upgraded in the 16th Semiannual Report. *See* ECF No. 569-2. In its motion, the City now asks for methodologies and data related to the paragraphs it believes should have received a higher compliance rating. *See* ECF 596, at 1. But the motion is silent on the lack of written methodologies for paragraphs not mentioned in its advocacy document. Nor does the motion mention needing written methodologies for paragraphs that the Monitor upgraded.

3

The Agreement provides an appropriate forum for disagreeing with compliance ratings: the City's comments on the draft Semiannual Report. ¶ 376. The Monitor is required to "consider the Parties' responses and make appropriate changes, if any, before issuing the report." *Id.* The City provided the Monitor its comments on the 16th Semiannual Report on April 9, 2025—one day after filing the pending Motion. *See* Appendix 2. Thus, the Monitor did not have the opportunity to receive the City's comments, consider the feedback, and decide whether to "make appropriate changes" before the City filed its motion.

## IV. Conclusion

The City has chosen to elevate its disagreement with the Monitor's ratings to the Court before the Parties had discussed the draft sixteenth Semiannual Report, creating yet another distraction from the important, and sometimes difficult, work of reforming the Cleveland Division of Police. The City's proposed solution to their disagreements is to burden the Monitor with new requirements to detail methodologies for every paragraph, which in many cases will not clarify the Monitor's assessments. Because the City's motion is contrary to the plain language of the Agreement, the United States opposes the Motion.

Respectfully submitted,

**FOR THE UNITED STATES**

| | |
|---|---|
| HARMEET DHILLON<br>Assistant Attorney General<br>Civil Rights Division | Carol M. Skutnik<br>Acting United States Attorney<br>Northern District of Ohio |
| ANDREW M. DARLINGTON<br>Senior Counsel<br>Civil Rights Division | Patricia M. Fitzgerald<br>Chief, Civil Division |
| | Sara E. DeCaro (OH: 0072485) |

4

REGAN RUSH
Chief
Special Litigation Section

Acrivi Coromelas
Deputy Chief
Special Litigation Section

*/s/ Melody Joy Fields*
Melody Joy Fields (CO: 55866)
Suraj Kumar
Trial Attorney
United States Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
Washington, DC 20530
Tel: (202) 353-1091; Fax: (202) 514-4883
Email: Acrivi.Coromelas2@usdoj.gov
Email: Melody.Fields@usdoj.gov
Email: Suraj.Kumar@usdoj.gov

Jackson J. Froliklong
Assistant U.S. Attorneys
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3779 (Fitzgerald)
(216) 622-3670 (DeCaro)
(216) 622-3818 (Froliklong)
(216) 522-2404 (FAX)
Patricia.Fitzgerald2@usdoj.gov
Sara.DeCaro@usdoj.gov
Joseph.Froliklong@usdoj.gov