IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:15CV1046 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CLEVELAND, | ) | <u>RESPONSE TO THE CITY'S MOTION</u> |
| | ) | <u>TO ENFORCE COMPLIANCE WITH</u> |
| Defendant. | ) | <u>PARAGRAPH 371</u> |
| | ) | |

The United States respectfully submits that the City's motion to enforce Paragraph 371 of the Settlement Agreement is moot because the Monitor has conceded that its planned assessment "is [n]ot a Compliance Review" within the meaning of Paragraph 360, thus Paragraph 371 does not require a methodology.  *See* ECF No. 609 at 6.  Pursuant to the Court's recent instruction to the Parties, the United States met and conferred with the City, but the Parties were unable to resolve the pending motion.

On March 7, 2025, the Monitor sent the Parties a letter explaining that it planned to conduct a review of the City's process for handling internal complaints and that it would "produce a report of its findings and recommendations to the Court."  ECF No. 600-2 at 3-4.  The Monitor explained how it "plans to conduct this review," including interviews with key personnel and an analysis of policies, practices, and data.  ECF No. 600-2 at 2-3.

The City's motion seeks an order directing the Monitor to provide the Parties with a draft methodology for the review, on the grounds that the review is a "Compliance Review" under Paragraphs 360 and 371 of the Settlement Agreement.  ECF No. 600 at 2, 4.  The Monitor

initially cited Paragraph 360 in its letter notifying the City of this review.  *See* ECF No. 600-2 at 2.  The Monitor changed position in its May 8 notice, stating that the review "is [n]ot a Compliance Review."  ECF No. 609 at 6.  Instead, the Monitor's May 8 notice cited Paragraph 372, which authorizes the Monitor to "make recommendations to the Parties regarding actions necessary to ensure timely Substantial and Effective compliance with this Agreement," and Paragraph 388, which authorizes the Monitor to "conduct . . . assessments without prior notice to the City and CDP."  ECF No. 609 at 3.

Given the Monitor's May 8 concession that its planned assessment is "[n]ot a Compliance Review," the City's motion is moot.  *See, e.g., Arrowood Indemnity Co. v. U.S. Fire Ins. Co.*, 2016 WL 6634747, at *7 (N.D. Ohio Feb. 22, 2016) (Oliver, J.); *Bandy v. Smith*, 2010 WL 300704, at *2 (N.D. Ohio Jan. 19, 2010) (Oliver, J.).

Respectfully submitted,

**FOR THE UNITED STATES**

| | |
|---|---|
| HARMEET DHILLON<br>Assistant Attorney General<br>Civil Rights Division | CAROL M. SKUTNIK<br>Acting United States Attorney<br>Northern District of Ohio |
| ANDREW DARLINGTON<br>Acting Chief<br>Special Litigation Section | PATRICIA M. FITZGERALD<br>Chief, Civil Division |
| LAURA COWALL<br>Deputy Chief<br>Special Litigation Section | Sara E. DeCaro (OH: 0072485)<br>Assistant U.S. Attorney<br>United States Court House<br>801 West Superior Avenue, Suite 400<br>Cleveland, OH 44113 |
| */s/ Suraj Kumar*<br>Suraj Kumar<br>Trial Attorney | (216) 622-3779 (Fitzgerald)<br>(216) 622-3670 (DeCaro)<br>(216) 522-2404 (FAX) |

United States Department of Justice  
Civil Rights Division  
Special Litigation Section  
950 Pennsylvania Avenue, NW  
Washington, DC 20530  
Tel: (202) 202-598-1211  
Email: Suraj.Kumar@usdoj.gov

Patricia.Fitzgerald2@usdoj.gov  
Sara.DeCaro@usdoj.gov

3