# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No: 1:15 CV 1046 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF CLEVELAND, | ) | **NOTICE OF APPEAL** |
| | ) | |
| Defendant/ Appellant | ) | |

Pursuant to Rule 4(a)(1)(B)(i) of the Federal Rules of Appellate Procedure, Defendant/ Appellant City of Cleveland respectfully appeals to the United States Court of Appeals for the Sixth Circuit from the Order regarding outstanding billing disputes entered on April 25, 2025 (ECF No. 606) (Exhibit A).

I. **Basis for Appellate Jurisdiction**

The Order is immediately reviewable because:

(1) the collateral order doctrine applies to make it a final, appealable order under 28 U.S.C. § 1291;

(2) the Order is intended to have prospective application and therefore qualifies as an injunctive order, permitting review under 28 U.S.C. § 1292(a)(1); and

(3) the Order may have the effect of modifying the consent decree, also permitting review under 28 U.S.C. § 1292(a)(1).

A. **Collateral Order Doctrine**

Under the collateral order doctrine, the Order is considered final for purposes of 28 U.S.C. § 1291 and thus immediately appealable.[1]  The collateral order doctrine applies to a small class of

---

[1] 28 U.S.C. § 1291, Final decisions of district courts, provides in pertinent part: "[t]he courts of appeals … shall have jurisdiction of appeals from all final decisions of the district courts of the United States."

decisions that do not terminate the litigation but are still considered final, because they are conclusive; resolve important questions separate from the merits; and are effectively unreviewable otherwise. *JP Morgan Chase Bank, N.A. v. Winget*, 920 F.3d 1103, 1108 (6th Cir. 2019).

The Sixth Circuit has acknowledged that "post-judgment monitoring cases" fit within the collateral order doctrine. *Id.* In rejecting application of the collateral order doctrine to an interim award of attorney's fees in post-judgment collection proceedings, the Sixth Circuit distinguished non-final judgments from "post-judgment monitoring cases" like the case at bar, which are considered to be within one of the "narrow exceptions" under the collateral order doctrine:

> [T]hese cases are unique. They typically stem from consent decrees between parties—agreeing that long open-ended monitoring is needed to cure constitutional violations. … This reveals the key commonality in the monitoring cases … [*i.e.*,] the inability to obtain post-judgment finality. *See Gates v. Rowland*, 39 F.3d 1439, 1450 (9th Cir. 1994) ("The compliance period has not been limited to a definite time frame.") Because monitoring cases can go on indefinitely, a party can immediately appeal an interim fee award; otherwise, in some circumstances, the parties could never appeal.

*Id.* (citations omitted). Thus, the Sixth Circuit would consider a fee award in a consent decree case to be a final, appealable order under the collateral order doctrine.

*See also Balla v. Idaho*, 677 F.3d 910, 915 (9th Cir. 2012) ("Periodic fee awards for monitoring compliance with a final judgment are appealable if the award disposes of the attorneys' fee issue for the work performed during the time period covered by the award. We therefore have jurisdiction under 28 U.S.C. § 1291"); *Gautreaux v. Chicago Housing Authority*, 491 F.3d 649, 654 (7th Cir. 2007) ("appellate jurisdiction is secure" for an apparently non-final fee order, "because it finally determines the fee question for the period at issue"); *Interfaith Community Organization v. Honeywell Intern., Inc.*, 426 F.3d 694, 702 (3rd Cir. 2005) (permitting interlocutory review of a fee award on the basis that "monitoring will likely continue well into the future"; *i.e.*, "[w]ere we to conclude that § 1291 bars jurisdiction over awards such as this, we

would delay meaningful appellate review for years if not decades. Such a holding would contravene the Supreme Court's admonition that 'the requirement of finality is to be given a "practical rather than a technical construction."'" *Gillespie v. United States Steel Corp.*, 379 U.S. 148, 152, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964) (citation omitted). We therefore conclude that, in a complex and ongoing action such as this, § 1291 should not act as a bar to our exercise of jurisdiction").

Thus, the Court's Order regarding outstanding billing disputes entered on April 25, 2025, is immediately appealable because it is considered to be "final" for purposes of 28 U.S.C. § 1291 under the collateral order doctrine.

### B.     Appeal as of Right Under 28 U.S.C. § 1292(a)(1)

In addition to reviewability under the collateral order doctrine, the Order is reviewable under 28 U.S.C. § 1292(a)(1), Interlocutory decisions, on two separate bases: first, that it grants an injunction, and second, that it modifies an injunction.[2]

#### 1.     The Order is the Practical Equivalent of an Injunction

First, the Order expressed the Court's intent that it have prospective application. (ECF No. 606, Exhibit A, at PageID # 14078) ("the court strongly urges the Parties and the Monitor to use the court's decisions on these objections to guide future billing disputes"). The prospective intent of the Order justifies appellate review under 28 U.S.C. § 1292(a)(1), which permits appeals as of right from interlocutory orders granting injunctive relief.

