# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No: 1:15 CV 1046 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF CLEVELAND, | ) | **NOTICE REGARDING MOTION FOR** |
| | ) | **PARTIAL RECONSIDERATION** |
| Defendant | ) | |

Defendant City of Cleveland hereby complies with the Court's Order of June 30, 2025 "to notify the court by filing a notice on the docket by July 3, 2025, clarifying whether it is pursuing its appeal, or its Motion for Partial [Rec]onsideration of the April 25, 2025 Order" (ECF No. 627).

Cleveland intends to pursue its appeal but also asks that the Court review its Motion for Partial Reconsideration (ECF No. 623), for the reasons set forth herein.

Cleveland was required to file its notice of appeal within 60 days of the Court's April 25, 2025, Order, under Federal Rule of Appellate Procedure 4(a)(1)(B)(i). "Rule 4's strictures are jurisdictional." *Dice Corp. v. Bold Technologies*, 556 Fed.Appx. 378, 383 (6th Cir. 2014).

However, Cleveland also was entitled to file its motion for partial reconsideration of the Order at any time prior to final judgment adjudicating all of the claims and all the parties' rights and liabilities, under both common law and Federal Rule of Civil Procedure 54(b). *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 Fed.Appx. 949, 959 (6th Cir. 2004).

While an appeal ordinarily divests the district court of jurisdiction over the subject of the appeal, the district court has the authority to review the motion for partial reconsideration while

the appeal is pending, under Federal Rule of Civil Procedure 62.1, "Indicative Ruling on a Motion for Relief That Is Barred by a Pending Appeal."

> Rule 62.1 provides:
>
> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
>> (1) defer considering the motion;
>>
>> (2) deny the motion; or
>>
>> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.
>
> (b) Notice to the Court of Appeals. The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.
>
> (c) Remand. The district court may decide the motion if the court of appeals remands for that purpose.

In *Dice Corp.*, *supra*, 556 Fed.Appx. at 382, "[a]fter filing its motion for reconsideration but before the district court ruled on that motion, [a party] filed a notice of appeal."  The Sixth Circuit first considered the issue of jurisdiction, noting:

> Under Rule 62.1, a district court may make certain indicative rulings on motions that the court lacks authority to grant because of a pending appeal. A district court may defer considering the motion, deny the motion, or state that it would grant the motion or that the motion raises a substantial issue. See Fed.R.Civ.P. 62.1(a).
>
> Corresponding to Rule 62.1 is Federal Rule of Appellate Procedure 12.1. Rule 12.1(b) provides that "if the district court states that it would grant the motion or that the motion raises a substantial issue, the court of appeals may remand for further proceedings."

Thus, the district court may address the merits of the motion for reconsideration even while an appeal is pending, under Civil Rule 62.1.  An express motion for an indicative ruling is not required by the rule.  *See* Advisory Committee Notes to Rule 62.1 (Stating that the rule applies to "any motion that the district court cannot grant because of a pending appeal"…"Often it will be

2

wise for the district court to determine whether it in fact would grant the motion if the court of appeals remands for that purpose. But a motion may present complex issues that require extensive litigation and that may either be mooted or be presented in a different context by decision of the issues raised on appeal. In such circumstances the district court may prefer to state that the motion raises a substantial issue, and to state the reasons why it prefers to decide only if the court of appeals agrees that it would be useful to decide the motion before decision of the pending appeal").

The Court's consideration of Cleveland's motion for partial reconsideration indeed could obviate the need for an appeal, as the Court noted. Depending on the timing, a ruling also could aid the parties in a mediation proceeding scheduled in the Sixth Circuit for July 21, 2025 at 1:00 p.m. In particular, a ruling prior to briefing in the appellate court would "aid the appellate process" and not delay it or duplicate the appeals proceedings, which would be an appropriate use of the motion for partial reconsideration. *In re Firstenergy Corp. Securities Litigation*, No. 2:20-cv-03785, 2024 WL 4264677, *2 (S.D. Ohio June 12, 2024).

