**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No: 1:15 CV 1046 |
| | ) | |
| *Plaintiff*, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| vs. | ) | **CITY OF CLEVELAND'S** |
| | ) | **NOTICE OF OBJECTIONS TO** |
| CITY OF CLEVELAND, | ) | **MONITOR'S MAY 2025 INVOICE** |
| | ) | |
| *Defendant*. | ) | |

**CITY OF CLEVELAND'S NOTICE OF
OBJECTIONS TO THE MONITOR'S MAY 2025 INVOICE**

**I. INTRODUCTION**

The City of Cleveland ("City") hereby submits this Notice of Objections in response to the Monitor's 2025 Invoice. Pursuant to the Court's February 26, 2025 Order (ECF No. 589), the Monitor submitted its May 2025 Invoice to the City and the Department of Justice ("DOJ") on June, 30, 2025; the City submitted a timely objection to the invoice on July, 21, 2025 (within 21 days); met and conferred with the Monitor and the DOJ on August, 1, 2025 (within 14 days); and received the Monitor's denial of the City's objections on August, 5, 2024.  The City objects to the following entries in the May 2025 Invoice:

| Date | Timekeeper | Hours | Amount | Description |
|---|---|---|---|---|
| 05/06/25 | Abby Jae Wilhelm | 0.20 | $150.00 | Emails regarding invoice disbursements |
| 05/30/25 | Abby Jae Wilhelm | 0.70 | $525.00 | Finalize and distribute Cleveland invoice |
| 05/15/25 | Abby Jae Wilhelm | 0.10 | $75.00 | Correspondence with Clerk regarding disbursement approvals |
| 05/15/25 | Abby Jae Wilhelm | 1.60 | $1,200.00 | Review partial payments made by the City to determine total outstanding payments, including payments owed in light of Order |
| 05/02/25 | Katie O'Brien | 1.40 | $280.00 | Finalize March 2025 Invoice for distribution to parties |

1

| 05/19/25 | Abby Jae Wilhelm | 1.90 | $1,425.00 | Review bills, meet and confer notes, December invoice changes |
| --- | --- | --- | --- | --- |
| 05/21/25 | Abby Jae Wilhelm | 1.90 | $1,425.00 | Review past bills, meet and confer notes, etc. In preparation for response to the City |
| 05/22/25 | Abby Jae Wilhelm | 1.30 | $975.00 | Review meet and confer notes, partial payments, and other billing matters to determine amount owed |
| 05/29/25 | Abby Jae Wilhelm | 0.60 | $450.00 | Conduct final review of Cleveland invoice |
| 05/29/25 | Abby Jae Wilhelm | 0.30 | $225.00 | Review wire transfer and assign based on partial payment |
| 05/30/25 | Abby Jae Wilhelm | 1.30 | $975.00 | Write the Parties regarding payment updates |

The City objects to the Monitor's May 2025 Invoice because: (1) the City agrees with the DOJ's August 8, 2025, objections on the same matter; (2) the act of "billing for billing" severely restricts the City's legitimate ability to object to the Monitor's bills; (3) the Monitor shifting administrative work to higher billing team members unduly punishes the City; and (4) "billing for billing," as a practice, is in contravention of the long-standing American Rule in common law.

## II. THE CITY'S OBJECTIONS

### A. The City of Cleveland Agrees with the DOJ's August 8, 2025, Objections on the Same Matter

The City of Cleveland concurs with the DOJ's objections to the Monitor's May 2025 invoice, as detailed in the DOJ's August 8, 2025, filing (ECF No. 651). Specifically, the DOJ identifies two charges that fall into the category of non-recoverable "billing for billing" under the Court's April 25, 2025, Order (ECF No. 606): (1) $450 on May 29 for conducting a final review of the invoice; and (2) $525 on May 30 for finalizing and distributing the invoice. The City has also identified these time entries as objectionable. The DOJ correctly notes that the Court's Order permits the Monitor to bill for time spent "trying to recover fees the court deems recoverable[,]" but expressly distinguishes this from time spent "recording tasks in a time sheet" or "preparing bills." ECF No. 606 at 13-14. These charges, like the others the City has identified, involve ministerial acts of calculating, reviewing, and distributing bills, which are not compensable under

2

the Order. The City adopts these arguments in full and urges the Court to sustain the objections on these grounds.

