**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:15-cv-01046 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CLEVELAND, | ) | **MOTION FOR LEAVE TO FILE** |
| | ) | **AMICUS MEMORANDUM OF LAW** |
| Defendant. | ) | |

I.      **INTRODUCTION**

The Cleveland Community Police Commission ("Commission") moves this Honorable Court for leave to file an *amicus* memorandum of law in response to the joint motion filed by the United States Department of Justice ("DOJ") and the City of Cleveland ("City") (collectively, "the Parties") seeking termination of the consent decree (Consent Decree, Dkt. No. 7) entered in this matter on May 26, 2015, and amended on March 18, 2022 (Order Approving and Adopting Modifications to Settlement Agreement, Dkt. No. 413-1; Dkt. No. 416). (Dkt. No. 7 and 413-1, collectively "Consent Decree"). (*See* Joint Motion to Terminate Settlement Agreement, Dkt. No. 688-2, "Joint Motion").

The Commission's proposed *amicus curiae* memorandum of law is attached as **Exhibit 1**.

Alternatively, should the Court deem it appropriate, the Commission is prepared to intervene in the matter to protect its substantial interests in the Consent Decree.

II.     **THIS COURT SHOULD ALLOW THE COMMISSION TO FILE AN *AMICUS* MEMORANDUM OF LAW IN RESPONSE TO THE JOINT MOTION.**

A.  **Factors for consideration**

"In determining whether to grant leave to file amicus briefing, courts have considered a variety of factors, including whether the parties are adequately represented, whether the proposed amici have a cognizable direct interest in the outcome of the case, and whether the proposed amici would address matters or advance arguments different from those raised by the parties." *Bounty Minerals, LLC, v. Chesapeake Exploration, LLC*, Case No. 5:17cv1695, 2019 WL 7048981, at *10 (N.D. Ohio Dec. 23, 2019); *League of Women Voters of Ohio v. LaRose*, 741 F. Supp. 3d 694, 725 (N.D. Ohio 2024). "District courts focus on both the usefulness of the brief and the timeliness of the brief." *League of Women Voters of Ohio*, 741 F. Supp. 3d at 725 (quoting *Kollaritsch v. Mich. State Univ. Bd. of Trustees*, No. 15-cv-1191, 2017 WL 11454764, at * 1 (W.D. Mich. Oct. 30, 2017)).

B.  **Analysis**

1.  *The Commission's motion is timely.*

The Parties filed the Joint Motion on February 19, 2026. (Dkt. No. 688-2). On February 20, 2026, the Court held a status conference during which the Joint Motion was discussed. (*See* Dkt. No. 690). The Court advised that it needs time to consider the motion and would "develop a process" for the Monitor to respond. (*Id*.). The Court also noted that it would possibly receive testimony on whether to terminate the Consent Decree. (*Id*.). The Court ordered that the Monitor confer with the parties and provide the Court by March 16, 2026, proposed topics for discussion during the 18th Semiannual Status Conference scheduled for March 18, 2026. (*Id*.). On March 16, 2026, the Court ordered that counsel for the parties and the Monitor be prepared to discuss the following topics: 1. Monitor Overview of 18th Semiannual Report; 2. Use of Force; 3. Search and

Seizure; 4. Community Engagement; 5. Civilian Oversight; and 6. Accountability. (*See* Dkt. No. 696). Also on March 16, 2026, the Monitor submitted the Eighteenth Semiannual Report pursuant to paragraph 375 of the Consent Decree. (Dkt. No. 697).[1]

No party will be prejudiced by allowing the Commission to submit its *amicus* memorandum of law. The Court has not yet ruled on the Joint Motion; the Monitor has not yet responded to the Joint Motion as it does not appear that the Court has yet developed a process for the Monitor's response; and no evidentiary hearing has been held. The Commission seeks to participate in the briefing and, if the Court determines it appropriate, in any proceedings related to the termination question.

> 2.  *The Commission's proposed memorandum of law is helpful for the disposition of the Joint Motion.*

"Ordinarily, the purpose of an amicus brief is to assist the court by offering a novel perspective on unresolved questions or issues not fully addressed by the parties." *Sims Buick-GMC Truck, Inc. v. Gen. Motors LLC*, No. 4:14 CV 2238, 2017 WL 7792553, at *5 (N.D. Ohio Mar. 1, 2017), aff'd, 876 F.3d 182 (6th Cir. 2017) (citation omitted).

The Commission's memorandum of law will contribute to, rather than delay, the efficient resolution of the termination question. The Parties entered into the Consent Decree to repair community trust and protect the constitutional rights of the people of Cleveland by identifying

---

[1] In the 18th Semiannual Report, the Monitor acknowledges that the Commission's role is pivotal in future success of oversight of the Cleveland Division of Police. (*See* Dkt. No. 697, at 7). The Monitor also acknowledges that additional time is required to build on the foundation created by the Consent Decree and Charter. (*Id.* ("The foundations are established; maturation, achieved over time, and through resources and support, is necessary for these systems to achieve the necessary level of confidence from all.")). Overall, the Monitor's report shows the efforts of the Cleveland Division of Police, the Commission, the Office of Professional Standards, the Community Police Review Board, and the Police Accountability Team are working well within the structure of the Consent Decree but may struggle to function independently without continued assistance from the Court and the Monitor.

problems within the Cleveland Division of Police ("CDP") and by creating and implementing policies and practices to correct these problems. The Commission was formed as part of the terms of that Consent Decree. In November 2021, the Commission was codified into Cleveland ordinances. CLEVELAND, OHIO, CODE § 115-5. The Commission carries out its mission to ensure police accountability and transparency by bringing community voices into the process of police reform. Ongoing community input is crucial to ensure policing in Cleveland is constitutional, effective, and consistent with community values. The Commission works with the community to ensure that a variety of community perspectives about policing are heard and reflected in the Commission's reports and policy recommendations.