In *Webster v. Sowders*, 846 F.2d 1032, 1035 (6th Cir. 1988), the Sixth Circuit considered the "threshold issue" of whether the "obviously interlocutory…expert monitor fee orders are

---

[2]     28 U.S.C. § 1292(a), Interlocutory decisions, provides in pertinent part: "the courts of appeals shall have jurisdiction of appeals from: (1) Interlocutory orders of the district courts of the United States ... granting, continuing, modifying, refusing or dissolving injunctions...."

3

appealable." Although fee orders in the course of litigation are not generally appealable, the Court held that appellate review was justified by the "*prospective* burden" (italics in original) imposed by an order to pay large monthly fees without any definite cutoff date and without any assurances that the fees could be recovered after a later appeal. The Court held, "this combination of features, *i.e.*, the weight of the prospective burden and the likelihood of irreparable harm due to nonrecovery," qualified the case for review as either a collateral order or as the practical equivalent of an injunctive order under 28 U.S.C. § 1292(a)(1). *Id.*

See also *Cohen v. Board of Trustees of the University of Medicine and Dentistry of New Jersey*, 867 F.2d 1455, 1464, 1466 (3rd Cir. 1989) ("If an order is injunctive, even though interlocutory, it is immediately appealable … the Supreme Court has looked to find if the interlocutory order presents 'serious, perhaps irreparable consequences' justifying classification of the order as one falling within § 1292(a)(1)") (citations omitted); *McDevitt v. Wellin*, No. 2:13-cv-3595, 2016 WL 199626, *3 (D. S.C. Jan. 15, 2016) and cases cited therein ("courts have treated similar requests for interim fee awards as requests for preliminary injunctive relief, even when they were not labelled as such").

### 2. The Order Modifies an Injunction

Second, 28 U.S.C. § 1292(a)(1) also permits appeals as of right from interlocutory orders modifying injunctions. Because the consent decree itself may be considered to be an injunction, the Court's interpretation of Paragraph 356 of the Settlement Agreement could amount to modification of an injunction giving rise to a right of immediate appeal. In particular, Paragraph 356 does not provide for the monitor to be compensated for invoicing-related tasks and it requires the monitor to attempt to resolve payment disputes cooperatively; whereas the Order requires the monitor to be paid for time spent on billing issues including billing disputes even when there is no

4

finding that any billing objections were made in bad faith. A right of immediate appeal exists when the order has the effect of modifying a term of the consent decree.

*See Lorain NAACP v. Lorain Bd. of Educ.*, 979 F.2d 1141, 1147-48 (6th Cir. 1992) *cert. denied* 509 U.S. 905 (1993) ("The Lorain school desegregation consent decree is injunctive in nature, and appellate jurisdiction over the district court's modification of the decree therefore attaches under 28 U.S.C. § 1292(a)(1)") (citations omitted); *Waste Management of Ohio, Inc. v. City of Dayton*, 132 F.3d 1142, 1146 (6th Cir. 1997) (although interpretation of a consent decree is to follow the general rules prescribed in contract law, the district court may impose a term contrary to the text of the decree that has the effect of modifying the consent decree); *U.S. v. Knote*, 29 F.3d 1297, 1302 (8th Cir. 1994) ("even if the structure, language, and context of the decree did not combine to render the district court's interpretation of the text permissible, the district court 'has [the] inherent equitable power to modify a consent decree'") (citations omitted).

Thus, the Order may be appealed as of right under 28 U.S.C. § 1292(a)(1) for two reasons separate and apart from the collateral order doctrine, in that it concerns an injunctive order.

**II.     Conclusion**

For the foregoing reasons, the Order regarding outstanding billing disputes entered on April 25, 2025 (ECF No. 606) (Exhibit A) is subject to immediate review by the Sixth Circuit under the collateral order doctrine and as an order concerning an injunction. Consistent with this authority, Defendant/ Appellant City of Cleveland hereby provides this Notice of Appeal.

    Respectfully submitted,

    MARK D. GRIFFIN
    Director of Law

    *s/ Mark D. Griffin*
    _____
    Mark D. Griffin (0064141)

> Delante Spencer Thomas (0096349)
> 601 Lakeside Ave. E
> City Hall Room 106
> Cleveland, OH 44114
> (216) 664-2800
> mgriffin@clevelandohio.gov
> dthomas3@clevelandohio.gov
> Attorneys for Defendant/ Appellant

**CERTIFICATE OF SERVICE**

A copy of this filing was sent via operation of the Court's ECF system on the date of filing to all parties of record, with a courtesy copy emailed to the Monitor, karl.racine@hoganlovells.com.

> *s/ Mark D. Griffin*
> _____
> Director of Law, City of Cleveland