*See, e.g., Amaprop Limited v. Indiabulls Financial Services Limited*, No. 11 Civ. 2001, 2013 WL 12617415, *5 (S.D.N.Y. Mar. 29, 2013) ("Federal Rule of Civil Procedure 62.1 now explicitly authorizes district courts to issue an 'indicative ruling on a motion for relief that is barred by a pending appeal'"); *Harvey v. United States*, No. 1:11-cr-24, 2017 WL 89492, *2 (W.D. Ky. Jan. 9, 2017) ("pursuant to Rule 62.1, the Court may consider Harvey's motion to reconsider, which it construes as a Rule 60(b) motion, and take one of the actions designated in Rule 62.1"); *Swiger v. Kijakazi*, No. 7:19-cv-00090, 2022 WL 17345540, *1 (E.D. Ky. Nov. 30, 2022) ("Rule 62.1 allows district courts to issue an indicative ruling on a motion which it lacks jurisdiction to grant because the case is on appeal. … Accordingly, the Court must determine whether it would grant Ms. Swiger's motion for reconsideration under Rule 60 or the motion presents a substantial

3

issue"); *United States v. Washington*, No. C70-9213, 2021 WL 4592383, *1 (W.D. Wash. Oct. 5, 2021) ("Pursuant to Rule 62.1, courts may defer consideration of a motion it is without jurisdiction to consider because of a pending appeal, may deny the motion, or may issue an indicative ruling to the court of appeals. Fed. R. Civ. P. 62.1(a). Here, and even if the Court had jurisdiction to consider the motion for reconsideration, the Court would deny the motion"); *Johnson v. Bottom*, No. 3:15-cv-309, 2019 WL 2061967, *1 (W.D. Ky. May 9, 2019) ("when a party timely files a motion to reconsider, the district court retains jurisdiction to decide that motion notwithstanding the filing of the notice of appeal") (citation omitted); *Franz v. Oxford Community School District*, No. 21-cv-12871, 2024 WL 4326812, *2 (E.D. Mich. Sept. 27, 2024) (in which the district court "addresses the merits of the motion, as an indicative ruling for whatever purpose that may serve in connection with the ongoing appellate process").

Therefore, for its Notice required by the Court's Order of June 30, 2025 (ECF No. 627), Cleveland states that it would respectfully ask the Court to address the merits of its motion for partial reconsideration, even though it has appealed from the April 25, 2025, Order. As noted, such review is permissible under Civil Rule 62.1.[1]

---

[1] If the Court were to address the merits and deny the motion for partial reconsideration, Cleveland may take an appeal from any such Order and seek to consolidate the proceeding with its appeal initiated in this Court on June 20, 2025.
   The Court ordered that, "[s]hould the City choose to move forward with its Motion for Reconsideration, the United States and Monitor will have ten days from the City's docketed notice to respond." (ECF No. 627, Page ID No. 14260.) Respectfully, Cleveland objects to the Monitor filing any response in this matter because the main issue is the meaning of paragraph 356 of the Settlement Agreement and the Monitor was not a party to the Settlement Agreement, nor is the Monitor a party to this litigation. Cleveland doubtless would be charged thousands of dollars for the Monitor's response, compounding the very problem that gave rise to the Motion for Partial Reconsideration.

Respectfully submitted,

MARK D. GRIFFIN
Director of Law

*s/ Timothy J. Puin*

_____
Mark D. Griffin (0064141)
Delante Spencer Thomas (0096349)
Timothy J. Puin (0065120)
601 Lakeside Ave. E
City Hall Room 106
Cleveland, OH 44114
(216) 664-2800
mgriffin@clevelandohio.gov
dthomas3@clevelandohio.gov
tpuin@clevelandohio.gov
Attorneys for Defendant

## CERTIFICATE OF SERVICE

A copy of this filing was sent via operation of the Court's ECF system on the date of filing to all parties of record, with a courtesy copy emailed to the Monitor, karl.racine@hoganlovells.com.

*s/ Timothy J. Puin*

_____
One of the Attorneys for City of Cleveland