### B. The Act of "Billing for Billing" Severely Restricts the City's Legitimate Ability to Object to the Monitor's Bills

Allowing "billing for billing" charges renders the Monitor's invoices effectively unreviewable and creates an impermissible chilling effect on the City's ability to challenge erroneous, excessive, or abusive billing practices. As outlined in the City's former Motion for Partial Reconsideration (ECF No. 623), every time the City identifies a mistake or objectionable charge—such as obvious errors, double-billing, or offensive entries—the Monitor charges the City at rates up to $750 per hour to review or correct them. This punitive structure discourages legitimate objections and undermines the reasonableness standard in Paragraph 356 of the Settlement Agreement, which requires the City to bear only "reasonable fees and costs" of the Monitor.

The Monitor's billing history frequently includes offensive and inappropriate items with no clear connection to the Settlement Agreement, such as drafting a condolence letter for a fallen officer (0.5 hours at $115 on 1/10/2024); attending awards ceremonies and memorial services for police officers (e.g., 1.5 hours at $345 on 9/15/2024); excessive travel costs like $1,004.90 for round-trip airfare from Denver to Cleveland on 4/21/2024; a $2 "maid tip" on 4/22/2024. The City must continue to object to these items and seek a resolution without inducing unreasonable costs.

Again, the Monitor conceded items after the City objected to the Monitor's 2025 Invoice. Specifically, from the May 2025 invoice, the City successfully obtained $618 in credits from Hogan Lovells: $480 resulted from a duplicate entry; $92 was deemed "not billable"; and $46 was credited because the charge was deemed inaccurate. These concessions underscore the frequency

3

of billing errors in the Monitor's submissions and further illustrate why the City's review and objection process is necessary to protect public funds. Without the City's timely objections, these erroneous charges—totaling hundreds of dollars in just one month—would have been wrongfully paid, reinforcing the concern that "billing for billing" penalizes the City for exercising its right to ensure accuracy and reasonableness. Requiring the City to pay for the expenses the Monitor incurs to correct and review its own potential errors, like those that are still occurring into the May 2025 Invoice, misappropriates public funds and conflicts with the intent of the Settlement Agreement—which emphasizes cooperative resolution of disputes without court intervention in Paragraph 356. By allowing such charges, the Court's Order inadvertently punishes the City for exercising its right to ensure accountability, making future objections prohibitively expensive and contrary to the public trust.

    C. The Monitor Shifting Administrative Work
       To Higher Billing Team Members Unduly Punishes the City

Switching administrative tasks like reviewing invoices, outstanding balances, and preparing invoices from administrative support individuals to professional monitoring team members is unreasonable and unjustly punishes the City without a stated purpose. The agreed-upon professional billing coordinator, a support staff member who bills at a rate of $75 per hour, has taken a back seat to the Monitor since the March 20, 2024, status conference, when the Court decided to allocate one-third of the cost of the billing coordinator's time to the Monitor (ECF No. 517). This is because the billing coordinator charges $75 per hour, with one-third allocated to the Monitor, whereas the Monitor can bill at $750 per hour.

This issue has affected the Monitor's invoices since the March 2024 Order and appears again in the May 2025 Invoice. The billing coordinator did not bill anything in May 2025; however,

4

Hogan Lovells charged $7,705 in billing for billing this month. The Monitor's May 2025 billing descriptions do not indicate that high-level work is required, and line items like the one on May 29, "Conduct final review of Cleveland invoice," reinforce that these billing tasks can be completed by any administrative support team member, not the $750-an-hour team members.