The Commission is charged with ensuring that CDP policies and practices comport with constitutional standards, and with providing community accountability where individual officers fail to meet those standards. The Commission has a unique perspective about the state of police reform in Cleveland—a perspective derived from its duties and authority under the Charter, its community engagement, and its ongoing oversight functions—that neither the DOJ nor the City can provide. *See Nat'l Air Traffic Controllers Ass'n, MEBA, AFL-CIO v. Mineta*, No. 99CV1152, 2005 WL 8169395, at *1–2 (N.D. Ohio June 24, 2005) ("An amicus brief should normally be allowed when . . . the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.") (quoting *Ryan v. CFTC*, 125 F.3d 1062, 1063, 1064 (7th Cir. 1997)). In particular, the Commission has final civilian authority over the City's police force, including: the power to overrule the Chief of Police to increase or impose discipline on officers; the power to hold evidentiary hearings regarding police discipline; final authority over all police policies, procedures, and training programs; the power to subpoena

4

witnesses and evidence; and the power to perform independent audits of closed internal investigations to ensure they were handled fairly. CLEVELAND, OHIO, CODE § 115-5(h).

This Court has broad discretion in allowing an *amicus* brief. *League of Women Voters of Ohio*, 741 F. Supp. 3d. at 725. In *United States v. City of New Orleans*, the court allowed several interested non-parties to submit amicus briefs and participated in the fairness hearing regarding a consent decree governing police reform in New Orleans. No. CV 12–1924, 2012 WL 12990388, at \*11 (E.D. La. Aug. 31, 2012) (allowing amicus briefs from Fraternal Order of Police, Inc. ("FOP"), Community United for Change ("CUC"), the Police Association of New Orleans ("PANO"), and the Office of the Independent Police Monitor ("OIPM") as part of its consideration of the fairness, adequacy, and reasonableness of the proposed Consent Decree). Later, when the City of New Orleans moved to vacate the consent decree, the court allowed and considered amicus briefs from the FOP and the CUC addressing their positions on the decree's termination. *See United States v. City of New Orleans*, 947 F. Supp. 2d 601, 605 n. 1 and n.3 (E.D. La.), *aff'd*, 731 F.3d 434 (5th Cir. 2013).

Here, two adversarial parties in this proceeding, the City and the DOJ, with the change in administration, now act in concert to terminate the Consent Decree. In doing so, their joint action has deprived the Court of the opposite perspective, *i.e.*, one that would normally provide a counterpoint to the other's motion. Allowing the Commission to participate in the adversarial process would allow the Court to hear both sides of an issue and then make a fully informed decision on the matter before it. *New Orleans*, 2012 WL 12990388, at \*12 ("the knowledge and experience of the . . . OIPM, CUC, FOP, and PANO . . . will be of assistance to the Court in making its determination of the fairness, adequacy, and reasonableness of the proposed Consent decree.").

Because of its unique position and structure, the Commission presents a different viewpoint than that of the DOJ or the City. Accordingly, the Commission's memorandum of law will assist the Court in ruling on the Joint Motion to terminate the Consent Decree.

### C. The Commission requests leave to participate in oral argument and further proceedings regarding the Consent Decree

The Commission requests that it be allowed to participate in all further proceedings related to the Joint Motion to terminate, including briefing, oral argument, and any evidentiary hearings.

### III. CONCLUSION

Based on the foregoing, the Court should grant this motion for leave to file a memorandum of law as *amicus curiae* and accept for filing the memorandum of law of *amicus curiae* submitted with this motion.

Alternatively, should the Court deem it appropriate, the Commission is prepared to seek leave to intervene in this action as a matter of right (Fed. R. Civ. P. 24(a)(2)) or with the Court's permission (Fed. R. Civ. P. 24(b)).

Respectfully submitted,

*/s/ Christos N. Georgalis*
Christos N. Georgalis (OH 0079433)
Christopher J. Joyce (OH 0086576)
Caryn L. Peterson (OH 0082940)
Ellen M. Denum (*pro hac vice pending*)
**Flannery | Georgalis, LLC**
1621 Euclid Avenue, Floor 20
Cleveland, Ohio 44115
T: (216) 466-0169
F: (614) 526-0601
chris@flannerygeorgalis.com
cjoyce@flannerygeorgalis.com
cpeterson@flannerygeorgalis.com
edenum@flannerygeorgalis.com

*Attorneys for Amicus Curiae*
*Cleveland Community Police Commission*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 17, 2026, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

All other parties will be served by regular U.S. Mail.

*/s/ Christos N. Georgalis*
Christos N. Georgalis (OH 0079433)

*Attorney for Amicus Curiae*
   *Cleveland Community Police Commission*