### D. "Billing for Billing," As a Practice, Is in Contravention To the Long-standing American Rule in Common law

The work the Monitor is billing for in the May 2025 Invoice fall outside what the Court has deemed allowable under its April 25, 2025, Order and is in contravention to the longstanding American Rule which states, "each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252–253 (2010).

In the April 25, 2025, Order, the Court described the fees the Monitor should recover to include "time spent responding to the City's objections and arguing before the court why such objections should be overruled and the fees paid." Further, the Court reasoned, "[i]ndeed, such work is more analogous to an attorney who is awarded attorneys' fees and then must spend time filing motions and arguing before the court to recover those already awarded fees." "To not compensate an attorney for time spent recovering fees that were already ordered recoverable would unfairly burden the prevailing party."

The Settlement Agreement contains no such provision allowing the Monitor to recover fees for preparing or defending bills; it requires only "reasonable fees and costs" related to monitoring compliance (Paragraph 356). The Court's April 25, 2025 Order (ECF No. 606), by requiring the City to compensate the Monitor for 75% of disputed "billing for billing" amounts, effectively shifts fees to the "losing" side in billing disputes without authorization, violating the American Rule's

prohibition on such shifting absent clear agreement or statute. Courts have consistently held that time spent on fee disputes or invoice preparation is not compensable without an explicit provision. *See*, *e.g..*, *In re TransPerfect Glo., Inc.*, No. CV 10449-CB, 2-21 W; 1711797 (Del. Ch. Apr. 30, 2021), aff'd sub nom. *TransPerfect Glo., Inc. v. Pincus*, 278 A.3d 630 (Del. 2022); *Fuller v. Fiber Glass Systems*, LP No. 4:07-CV-01120, 2009 WL 3067031, fn. 31 (E.D. Ark., Sept. 23, 2009) ("billing for billing – especially at $250 per hour – is inappropriate"); *D'Lil v. Best Western Encina Lodge & Suites*, No. CV 02-9506 DSF (VBKx), 2010 WL 11655476 (C.D. Calif., April 13, 2010).

Ethical guidelines reinforce this: billing for administrative tasks like invoice preparation is improper and unethical in many jurisdictions. *See Att'y Grievance Comm'n of Maryland v. Landeo*, 446 Md. 294, 132 A.3d 196 (2016); *Bd. Of Prof. Resp., Wyoming State Bar v. Casper*, 2014 WY 22, 318 P. 3d 790 (Wyo. 2014); *ABA Formal Op. 93-379* (prohibiting billing for time spent on billing disputes). The Monitoring Guide, co-authored by a former Cleveland Monitor, advises specificity in billing without endorsing charges for billing itself (at 76-77). Allowing such practices here would set a dangerous precedent, eroding accountability in consent decree monitoring and conflicting with DOJ priorities for transparent, cost-effective oversight. *See* Garland & Gupta Memo (Sept. 13, 2021).

Here, the Monitor is billing outside of what this Court and others allow for in its May 2025 Invoice. As examples, the City has identified at least 11 entries where the Monitoring team has misapplied the Court's April 25, 2025, guidance under billing for billing. These time entries are not examples of the Monitor being compensated for arguing its bills before the Court. Instead, they are time entries of the Monitor describing pay balances and preparing invoices at unreasonable rates. These entries certainly do not constitute what Paragraph 356 describes as "reasonable," and allowing these costs would also run in contravention of the American Rule.

          Respectfully submitted,

          MARK D. GRIFFIN
          Director of Law

          *s/ Mark D. Griffin*
          _____

          Mark D. Griffin (0064141)
          Delante Spencer Thomas (0096349)
          601 Lakeside Ave. E
          City Hall Room 106
          Cleveland, OH 44114
          (216) 664-2800
          mgriffin@clevelandohio.gov
          dthomas3@clevelandohio.gov
          Attorneys for Defendant

## CERTIFICATE OF SERVICE

A copy of this filing was sent via operation of the Court's ECF system on the date of filing to all parties of record.

          *s/ Mark D. Griffin*
          _____

          Director of Law, City of Cleveland